IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

    PLAINTIFF,

V.                                                                                  CIVIL ACTION NO. 2:07CV875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,

    DEFENDANTS.                                          TRIAL BY JURY REQUESTED

## COMPLAINT

COME NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

**I.    JURISDICTION AND VENUE**

1.    This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331. An Opt-in Collective Action is sought under FLSA 16(b) and pendent state court claims.

**II.    PARTIES**

2.    Plaintiff Donna Ohsann (hereinafter "Ohsann") is a resident of Greenville, Butler County, Alabama and performed work for the Defendant in the counties composing the Middle District of Alabama, and throughout the United States. Plaintiff

was an employee within the contemplation of 29 U.S.C. § 203)(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Middle District, Northern Division.

3. Defendant, L. V. Stable Hospital.("Stabler"), is a company and does business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

4. Defendant, Community Health Systems Professional Services Corporation ("Community") is registered and authorized to do business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

### III. FACTUAL SUMMARY

5. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 4 above as if fully set forth herein.

6. Ohsann worked for Stabler from July of 1997 until her termination on May 18, 2007. Plaintiff worked for Stabler as a Registered Nurse.

7. Ohsann was paid at the rate of $22.00 per hour with an overtime rate of $33.00 per hour.

8. Ohsann worked for Stabler on the 7 to 7 shift and worked extra shifts for Defendant as needed, resulting in regularly working over 40 hours in a work week.

9. At all times while employed with Defendant, Ohsann was a non-exempt employee.

10. Defendant pays overtime on the basis of a 40 hour work week. The work weeks begins on Sunday and ends on the following Saturday.

11. Plaintiff was scheduled to have a 30 minute lunch unpaid lunch break. While Defendant has company rules that state that employees take lunch away from the work area. Uninterrupted meal time was rarely provided to Plaintiff and other similarly situated employees of Defendant.

12. The pay for hourly employees is automatically deducted for a 30 minute lunch period per day regardless of whether the employee actually "takes" an uninterrupted lunch break.

## IV.  COUNT ONE - OVERTIME VIOLATIONS

13  Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff and other similarly situated co-workers are paid some overtime at the rate of 1.5 times their regular hourly rate for hours worked in excess of 40 in a work week. They are not paid for other hours so worked in excess of 40 in a work week.

14. Defendant automatically deducts 30 minutes per day from each hourly

paid employee of Defendant for a meal. This is in spite of the fact that Plaintiff and other similarly situated employees of Defendant rarely are allowed uninterrupted meal time of 30 minutes for each work day.

16. Regulations require that an unpaid bona fide meal period be one where an employee is completely relieved from duty for the purpose of eating regular meals (29 C.F.R. § 795.19).

17. Plaintiff and other similarly situated employees are required to "be on call" and remain in their department during their lunch period to attend to their duties.

18. Plaintiff and other similarly situated employees are not provided an opportunity to take their meal time away from their work station each day, yet this time of 30 minutes per day is deducted from their pay for meal time, as if they were provided 30 minutes of uninterrupted time away from their work station.

19. Defendant has willfully failed and refused to pay Plaintiffs for all hours worked in excess of 40 in a work week at the rate of 1.5 times their regular hourly rate of pay in violation of the FLSA.

20. Plaintiff has been damaged as a result of Defendant's willful violations of the FLSA, suffering loss of pay.

### III. COUNT TWO – RECORD KEEPING VIOLATIONS

21. Plaintiff adopts by reference each and every material averment contained

4

in paragraphs 1 through 18 above as if fully set forth herein.

22. While Defendant has a policy for employees to clock out for their meal, Defendant does not require/allow its employees to do so, therefore, Defendant does not have accurate records regarding actual time taken by employees for the meal.

23. Defendant is required by regulation to maintain accurate records of all time worked by non-exempt employees in order to comply with the FLSA in paying overtime for all hours worked in excess of 40 in a work week (29 C.F.R. § 516).

24. Defendant has failed to maintain accurate records regarding hours worked by Plaintiffs in excess of 40 in a work week.

25. Plaintiff has been damaged as a result of Defendant's actions, suffering loss of pay.

### IV.  COUNT THREE -- OPT-IN COLLECTIVE ACTION

26. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiff brings this suit as an Opt-in collective action pursuant to the FLSA 16(b).

28. The potential class is comprised of any and all persons employed as hourly employees by Defendant at any time during the three (3) years preceding the filing of this Complaint.

29. Upon information and belief, Defendant is refusing to pay all hourly employees for time worked over 40 hours. Therefore, the potential plaintiff class is so numerous that joinder is impracticable.

30. Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

31. Upon information and belief, the claims of the representatives, Plaintiffs, are typical of claims of the class. Plaintiffs were subjected to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay overtime pay, and other violations of the Fair Labor Standards Act, as were other members of the class.

32. Upon information and belief, Plaintiff will fairly and adequately protect the interests of the class in that they share common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

33. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

34. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

### V. COUNT FIVE – WORK AND LABOR

35. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant owes each Plaintiff one-half hour per work day, including vacation days, arbitrarily deducted from each Plaintiffs pay for unpaid lunch periods. Each Plaintiff performed work during some or all of these lunch periods for the benefit of Defendant for which they were not paid.

37. As a result of Defendant's actions, each Plaintiff has been damaged.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages;

C. That Plaintiff be granted judgment against Defendants for all reasonable attorneys' fee, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

DAVID R. ARENDALL

ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL AND ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR TRIAL OF THIS CAUSE.

ATTORNEY FOR PLAINTIFFS

**SERVE DEFENDANT:**

L. V. Stabler Hospital
c/o Any Officer or Agent
29 L. V. Stabler Drive
Greenville, AL 36037

Community Health Systems
Professional Services Corporation
c/o National Registered Agents, Inc.
Registered Agent
150 S. Perry Street
Montgomery, AL 36104

8

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000583
Cashier ID: khaynes
Transaction Date: 10/01/2007
Payer Name: ARENDALL LAW FIRM
------------------------------------
CIVIL FILING FEE
 For: ARENDALL LAW FIRM
 Case/Party: D-ALM-2-07-CV-000875-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 10478
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DONNA OHSANN v. L.V. STABLER
HOSPITAL, ET AL
```