IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DONNA OHSANN,** | |
| **Plaintiff,** | |
| vs. | CIVIL ACTION NO. |
| | 2:07-cv-00875-WKW |
| **L. V. STABLER HOSPITAL and COMMUNITY HEALTH SYSTEM PROFESSIONAL SERVICES CORPORATION,** | |
| **Defendants.** | |

_____

**ANSWER OF COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION**

_____

Defendant Community Health Systems Professional Services Corporation ("CHSPSC") answers Plaintiff's Complaint as follows.

In answer to the specifically numbered paragraphs of the Complaint, CHSPSC says as follows:

1.      CHSPSC admits that the Complaint asserts claims under the Fair Labor Standards Act, 29 U. S. C. § 201 *et seq.* ("FLSA"), and a pendent claim under state law; that jurisdiction and venue are proper in this Court; and that the Complaint seeks

to have the Court certify this cause as a collective action under the FLSA. L. V. Stabler denies that this cause is properly subject to collective action status.

2. CHSPSC denies the allegations of paragraph 2 of the complaint.

3. CHSPSC admits that L. V. Stabler is a company that does business in the State of Alabama and is subject to the coverage of the FLSA.

4. CHSPSC admits that it does business in the State of Alabama and is subject to the coverage of the FLSA but denies that it was Plaintiff's employer within the meaning of applicable law.

5. In response to paragraph 5 of the Complaint, CHSPSC adopts and incorporates by reference its responses to paragraphs 1 through 4 of the Complaint as if set forth herein in their entirety.

6. On information and belief, CHSPSC admits that Plaintiff was employed by L. V. Stabler as a Registered Nurse in the last three preceding the termination of her employment.

7. On information and belief, CHSPSC admits that at the time of her termination L. V. Stabler paid her at a rate of $22 per hour and otherwise compensated her in accordance with applicable law.

8. On information and belief, CHSPSC admits that in the three years preceding the termination of her employment Plaintiff primarily was assigned to work

a 7:00am to 7:00 pm shift on the days she was scheduled to work and, on occasion, worked extra hours as scheduled by L. V. Stabler. To the extent not admitted herein on information and belief, CHSPSC denies the allegations of paragraph 8 of the Complaint.

9. CHSPSC denies that Plaintiff was employed with it.

10. CHSPSC admits that it pays non-exempt employees overtime in accordance with the FLSA but avers that it was not Plaintiff's employer within the meaning of applicable law and was not required to and did not pay Plaintiff's compensation for the services she performed for L. V. Stabler. To the extent not admitted herein, CHSPSC denies the allegations of paragraph 10 of the Complaint.

11. On information and belief, CHSPSC admits that Registered Nurses working in L. V. Stabler's Emergency Department who work over a certain amount of hours during a shift are supposed to take a thirty minute unpaid meal break; that L. V. Stable has a policy of requiring Registered Nurses working in L. V. Stabler's Emergency Department to eat their meals away from patient care areas of the hospital. On information and belief, CHSPSC denies that during the meal times of the Plaintiff and all the putative class members they were on-call or that their meal periods were regularly interrupted. CHSPSC denies that it was Plaintiff's employer.

within the meaning of applicable law  To the extend not admitted herein, CHSPSC denies the allegations of paragraph 11 of the Complaint.

12. On information and belief, CHSPSC denies the allegations of Paragraph 12 of the Complaint.  On information and belief, CHSPSC avers that L. V. Stabler pays Registered Nurses working in its Emergency Department every two weeks with the pay date one week after the end of every two week pay period.  On information and belief, CHSPSC avers that L. V. Stabler instructed its Registered Nurses working in the Emergency Department who had a meal break interrupted, in whole or in part, to submit a request for payment for the interrupted meal period and that L. V. Stabler's payroll system would be corrected and the portion of the meal period missed would be compensated.

13. CHSPSC adopts and incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14. On information and belief, CHSPSC admits that L. V. Stabler compensated Plaintiff and all the putative class members in accordance with applicable law.  To the extent not admitted herein, CHSPSC denies the allegations of paragraph 14 of the Complaint.

14[a]. CHSPSC denies the allegations of the second paragraph "14" of the Complaint.

16.     CHSPSC avers that the allegations contained in paragraph 16 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, CHSPSC denies the allegations of paragraph 16 of the Complaint.

17.     CHSPSC denies the allegations of paragraph 17 of the Complaint.

18.     On information and belief, CHSPSC denies the allegations of paragraph 18 of the Complaint.

19.     CHSPSC denies the allegations of paragraph 19 of the Complaint.

20.     CHSPSC denies the allegations of paragraph 20 of the Complaint.

21.     CHSPSC adopts and incorporates by reference its responses to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.     CHSPSC denies the allegations of paragraph 22 of the Complaint.

23.     CHSPSC avers that the allegations contained in paragraph 23 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, CHSPSC admits that the FLSA requires employers to maintain records related to the hours worked of non-exempt employees.

