## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-CV-00875-WKW |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |

_____

## ANSWER OF L. V. STABLER HOSPITAL
_____

Defendant Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital ("L. V. Stabler") answers Plaintiff's Complaint as follows.

In answer to the specifically numbered paragraphs of the Complaint, L. V. Stabler says as follows:

1.     L. V. Stabler admits that the Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and a pendent claim under state law; that the jurisdiction and venue are proper in this Court; and that the Complaint seeks to have the Court certify this cause as a collective action under the

FLSA.  L.  V.  Stabler denies that this cause is properly subject to collective action status.

2.     L.  V.  Stabler admits that when Plaintiff was employed by it, she indicated she was a resident of Greenville, Butler County, Alabama.  L.  V.  Stabler further admits that Plaintiff performed work for L.  V.  Stabler in Greenville, Butler County, Alabama.  L.  V.  Stabler further admits that Plaintiff was its "employee" within the meaning of 29 U.S.C. § 203(e)(1), and that venue of the claims asserted against it is proper in the United States District Court of the Middle District of Alabama.  L.  V.  Stabler denies that Plaintiff "performed work" for L.  V.  Stabler "throughout the United States."  To the extent not admitted herein, L.  V.  Stabler denies the remaining allegations of paragraph 2 of the Complaint.

3.     L.  V.  Stabler admits that it does business in the State of Alabama and is subject to the coverage of the FLSA.

4.     L.  V.  Stabler is without sufficient knowledge to admit or deny the allegations of paragraph 4 of the Complaint and therefore, the allegations are denied.

5.     In response to paragraph 5 of the Complaint, L.  V.  Stabler adopts and incorporates by reference its responses to paragraphs 1 through 4 of the Complaint as if set forth herein in their entirety.

6.    L.  V.  Stabler admits that in the three year period preceding the termination of Plaintiff's employment, she was employed by it as a Registered Nurse.

7.    L. V. Stabler admits that in the three years preceding the termination of Plaintiff's employment she was paid at a rate of $22.00 per hour and was paid in accordance with law.

8.    L. V. Stabler admits that in the three years preceding the termination of her employment Plaintiff primarily was assigned to work a 7:00am to 7:00 pm shift on the days she was scheduled to work and, on occasion, worked extra hours as scheduled by L.  V.  Stabler.  To the extent not admitted herein L. V. Stabler denies the allegations of paragraph 8 of the Complaint.

9.    L. V. Stabler admits that in the three year period preceding Plaintiff's termination, it considered and compensated Plaintiff as a non-exempt employee for purposes of the FLSA.

10.    L. V. Stabler admits that in the three years preceding the Plaintiff's termination from employment it had an established a work week beginning on Sunday and ending on Saturday.  L. V. Stabler further admits that in the three year period preceding the Plaintiff's termination from employment, it paid overtime to non-exempt employees for all time actually worked in excess of 40 hours per work week.

11.    L. V.  admits Stabler that Registered Nurses working in L.  V. Stabler's Emergency Department who work over a certain amount of hours during a shift are supposed to take a thirty minute unpaid meal break; that  L. V. Stable has a policy of requiring Registered Nurses working in L.  V. Stabler's Emergency Department  to eat their meals away from patient care areas of the hospital.  L. V. Stable denies that the Plaintiff and all the putative class members were on-call during meal periods or that their meal periods were regularly interrupted.  To the extent not admitted herein, L. V. Stabler denies the allegations of paragraph 11 of the Complaint.

12.    L. V. Stabler denies the allegations of Paragraph 12 of the Complaint. L.  V.  Stabler pays Registered Nurses working in its Emergency Department every two weeks with the pay date one week after the end of every two week pay period. L.  V.  Stabler further avers that it instructed a Registered Nurse working in the Emergency Department whose meal break was interrupted, in whole or in part, to submit a request for payment for the interrupted meal period and that L. V. Stabler's payroll system would be corrected and the portion of the meal period missed would be compensated.

13.    L. V. Stabler adopts and incorporates by reference its responses to paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14.    L. V. Stabler admits that it compensated Plaintiff and all the putative class members in accordance with applicable law.  To the extent not admitted herein, L. V. Stabler denies the allegations of paragraph 14 of the Complaint.

14[a]. L. V. Stabler denies the allegations of the second paragraph "14" of the Complaint.

16.    L. V. Stabler avers that the allegations contained in paragraph 16 of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is required, L. V. Stabler denies the allegations of paragraph 16 of the Complaint.

17.    L.  V.  Stabler denies the allegations of paragraph 17 of the Complaint.

18.    L.V. Stabler denies the allegations of paragraph 18 of the Complaint.

19.    L. V. Stabler denies the allegations of paragraph 19 of the Complaint.

20.    L. V. Stabler denies the allegations of paragraph 20 of the Complaint.

21.    L.  V.  Stabler adopts and incorporates by reference its responses to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.    L. V. Stabler denies the allegations of paragraph 22 of the Complaint.

23.    L. V. Stabler avers that the allegations contained in paragraph 23 of the Complaint constitute conclusions of law to which no response is required.  To the

extent that a response is required, L. V. Stabler admits that the FLSA requires employers to maintain records related to the hours worked of non-exempt employees.

24.     L. V. Stabler denies the allegations of paragraph 24 of the Complaint.

25.     L. V. Stabler denies the allegations of paragraph 25 of the Complaint.

26.     L. V. Stabler adopts and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint as if set forth fully herein.

27.     L. V. Stabler admits that the Plaintiff purports to assert this cause as a collective action pursuant to the FLSA.

