IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNA OHSANN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.** |
| vs. | * | |
| | * | **2:07-cv-00875-WKW** |
| **L. V. STABLER HOSPITAL and** | * | |
| **COMMUNITY HEALTH SYSTEM** | * | |
| **PROFESSIONAL SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |
| **Defendants.** | * | |

_____

**REPORT OF PARTIES' PLANNING MEETING**
_____

Pursuant to Rule 26(f), Fed.R.Civ.P., a meeting of the parties' representatives was held on December 4, 2007, and January 4, 2008, and was attended by:

For Defendants Community Health Systems Professional Services Corporation, and Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital:

David B. Walston, Esq.
CHRISTIAN & SMALL, LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203

For Plaintiff Donna Ohsann:

> David R. Arendall, Esq.
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, AL 35203

**1.     Early Resolution Efforts:**

Counsel for the parties met on December 4, 2007, to discuss early resolution of this matter. Counsel for Defendants produced documents to counsel for Plaintiff and both believe advances were made toward a resolution of this dispute. Discussions regarding resolution and voluntary document exchange are on-going.

**2.     Parties' Positions Regarding Discovery:**

**a.     Plaintiff's Position:**

Plaintiff has plead this matter as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiff intends to ask for conditional class certification notice to putative class members which is typically made early in the litigation before full discovery has been completed. *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1218 (11th Cir. 2001); *Mooney v. Armco Cen's Co.*, 54 F.3d at 12 (11thCir. 1995); *Grayson v. K-Mart*, 79 F.3d at 1096 (11th Cir. 1996). Plaintiffs have not proposed a specific date for discovery because the only

date that needs to be set at this point is a date by which Plaintiff should file her Motion for Conditional Class Certification.

      **b.**    **Defendants' Position:**

Defendants intend to request a bifurcated discovery schedule for purposes of conducting discovery in opposition to Plaintiff's motion for conditional collective class certification. The Defendants believe the Court's involvement and guidance in the formulation of a bifurcated schedule would be helpful in establishing the scope of and schedule for completion of discovery relevant to the issue of conditional collective class certification. Defendants believe that such conference should be conducted before a Motion for Class Certification is filed by Plaintiff and ruled upon by the Court.

**3.**    **Initial Disclosures:**

The parties have exchanged relevant documents and will serve formal initial disclosures by January 31, 2008.

**4.**    **Final Lists of Witnesses and Exhibits:**

Final list of witnesses and exhibits under Rule 26(a)(3), Fed.R.Civ.P. should be due from all parties thirty (30) days prior to trial.

Parties should have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3), Fed.R.Civ.P.

**10.     Signatures of counsel:**

Counsel for Plaintiff has given Defendants' counsel permission to submit this Report of Parties' Planning Meeting and Defendants' Motion for Scheduling Conference with is electronic signature.

Respectfully submitted,

/s/   David R. Arendall
David R. Arendall

Attorney for Plaintiff

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203
Telephone:  (205) 252-1550
E-Mail:      dra@arendalllaw.com

/s/   David B. Walston
David B.  Walston

Attorney for Defendants

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:  (205) 795-6588
E-Mail:      dbwalston@csattorneys.com