IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

    PLAINTIFF,

V.                      CIVIL ACTION NO.:  2:07-cv-00875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,

    DEFENDANTS.

### PLAINTIFFS'  BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND TO FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

Arendall & Associates
Attorneys for Plaintiffs
2018 Morris Avenue, Suite 300
Birmingham, AL 35203
205.252.1550 - Office
205.252.1556 - Facsimile

## TABLE OF CONTENTS

I.      Introduction.................................................................... 1

II.     Standard for Issuance of Notice......................................... 1

III.    Facts............................................................................ 2

        A.    Donna Ohsann.............................................. 2

        B.    Jessica Bennett............................................. 2

        C.    Vickie Crase................................................ 3

        D.    Rose Phillips-Williams.................................... 3

        E.    Katie Thomas............................................... 4

        F.    All Plaintiffs............................................... 4

IV.     Argument....................................................................... 6

        A.    Requirements for Granting Conditional
              Class Certification........................................ 6

        B.    Plaintiffs are similarly situated to the putative
              class........................................................... 7

        C.    Others desire to opt-in.................................... 15

        D.    The period for the opt-in class should be three (3)
              years before the filing of the lawsuit, as opposed
              to two (2) years............................................ 18

V.      Conclusion..................................................................... 19

Certificate of Service..................................................................... 21

i

COME NOW the  Plaintiffs[1] and submit this brief in support of their motion filed simultaneously herewith.

## I.  Introduction

This action arises from each Plaintiff's employment with Defendant as an hourly paid employee who was not paid 1.5 times his/her regular hourly rate for hours worked in excess of 40 hours in a work week. Each Plaintiff regularly worked over 40 hours in a work week.  Defendant arbitrarily deducted 30 minutes for an unpaid lunch break from hours shown that each Plaintiff worked without regard to whether the Plaintiffs actually  were allowed to take the full 30 minute lunch break unencumbered by any job duties.  In fact, Plaintiffs did regularly work through all or part of their lunches, and  were denied overtime pay as a result.  In addition Plaintiffs performed work off the clock for Defendant before and after their regularly scheduled work hours for which they were not paid.  To the extent some Plaintiffs may not have worked over 40 hours for a particular work week, each such Plaintiff would have a claim for work and labor.

## II.    Standard for Issuance of Notice

---

1 Donna Ohsann is the only named Plaintiff at this time, but four additional Plaintiffs have filed consents to join simultaneously herewith.

1

Courts have discretionary power to authorize the sending of notice to potential class members in collective actions brought under 29 U.S.C. § 216(b).[2] The District Court is to "satisfy itself that there are other employees who desire to opt in, and who are similarly situated with respect to their job requirements and with regard to their pay provisions."[3]

### III.    Facts

### A.    DONNA OHSANN

1.    Plaintiff Donna Ohsann was employed with Defendant from July, 1997 through May 18, 2007 as a Registered Nurse (PX1, ¶¶2, 3).

2.    At all times while employed with Defendant, Ohsann was classified as a non-exempt, hourly paid employee (PX1, ¶5).

3.    At the end of her employment, Ohsann was paid $22 per hour with an overtime rate of $33 per hour (PX1 ¶4).

### B.    JESSICA BENNETT

4.    Plaintiff Jessica Bennett was employed with Defendant from August, 2005 until May, 2007 as a Registration Clerk and a Pharmacy Technician as needed (PX2, ¶¶ 2, 3).

---

[2]
     *Haynes v. Singer Company*, 696 F. 2d 884,886 (11th Cjr 1983).

[3]
     *Dybach v. Florida Dept. of Corrections*, 942 F. 2d 1562, 1567-68 (11th Cir 1991).

5.     At all times while employed with Defendant, Bennett was classified as a non-exempt, hourly paid employee (PX2, ¶5).

6.     At the end of her employment, Bennett was paid $7.35 per hour with an overtime rate of $11.03 (PX2, ¶4).

C.     **VICKIE CRASE**

7.     Plaintiff Vickie Crase  was employed with Defendant from July 6, 2006 until September 15, 2007 as an Emergency Room Staff nurse (PX3,¶ ¶ 2, 3).

8.     At all times while employed with Defendant, Crase  was classified as a non-exempt, hourly paid employee (PX3, ¶5).