24.     CHSPSC denies the allegations of paragraph 24 of the Complaint.

25.     CHSPSC denies the allegations of paragraph 25 of the Complaint.

26. CHSPSC adopts and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint as if set forth fully herein.

27. CHSPSC admits that the Plaintiff purports to assert this cause as a collective action pursuant to the FLSA.

28. CHSPSC avers that the allegations contained in paragraph 28 of the Complaint constitutes conclusions of law to which no response is required. To the extent a response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

29. CHSPSC denies that it is "refusing to pay all hourly employees for time worked over 40 hours." CHSPSC avers that the remaining allegations contained in paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

30. CHSPSC avers that the allegations contained in paragraph 30 of the Complaint constitutes conclusion to law to which no response is required. To the extent a

response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

31.   CHSPSC denies that it was the employer of Plaintiff or any putative class member within the meaning of applicable law.  CHSPSC denies that Plaintiff or any putative class members were subjected to any employment practice made unlawful by the FLSA. CHSPSC further denies that Plaintiff or any other employee was subjected to employment practices made by the FLSA. CHSPSC further denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

32.   CHSPSC avers to the allegations of paragraph 32 of the Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

33.     CHSPSC avers to the allegations of paragraph 33 of the Complaint constitutes conclusions of law to which no response is required. To the extent a response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

34.     CHSPSC avers to the allegations of paragraph 32 of the Complaint constitutes conclusions of law to which no response is required. To the extent a response is required, CHSPSC denies that there is a potential class meeting the prerequisites of a collective action under applicable law. CHSPSC further denies that this cause is properly asserted or maintained as a collective action under applicable law.

35.     CHSPSC adopts and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     CHSPSC denies the allegations of paragraph 36 of the Complaint.

37.     CHSPSC denies the allegations of paragraph 37 of the Complaint.

38.     CHSPSC denies that the Plaintiff is entitled to the relief sought in paragraphs A through D of the Complaint.

## FIRST DEFENSE[1]

This Court lacks jurisdiction to consider the claims of any and all the putative class members who had not filed either a Complaint or a written consent to opt into this action prior to the filing on date of the Complaint.

## SECOND DEFENSE

Certification of a collective action of the plaintiff and the alleged putative class members is not appropriate because she and they have not shown that she and all the putative class members were subjected to a common policy, rule or plan that violated the FLSA.

## THIRD DEFENSE

All or some of the claims of the Plaintiff and the putative class members fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, as non-compensable by the Portal-to-Portal Act, as amended 29 U.S.C. § 254.

---

[1] The titling of a response as a "defense," does not constitute a designation or assertion that it constitutes an affirmative defense on which CHSPSC bears the burden of proof.

## FIFTH DEFENSE

Even if some or all of the time at issue is compensable, sufficient compensation has already been paid to Plaintiff and all the putative class members.

## SIXTH DEFENSE

Even if some or all of the time at issue is compensable, Plaintiff and all the putative class members should take nothing on their claims because of the doctrine *de minimis non curat lex*.

## SEVENTH DEFENSE

Even if some or all of the time at issue is compensable, compensation already paid should offset the amount due.

## EIGHTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 10 of the Portal-to-Portal Act, as amended 29 U.S.C. § 259.

## NINTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 11 of the Portal-to-Portal Act, as amended 29 U.S.C. § 260.

## TENTH DEFENSE

Plaintiff and all the putative class members have failed to take reasonable steps to mitigate, alter, reduce or otherwise diminish any damages which they may have suffered.

## ELEVENTH DEFENSE

Plaintiff and all the putative class members are not entitled to a jury trial on liquidated damages.

## TWELFTH DEFENSE

Plaintiff's and all the putative class members' claims under the FLSA are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

If compensation is actually owed pursuant to § 7 of the Act, as amended, 29 U.S.C. § 207, CHSPSC is entitled to certain credits toward or reductions of the compensation owed. These include, but are not limited to, those set out in 29 U.S.C. § 207(e), 29 U.S.C. § 207(h), and 207(i).

## FOURTEENTH DEFENSE

Plaintiff has been compensated in accordance with her employment agreement with L. V. Stabler and is due no additional compensation for "work and labor done."

## FIFTEENTH DEFENSE

CHSPSC pleads the defense of lack of good faith of Plaintiff.

## SIXTEENTH DEFENSE

CHSPSC pleads that Plaintiff has unclean hands.

## SEVENTEENTH DEFENSE

CHSPSC pleads estoppel.

## EIGHTEENTH DEFENSE

CHSPSC pleads waiver.

## NINETEENTH DEFENSE

CHSPSC is not guilty of the matters alleged by Plaintiff.

## TWENTIETH DEFENSE

CHSPSC pleads that Plaintiff's own acts and omissions proximately caused the injuries she alleges she suffered.

/s/ Richard E. Smith
Richard E. Smith

/s/ David B. Walston
David B. Walston

Attorneys for Community Health Services Professional Services Corporation

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:   (205) 795-6588
Facsimile:    (205) 328-7234
E-mail:        resmith@csattorenys.com
                   dbwalston@csattorneys.com

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of this Answer was served on the following in accordance with the electronic filing procedures established the United States District Court for the Northern District of Alabama, on this December 4, 2007:

      David R. Arendall, Esq.
      Allen D. Arnold, Esq.
      Arendall & Associates
      2018 Morris Avenue
      Birmingham, AL 35203

                                        /s/ David B. Walston
                                        Of Counsel