28.     L. V. Stabler avers that the allegations contained in paragraph 28 of the Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law.  L. V. Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

29.     L. V. Stabler denies that it is "refusing to pay all hourly employees for time worked over 40 hours."  L. V. Stabler avers that the remaining allegations contained in paragraph 29 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under

applicable law.  L.  V.  Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

30.    L. V. Stabler avers that the allegations contained in paragraph 30 of the Complaint constitutes conclusion to law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law. L.  V.  Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

31.    L. V. Stabler denies that Plaintiff or any putative class members were subjected to any employment practice made unlawful by the FLSA.  L.  V.  stabler further denies that Plaintiff or any other employee was subjected to employment practices made by the FLSA.  L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law.  L.  V.  Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

32.    L. V. Stabler avers to the allegations of paragraph 32 of the Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law. L.  V.  Stabler further denies

that this cause is properly asserted or maintained as a collective action under applicable law.

33.     L. V. Stabler avers to the allegations of paragraph 33 of the Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law.  L. V. Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

34.     L. V. Stabler avers to the allegations of paragraph 32 of the Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, L. V. Stabler denies that there is a potential class meeting the prerequisites of a collective action under applicable law.  L. V. Stabler further denies that this cause is properly asserted or maintained as a collective action under applicable law.

35.     L. V. Stabler adopts and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     L. V. Stabler denies the allegations of paragraph 36 of the Complaint.

37.     L. V. Stabler denies the allegations of paragraph 37 of the Complaint.

38.    L. V. Stabler denies that the Plaintiff is entitled to the relief sought in paragraphs A through D of the Complaint.

## FIRST DEFENSE[1]

This Court lacks jurisdiction to consider the claims of any and all the putative class members who had not filed either a Complaint or a written consent to opt into this action prior to the filing on date of the Complaint.

## SECOND DEFENSE

Certification of a collective action of the plaintiff and the alleged putative class members is not appropriate because she and they have not shown that she and all the putative class members were subjected to a common policy, rule or plan that violated the FLSA.

## THIRD DEFENSE

All or some of the claims of the Plaintiff and the putative class members fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, as non-compensable by the Portal-to-Portal Act, as amended 29 U.S.C. § 254.

---

[1]    The titling of a response as a "defense," does not constitute a designation or assertion that it constitutes an affirmative defense on which L. V. Stabler bears the burden of proof.

-9-

## FIFTH DEFENSE

Even if some or all of the time at issue is compensable, sufficient compensation has already been paid to Plaintiff and all the putative class members.

## SIXTH DEFENSE

Even if some or all of the time at issue is compensable, Plaintiff and all the putative class members should take nothing on their claims because of the doctrine *de minimis non curat lex.*

## SEVENTH DEFENSE

Even if some or all of the time at issue is compensable, compensation already paid should offset the amount due.

## EIGHTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 10 of the Portal-to-Portal Act, as amended 29 U.S.C. § 259.

## NINTH DEFENSE

Plaintiff's and all the putative class members' claims are barred, in whole or in part, by the good faith defense provided in § 11 of the Portal-to-Portal Act, as amended 29 U.S.C. § 260.

## TENTH DEFENSE

Plaintiff and all the putative class members have failed to take reasonable steps to mitigate, alter, reduce or otherwise diminish any damages which they may have suffered.

## ELEVENTH DEFENSE

Plaintiff and all the putative class members are not entitled to a jury trial on liquidated damages.

## TWELFTH DEFENSE

Plaintiff's and all the putative class members' claims under the FLSA are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

If compensation is actually owed pursuant to § 7 of the Act, as amended, 29 U.S.C. § 207, L. V. Stabler is entitled to certain credits toward or reductions of the compensation owed. These include, but are not limited to, those set out in 29 U.S.C. § 207(e), 29 U.S.C. § 207(h), and 207(i).

## FOURTEENTH DEFENSE

Plaintiff has been compensated in accordance with her employment agreement with L. V. Stabler and is due no additional compensation for "work and labor done."

## FIFTEENTH DEFENSE

L. V. Stabler pleads the defense of lack of good faith of Plaintiff.

## SIXTEENTH DEFENSE

L. V. Stabler pleads that Plaintiff has unclean hands.

## SEVENTEENTH DEFENSE

L. V. Stabler pleads estoppel.

## EIGHTEENTH DEFENSE

L. V. Stabler pleads waiver.

## NINETEENTH DEFENSE

L. V. Stabler is not guilty of the matters alleged by Plaintiff.

## TWENTIETH DEFENSE

L. V. Stabler pleads that Plaintiff's own acts and omissions proximately caused the injuries she alleges she suffered.


/s/ Richard E. Smith
Richard E. Smith


/s/ David B. Walston
David B. Walston

Attorneys for Greenville Hospital Corporation d/b/a L. V. Stabler Memorial Hospital

-12-

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234
E-mail:        resmith@csattorenys.com
                  dbwalston@csattorneys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Answer was served on the following in accordance with the electronic filing procedures established the United States District Court for the Northern District of Alabama, on this December 4, 2007:

David R. Arendall, Esq.
Allen D. Arnold, Esq.
Arendall & Associates
2018 Morris Avenue
Birmingham, AL 35203

/s/ David B. Walston
Of Counsel

-13-