9.     At the end of her employment, Crase was paid $21.73 per hour with an overtime rate of $32.60 per hour (PX3, ¶4).

D.     **ROSE PHILLIPS-WILLIAMS**

10.    Plaintiff Rose Phillips-Williams was employed with Defendant from March 27, 2006 until June 19, 2006 as an Admission Tech in the Emergency Room (PX4, ¶ ¶ 2, 3).

11.    At all times while employed with Defendant, Phillips-Willaims was classified as a non-exempt, hourly paid employee (PX4, ¶ 5).

12.    At the end of her employment, Phillips-Williams was paid $7.20 per hour with an overtime rate of $10.80 per hour (PX4, ¶ 4).

3

### E.    KATIE THOMAS

13.    Plaintiff Katie Thomas is currently employed as an LPN with Home Health for Defendant.  Her date of hire is July, 2004 (PX5, ¶ ¶ 2, 3).

14.    At all times while employed with Defendant, Thomas  was classified as a non-exempt, hourly paid employee (PX4, ¶ 5).

15.    Thomas' current rate of pay is $12.88 per with an overtime rate of $19.32 per hour (PX5, ¶ 4).

### F.    ALL PLAINTIFFS

16.    Defendant automatically deducted thirty minutes per day for a meal break from each Plaintiff's pay (PX1-5, ¶7).

17.    Each Plaintiff worked through all or a portion of their lunch for which they were not paid overtime at the rate of 1.5 times their regular hourly rate (PX1-5, ¶8).

18.    Most Plaintiffs worked "off the clock" pre/post shift on occasion and were not paid 1.5 times their regular rate for all hours worked in excess of forty hours in a work week for those hours (PX1, 3, 4 ¶9).

19.     Defendant has an established policy that it will pay overtime for hours  worked in excess of 40 in a work week (PX6, ¶ 2 "overtime").

20.    Defendant also maintains a policy that says the 40 hour work week is designated Sunday through Saturday (PX6, p. 27, "work week").

4

21.     Employees are not paid for overtime unless there is managerial
approval in advance (PX6, p. 27, ¶1 "overtime").

22.     Defendant's policy on meal times is for a thirty minute unpaid break,
and an employee must clock out only if they leave the hospital premises or take a
lunch of over thirty minutes (PX6, p. 27 "clocking in/clocking out").

23.     Employees are not required to clock out and then in again if they eat
lunch at the facility (PX6, p. 27 "clocking in/clocking out").

24.     Defendant's policy requires that if an employee misses a meal period
because of work related reasons that in order to be credited for the time worked, it
must be approved by the supervisor and documented in the departmental log (PX6,
p. 28 "meal periods").

25.     Defendant applies its <u>unwritten</u> policy of deducting thirty minutes per
day for lunch for each hourly, non-exempt employee (PX1-5, ¶ 7; PX6).

26.     Each Plaintiff was subjected to the policy and practice of Defendant of
losing thirty minutes pay for a meal, without being fully relieved of work duties or
work stations for each such work day in which the deduction was made (PX1-5,
¶7).

5

27.    After the filing of this lawsuit, Defendant has required employees to sign an "Acknowledgment for missed and/or shortened meal period reporting" and adopted a new form for "Time clock exceptions for missed and/or shortened meal periods" (PX7).

## IV.    Argument

### A.    Requirements for Granting of Conditional Class Certification

Section 29 U.S.C. 216(b) provides that "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees similarly situated."  Section 216(b) further provides that "[n]o employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." (*Id.*)  The Eleventh Circuit has held that "[t]he 'opt-in' provisions of Section 216(b) of the Act convey upon a named plaintiff... the *right* to try to seek damages in the amounts allegedly due and not paid by the employer in accordance with the Act, on behalf of himself or herself and also on behalf of other employees 'similarly situated.'" *Dybach,* 942 F. 2d at 1567 (emphasis added).

In order to prevail on this Motion seeking conditional certification of this action as a collective action, Plaintiffs must show (1) that they are 'similarly

6

situated'[4] to the group of employees they seek to join in this action and (2) that

there are other employees who desire to opt-in to this litigation. *Dybach*, 942 F.2d

at 1567; *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276-

1277 (M.D. Ala. 2004).   This burden is met by providing "detailed allegations

supported by affidavits" (Grayson, 79 F.3d at 1097).  As is demonstrated below,

Plaintiffs have presented sufficient evidence to the Court to permit the sending of

notice to the affected class of employees.

     B.    *Plaintiffs are similarly situated to the putative class.*

As noted above, Ohsann must show that she is 'similarly situated' to the

group of employees she seeks to join in this action and that there are other

employees who desire to opt-in to this litigation.  *Dyback*, 942 F.2d at 1567-68).

Ohsann has clearly shown sufficient similarity through evidentiary submissions to

permit the sending of notice to the affected class of employees (all hourly

employees of Defendant from October 1, 2004 to the present.  Plaintiffs, whether

named or opting in, have made virtually identical statements in their declarations

regarding the fact that they worked off the clock during lunch, and for most pre

and post shift work on an occasional basis, and yet not paid for all of those hours

worked.  Since Plaintiff, and others whom she seeks to represent, regularly work

---

4*Grayson v. Kmart Corp.*, 79 Fed. 3d 1086, 1096 (11th Cir 1996).

overtime qualifying hours, then such failure to pay for this off the clock work is violative of the FLSA and satisfies the common policy or practice of showing similarity of claims.[5]

While Plaintiff has the burden of demonstrating that she, and the class of employees she seeks to represent, are similarly situated, this burden is not a heavy one early in the litigation, *Hipp* (Id).   Indeed, the burden can be met by demonstrating sufficient facts to suggest that they and the class were subject to a single corporate policy or plan and is typically demonstrated "only [by] the pleadings and any affidavits which have been submitted... ." (*Id.*)

At this stage in the proceeding, a court must first determine if there are similarly situated employees. The analysis is a two step evaluation (*Hipp v. Liberty National Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001).  The determination at the notice stage is the first step.  The first step is "considerably less stringent than the proof required pursuant to Fed. R. Civ. P 20(a) for joinder or Fed. R. Civ. P. 23 for class certification (*Grayson v.* Kmart, 79 F.3d, 1086, 1096 (11th Cir. 1996).  The burden of showing plaintiff and potential opt-ins are similarly situated is met at the notice stage through detailed allegations in a complaint and supporting affidavits (*Id* at 1097).

---

5*Williams v. Accredited Home Lenders, Inc.*, 2006 WL 085312 *4 (N.D. Ga. 2006).

This case asserts a common and similar practice applied to Plaintiff and those whom she seeks to represent, an automatic lunch deduction without ensuring that employees are fully relieved from their job duties and work stations during that unpaid lunch. Plaintiffs have asserted in their declarations that they rarely get to take a full uninterrupted thirty minute lunch break, yet Defendant consistently deducts this time from their pay as if they were provided such a lunch break. 29 C.F.R. §785.19 mandates that where an employer provides an unpaid meal period, the employee must be completely relieved from duty for the purpose of eating the meal. Defendant regularly violates this regulation by failing to fully relieve Plaintiffs, and similarly situated employees, from their work duties and work station.

Defendant will probably argue that its policy dealing with missed meal periods complies with the FLSA. That would be irrelevant for purposes of the motion before this Court, as will declarations from management officials with Defendant claiming that the Plaintiffs either did not miss meals for which they were not paid or if so that the burden was on them to report it. Such issues are merely questions of fact, that are not relevant for purposes of this motion.[6]

---

[6]*Kreher v. City of Atlanta*, 2006 U.S. Dist. LEXIS 23094, n *16 (N.D. Ga. 3/20/06) ("a court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiff's claims in order to determine whether a similarly situated group exists.")

9

Plaintiffs are scheduled to have a thirty minute unpaid meal period, but are often required to be "on call" during lunch in order to attend to duties. While Plaintiffs comprise a variety of job classifications, Defendant's policy is identical for each hourly, non-exempt employee. Plaintiffs have set forth detailed allegations of virtually identical facts concerning each individual Plaintiff in the declarations of the opt-in Plaintiffs, who have also filed consents in this action simultaneously herewith.

Under 29 U.S.C. § 216(b), a representative plaintiff must show that she and the putative class members are similarly situated in order for the judge to certify a representative action and approve the sending of notice to potential class members. *Thiessen v. General Elec. Capital Corp.*, 267 F. 3d 1095, 1105 (11th Cir. 2001); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999).[7]

Courts are in agreement that the standard for certifying a representative action is lenient. *Hipp*, 252 F. 3d at 1218 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of the representative class."); *Mooney v. Aramco Sen's. Co.*, 54 F. 3d 1207, 1214 (11th Cir. 1995) (same); *Grayson*, 79 F. 3d at 1096 ("similarly situated" standard is less stringent than joinder under Rule

---

7 The ADEA is enforced under the same standards promulgated under the FLSA, arid ADEA claims are thus analyzed the same as FLSA claims. See 29 U.S.C. § 626(b); *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

20(a), less stringent than separate trials under Rule 42(b), and considerably less stringent than under Rule 23(b)(3)(D); *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted.").

Importantly, a plaintiff does not have to show that he and the putative class are in identical situations—the standard allows for variation among the class members' positions. *Hipp*, 252 F.3d at 1217; *Schwed v. General Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[I]t is unnecessary to show that putative class members share identical positions."); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979) (plaintiffs must show that positions are similar, not identical). A plaintiff need only "submit evidence establishing at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exists." *Severtson v. Phillips Beverage, Inc.*, 137 F.R.D. 264, 267 (D. Minn. 1991).

There are several reasons why the burden on a plaintiff under 29 U.S.C. § 216(b) is so light. One is that a decision regarding notice to putative class members is typically made fairly early in the litigation, before full discovery has been completed. *Hipp*. 252 F. 3d at 1218; *Mooney*, 54 F. 3d at 12 13-14 ("At the notice stage, the district court makes a decision---usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be

11

given to potential class members."). This determination is preliminary. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'"); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (finding that defendant's contention that fifteen restaurants were individual establishments with no central control presented a factual dispute requiring discovery and did not prevent authorizing notice)); *Severtson*, 137 F.R.D. at 267 ("Certainly, court-authorized notice need not await a final determination that the 'similarly situated' requirement is satisfied."). Furthermore, this determination does not reach the merits of a plaintiff's claims. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 262. In most cases, after discovery is completed and all the factual evidence is in, the defendant moves for decertification, at which point a more informed, more conclusive decision is made by the court. *Mooney*, 54 F. 3d at 1214; *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988) ("In addition, to allow notice before the 'similarly situated' issue is decided would insure that all possible class members who are interested are present, and thereby assure that the full 'similarly situated' decision is informed, efficiently reached, and conclusive.")

Another reason the burden is light is that the FLSA has a broad remedial purpose. *Realite*, 7 F. Supp. 2d at 306. Requiring a minimal initial showing that a

12

plaintiff is similarly situated to the putative class furthers this purpose, as well as

furthering the purpose of judicial economy:

But this Court need not evaluate the merits of Plaintiff's claims in

order to determine that a definable group of "similarly situated" plaintiffs can

exist here. Nor must this Court wait for defendant to complete its discovery

before authorizing class notice.[8]   To the contrary, courts have endorsed the

sending of notice early in the proceeding, as a means of facilitating the

FLSA's broad remedial purpose and promoting efficient case management.

Hoffman, 982 F. Supp. at 262 (citations deleted); *Charoen Pokphand,* 303 F.

Supp. 2d at 1274-1275 (finding that judicial oversight of notices prevented

misleading communications, enabled the court to resolve disputes about the

content of the notice before it went out and insured that potential plaintiffs

received timely notice of a pending suit, preventing proliferation of individual

suits). These purposes are served even when a court later determines that the

plaintiff and putative class members are not similarly situated and thus decertifies

the class. *Schwed,* 159 F.R.D. at 375 ("Moreover, even where later discovery proves

the putative class members to be dissimilarly situated, notice to those preliminarily

identified as potential plaintiffs prior to full discovery is appropriate as it may

further the remedial purpose of the ADEA.").

---

8*Hipp*, 252 F.3d at 1218

13

Finally, a plaintiff can show that he and putative class members are similarly situated by demonstrating that they were all subject to a common policy. *Brown*, 222 F.R.D. at 679 (conditional certification requires only substantial allegations that putative class members were subject to single policy or plan); *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). While it is not required that a plaintiff show the existence of such a plan, "such a showing is probative in determining whether potential class members are similarly situated." *Baum v. Shoney's, Inc.*, No. 98-423-CV-ORL-19B, 1998 WL 968390 at [*1] (M.D. Fla. Dec. 3, 1998). Once again, however, this burden is lenient and requires only a showing of similarity of duties and pay provisions, not that the potential class members be absolutely identical. *Bradford v. Bed, Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1345 (N.D.Ga.2002).

Plaintiff maintains in her complaint that she, and other similarly situated co-workers are not paid overtime at the rate of 1.5 times their regular hourly rate for hours over 40 in a work week, particularly, in regards to Defendant's policy of automatically deducting 30 minutes from lunch for each work day. (Plaintiff's Complaint ¶¶ 11, 12). Regulations require that an unpaid bona fide meal period be one where an employee is completely relieved from duty for the purpose of eating

14

regular meals.  (29 C.F.R. § 785.19).  Defendant regularly violates this regulation

by failing to fully relieve Plaintiffs and other similarly situated co-workers from

their work duties for their full lunch period.  In declarations, Plaintiffs assert off the

clock work pre and post shift as well (Facts # 18).

Plaintiffs are scheduled to have a 30 minute unpaid lunch, but are required to

be available during the lunch period in order to attend to duties.  While Plaintiffs

compose a variety of job titles and classifications, Defendant's policy is identical

for each hourly, non-exempt employee.  Each employee is to be provided an unpaid

30 minute lunch break, completely relieved from their job duties.  Thirty minutes

per work day is deducted from hours worked for such employees, without

Defendant insuring employees are allowed the 30 minutes of uninterrupted time.

Declarations submitted by the current Plaintiff, as well as those wishing to opt into

this action, show a common policy and practice of the automatic 30 minute

deduction, while employees are placed "on call," and otherwise required to interrupt

their meal period in order to perform job functions for the benefit of Defendant.

Such a practice violates 29 C.F.R. § 785.19 and show that Plaintiff is similarly

situated to the opt-ins and those she seeks to represent.

C.    Others desire to opt-in

The second prong for this Court to consider in determining whether to

15

certify this action as a collective action and to send out notice is whether there are other individuals who desire to participate in this action. *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999). While an individual plaintiff's idea or assertion that there are others who will certainly join the action is likely insufficient, *Home and United Sews Auto Ass'n*, 279 F.Supp.2d 1231, 1236 (M.D. Ala. 2003), it is clear that statements and consents to join in the lawsuit filed by other employees is sufficient to meet this burden. *White v. Osmose, Inc.,* 204 F.Supp.2d 1309, 1316 (M.D. Ala. 2002); *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947-948 (M.D. Fla. 1994).

After filing the original complaint, four additional current and/or former employees of Defendant have opted into this litigation. The claims of all the Plaintiffs, named and opt-in, are not only similarly situated to each other, but also to the potential class as a whole. Those employees are similarly situated in all relevant respects, being victimized by Defendant's intentional violations of the FLSA subject to a practice common to all hourly employees of Defendant, resulting in not being paid for all overtime hours. Based on this, Plaintiffs would respectfully show unto the Court that they have presented sufficient evidence at this stage to permit certification of this action and the sending out of notice.

The Supreme Court has found that the stated congressional policy of allowing FLSA and ADEA plaintiffs "to proceed collectively" would have little or

16

no significance if notice of the action to potential plaintiffs is not permitted in some form. *Hoffman-La Roche, Inc. v Sperling*, 493 U.S. 165, 170 (1989). The Supreme Court has expressly held, therefore, that the "district courts have discretion, in appropriate cases, to implement 29 U.S.C. §216(b) ... by facilitating notice to potential Plaintiffs." (*Id* at 169). The Court reasoned as follows:

Congress has stated its policy that ADEA[9] plaintiffs should have the opportunity to proceed collectively. A collective action allows plaintiffs the advantage of lower incidental costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues by law and fact arising from the same alleged [unlawful] activity. These benefits, however, depend on employees receiving the collective action, so that they can make informed decisions about whether to participate ... It follows that, once an ADEA action is filed, that the task is accomplished in an efficient and proper way. (*Id* at 170-71).

A court-supervised notice also serves a number of other important goals. Court supervision of the notice process "ensures that all potential plaintiffs receive timely notice of a pending suit, and thus prevents the proliferation of multiple individual suits arising from the same allegedly [unlawful] activity." (*Id* at

---

9The ADEA analysis is applied to the FLSA in *Hoffman-La Roche*.

172*)*, "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits." See also *Harper*, 185 F.R.D. 358.

Plaintiff needs the names, addresses, pay and time records for every hourly time clock employee of Defendant who worked overtime for a week or more during the three years covered by this suit (10/01/04 to the present) or who worked weeks that when paid for all time shown on their time records were present forty plus hours in a work week or eight in a work day. The policies complained of are company wide, therefore the same type FLSA violations would be shown for **every hourly, non-exempt employee of Defendant at this work location.** That is what this case is about. Letting those employees know that their past or current employer has willfully and intentionally not paid them for hours they worked, and is now fighting to keep them from finding out their rights to money they have already earned, but not been paid. Without notice from this Court it is likely that most will never know about what has been done.

D.    *The period for the opt-in class should be three (3) years before the filing of the lawsuit, as opposed to two (2) years.*

The evidence for Plaintiffs, and, upon information and belief, for all potential Plaintiffs, are clear violations of the FLSA. Defendant cannot advance any legitimate argument based on an exemption or exclusion applying to explain why it has failed and refused to pay one and one-half times an hour an employee's

18

regular hourly rate for overtime hours. This could not have happened except for willful misconduct.[10] For the Court to not issue notice for employees affected by the willfulness statute (three years versus two years), would serve as a pre-determination of the lack of willfulness by Defendant. This would be contrary to established case law.[11]

Judge Albritton of the Middle District granted notice for three years for the undersigned in the case of *White v. Osmose*, 204 F.Supp.2d 1309, 1318 (M.D. Al, 2002). The following Northern District judges have adopted the same approach in the following cases for the undersigned: Judge Scott Coogler (*Harris, et al v. Glassforms, Inc.,* 06-CV-00402-LSC*)*; Judge Johnson (*Anderson, et al v. Cinram, Inc.*, CV-06-J-1108-NE); Judge Karon Bowdre (*Cowan, et al v. Talladega Health Care Center, Inc.*, CV-06-BE-0910-E); Judge Inge Johnson (*Bates, et al v. MPW Industrial Services, Inc.*, CV-07-J-1441-NE); Judge Proctor (orally) (*Williams, et al v. McGuffey Health Care, L.L.C.*, CV-06-P-2017-RDP); Judge Johnson (*Earnest, et al v. Warrior Hauling, LLC*, CV 03-J-3354-S); and, Judge Bowdre (*Vladimir Shilkrot v. Clear Channel Entertainment, Inc.*, CV 02-BE-1264-S).

## V.    Conclusion

---

10*McLalin v. Richland Shoe Company*, 108 Supreme Court 1677, 1682 (1988).
11*Chao v. Self Pride, Inc.*, 2005 U.S. Dist. LEXIS 11653 ("generally where a court finds a defendant has violated the FLSA, the affected employees are automatically entitled to liquidated damages under 29 U.S.C. §216(b)" [HN12] *33).

19

The undersigned has filed virtually identical collective actions against other medical facilities in the last two years. In *Cowan v. Talladega Health Care*, Judge Bowdre conditionally certified the class, and an unheard of fifty percent of those to whom notice was sent opted in. In the case of *Priscilla Williams v. McGuffey*, Judge Proctor orally conditionally certified the class, but the matter was settled prior to notice being issued. Several other similar classes have been settled prior to a ruling on conditional certification alleging the same violations of the FLSA. Defendants in those cases, like the one in the matter before this Court, do not adequately staff medical facilities in order to comply with the FLSA on providing unpaid lunches and ensuring that employees are paid for all hours worked. Instead, this Defendant, as have others made the subject of the above cases, has sought to save money at the employee's expense,[12] violating the FLSA in the process. Plaintiffs have met their burden at this stage of the proceeding to conditionally certify the class and to have notice to issue. A proposed notice is submitted as an exhibit to the Motion filed in this matter.

Dated:   February 22, 2008

Respectfully submitted,

/s/ David R. Arendall

_____

David R. Arendall, Plaintiff Counsel

_____

[12]"The FLSA, 29 U.S.C. 201 et seq., was enacted to ensure that employees receive a 'fair day's pay for a fair day's work,' *Overnight Motor Transp. Co. V. Missel*, 316 U.S. 572, 578; 62 S.Ct. 1216, 86 L.Ed. 1682 etc."

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

David Walston, Esq.

/s/ David R. Arendall

Of Counsel

21