IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

PLAINTIFF,

V.  CIVIL ACTION NO.: 2:07-cv-00875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,

DEFENDANTS.

### PLAINTIFFS' EVIDENTIARY SUBMISSIONS TO THEIR BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND TO FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

Plaintiffs file the following evidentiary submissions to their Brief in support of their Motion for Conditional Class Certification.

| No. | Description |
| --- | --- |
| 1 | Declaration of Donna Ohsann |
| 2 | Declaration of Jessica Bennett |
| 3 | Declaration of Vickie Crase |
| 4 | Declaration of Rose M. Phillips-Williams |
| 5 | Declaration of Katie Thomas |

1

6    Excerpts from Employee Handbook

7    Acknowledgment for Missed and/or Shortened Meal Period Reporting

Respectfully submitted,

/s/ David R. Arendall

---
David R. Arendall
Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

David Walston, Esq.

/s/ David R. Arendall

---
Of Counsel

2

EXHIBIT 1

TO

PLAINTIFFS' EVIDENTIARY SUBMISSIONS

PLAINTIFFS' BRIEF IN SUPPORT OF

MOTION FOR

CONDITIONAL CLASS CERTIFICATION

AND TO

FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

## DECLARATION OF DONNA OHSANN

1. My name is Donna Ohsann. I am over the age of 19 years. I reside in Greenville, Alabama.

2. I was employed with L. V. Stabler from July of 1997 until May 18, 2007.

3. I was employed as a Registered Nurse.

4. My rate of pay with L. V. Stabler was $22 per hour.

5. At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6. I worked 12 hour shifts at L. V. Stabler, and worked extra shifts as needed. The work week begins on Sunday and ends on the following Saturday. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8. For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9. Further, there were many times when I would work extra shifts for L. V. Stabler. I was paid for some of this overtime at the rate of 1.5 times my regular hourly rate for hours worked in excess of 40 in work week, but not for all the hours worked.

I declare under penalty of perjury that the above is true and correct.

Executed this 2\9\08 (date).

_____
Donna Ohsann

EXHIBIT 2

TO

PLAINTIFFS' EVIDENTIARY SUBMISSIONS

PLAINTIFFS' BRIEF IN SUPPORT OF

MOTION FOR

CONDITIONAL CLASS CERTIFICATION

AND TO

FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

## DECLARATION OF JESSICA BENNETT

1. My name is Jessica Bennett. I am over the age of 19 years. I reside in Greenville, Alabama.

2. I was employed with L. V. Stabler from August of 2005 until May of 2007.

3. I was employed as a Registration Clerk and a Pharmacy Technician as needed.

4. My rate of pay with L. V. Stabler was $7.35 per hour. I worked a 12 hour shift at L. V. Stabler from 7 p.m. to 7 a.m.

5. At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8. For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

Executed this ___2/9/08___ (date).

_Jessica Bennett_
Jessica Bennett

# EXHIBIT 3

## TO

## PLAINTIFFS' EVIDENTIARY SUBMISSIONS

## PLAINTIFFS' BRIEF IN SUPPORT OF

## MOTION FOR

## CONDITIONAL CLASS CERTIFICATION

## AND TO

## FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

## **DECLARATION OF VICKIE CRASE**

1. My name is Vickie Crase. I am over the age of 19 years. I reside in Pensacola, Florida.

2. I was employed with L. V. Stabler from July 6, 2006, until September 15, 2007.

3. I was employed as a Emergency Room Staff RN.

4. My rate of pay with L. V. Stabler was $21.73 per hour. I worked 12 hour shifts from 7 p.m. until 7 a.m., and at times, from 7 a.m. until 7 p.m.

5. At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8. For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9. Further, there were many times when I would begin my work for L. V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid overtime for this time worked.

I declare under penalty of perjury that the above is true and correct.

Executed this ___Feb 8, 2008___ (date).

_____Vickie Crase_____
Vickie Crase

# EXHIBIT 4

## TO

## PLAINTIFFS' EVIDENTIARY SUBMISSIONS

## PLAINTIFFS' BRIEF IN SUPPORT OF

## MOTION FOR

## CONDITIONAL CLASS CERTIFICATION

## AND TO

## FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

## DECLARATION OF ROSE M. PHILLIPS-WILLIAMS

1. My name is Rose M. Phillips-Williams. I am over the age of 19 years. I reside in Greenville, Alabama.

2. I was employed with L. V. Stabler from March 27, 2006, until June 16, 2006.

3. I was employed as a Admission Technician in the Emergency Room.

4. My rate of pay with L. V. Stabler was $7.20 per hour.

5. At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6. We worked 12 hour shifts at L. V. Stabler. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7. L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8. For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9. Further, there were many times when I would begin my work for L. V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid overtime for this time worked. This was due to the fact that people would call in sick, would be late arriving at work to relieve us or we would be short-handed and the work load was so great.

I declare under penalty of perjury that the above is true and correct.

Executed this ___11th day of Feb, 08___ (date).

_____
Rose M. Phillips-Williams

# EXHIBIT 5

## TO

## PLAINTIFFS' EVIDENTIARY SUBMISSIONS

## PLAINTIFFS' BRIEF IN SUPPORT OF

## MOTION FOR

## CONDITIONAL CLASS CERTIFICATION

## AND TO

## FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

## DECLARATION OF KATIE THOMAS

1. My name is Katie Thomas. I am over the age of 19 years. I reside in Greenville, Alabama.

2. I am employed with L. V. Stabler. I was hired in July of 2004.

3. I am currently employed as an LPN with Home Health for L. V. Stabler. I began with L. V. Stabler working in Admitting on the switchboard. I worked from 7 p.m. until 7 a.m. until August of 2006 at which time I was moved to the day shift. I worked from 7 a.m. until 7 p.m. at that time. I worked days until November of 2006. On January 2, 2007, I began working for L.V. Stabler as an LPN in Home Health. My last rate of pay while working on the switchboard was $7.18 per hour.

4. My current rate of pay with L. V. Stabler is $12.88 per hour.

5. At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6. When I worked the night shift (7 p.m. until 7 a.m.) I was not allowed to leave the switchboard to take my 30 minutes per day for lunch due to my job duties, and no one was there to relieve me.

7. L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. I did not take a full lunch or even lunch at all while I worked the switchboard during the night shift because no one was there to relieve me, and I was unable to leave the switchboard.

8. For all the time I worked for L. V. Stabler on the switchboard at night during lunch, I was not paid by L. V. Stabler.

I declare under penalty of perjury that the above is true and correct.

Executed this 2\12\08 (date).

Katie Thomas
Katie Thomas

# EXHIBIT 6

# TO

# PLAINTIFFS' EVIDENTIARY SUBMISSIONS

# PLAINTIFFS' BRIEF IN SUPPORT OF

# MOTION FOR

# CONDITIONAL CLASS CERTIFICATION

# AND TO

# FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)



# Employee Handbook



Revised 7/2005

Department can provide more information.

Shift differential is not applicable for non-exempt employees whose overtime hours extend into shifts normally entitled to shift differential unless they work a minimum of four hours overtime in the premium shift.

**Performance Evaluations**
You will receive a performance evaluation annually but not later than one year from the last review date. All performance evaluations are criteria-based, which means that your evaluation is based on how well you perform according to established and separate criteria for technical and interpersonal skills. All considerations for merit increases will be conditioned upon a satisfactory performance evaluation.

**On Call/Call Back**
You may be eligible for special compensation for on-call (when you must be available at any time) situations. Non-exempt employees who were relieved from active work and placed on an on-call status due to low patient census will receive on-call pay for the balance of their shift. If called back to work within the normal shift, an overtime situation will not exist unless the actual hours worked in that day, excluding any on-call time, place the employee in an overtime status, or the hours worked in such week exceed 40.

**Rest Periods**
The number of breaks allowed will depend on applicable law and the needs of the department. Breaks may not be accumulated nor may they be taken within an hour of arrival at or departure from work or a meal period. Your supervisor will advise you if and when breaks may be taken.

**Meal Periods**
Employees who are scheduled to work a shift of at least six hours duration may take an uninterrupted 30-minute unpaid meal break. For meal periods of 30 minutes or more in duration, you will be required to clock "out/in". Meal periods shall be established by your supervisor and may change to conform to work schedules or business needs. Time worked due to work related issues in lieu of meal periods must be approved by the supervisor and documented on the departmental log. Meals may not be eaten at workstations, but must be eaten in the cafeteria or other designated break areas. Non-exempt (hourly) employees must notify their supervisors if they miss their meal periods or are unable to take a full 30-minute meal break due to work issues

**Low Census Periods**
The hospital will use its best efforts to ensure that all employees work their full complement of scheduled hours each pay period. However, unforeseen fluctuations in census and workload may require adjustments to work schedules. If you are called off from a scheduled shift due to low patient census, you may use vacation hours in one-hour increments for all or the remainder of your shift, if approved by your supervisor.

**Pay Corrections**
If there is an error on your paycheck, please report it immediately to your supervisor, who will then notify the Payroll Department as soon as possible. As a general rule, any resulting corrections will be reflected on the next paycheck. Exceptions to this rule must be approved by the facility's chief executive officer.

28

## V.
## COMPENSATION

**Work Week/Pay Day**
The typical workweek begins at 12:01 each Sunday morning and ends at midnight on the following Saturday. You will be advised if your workweek will deviate from this. Payday for employees is every other Friday. Employees may pick up their paychecks from their department supervisor. Employees must sign for their paychecks.

Paychecks not picked up before 4:00 p.m. on Thursday will be returned to the payroll department. These paychecks can be picked up during normal business hours from 8:00 a.m. to 5:00 p.m. Monday through Friday.

**Direct Deposit**
Employees may have their paychecks deposited directly to a bank checking or savings account by completing the necessary forms available in the Payroll Department

**Clocking In/Clocking Out**
Non-exempt employees must follow these simple guidelines:



- You should not clock in more than seven minutes before or after the actual start of the shift, and clock out as nearly as possible to the time your shift actually ends.
- Always clock "out" and back "in" if you leave the facility for lunch or for personal business.
- In the event you forget to clock "in" or "out", it is your responsibility to advise your supervisor.
- You are not required to clock "out" and "in" if you eat lunch in the facility.
- You will be required to clock "out"/"in" for meal periods of 30 minutes or more.

You may only enter your identification badge into the time clock. You may not enter another employee's identification badge into the time clock or ask another employee to enter yours. Violations of this policy may result in immediate dismissal of either or both employees.

**Overtime**
Because our hospital operates on a 24-hour basis, it is sometimes difficult to operate on a completely regular schedule. When overtime is necessary, the Hospital will attempt to offer work in an equitable fashion to employees based on skill and ability within the department in accordance with the guidelines below. All overtime must be approved in advance.

Employees not exempt from overtime will (1) be paid one and one-half times their regular rate of pay (base pay plus differentials, on call pay bonuses, or other time deemed as compensable working time) for all hours worked over 40 hours in any workweek or according to the 8/80 pay option, whichever applies; or their shift may be adjusted within the workweek. For purposes of determining what constitutes overtime, only actual hours worked in a given workweek will be counted (i.e., days off for holidays, vacation, sick leave, jury duty, or other leave periods are not included).

**Shift Differential**
Non-exempt employees may be eligible for shift differential for shifts worked that begin before or after normal daytime shifts. For scheduled shifts that are split between shifts, the shift differential will only apply to those hours worked in the shift entitled to shift differential. The Human Resources

27

# EXHIBIT 7

# TO

# PLAINTIFFS' EVIDENTIARY SUBMISSIONS

# PLAINTIFFS' BRIEF IN SUPPORT OF

# MOTION FOR

# CONDITIONAL CLASS CERTIFICATION

# AND TO

# FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

# ACKNOWLEDGMENT
# FOR MISSED AND/OR SHORTENED
# MEAL PERIOD REPORTING

By signing this acknowledgment, I certify that I received training during new hire and/or department orientation and fully understand the reporting process associated with missed and/or shortened meal periods.

I further understand that it will be my initial responsibility to report any missed and/or shortened meal periods (of less than 30 minutes) to my supervisor/department head.

I also understand that I will be given the opportunity to review and approve payroll detail reports for any missed and/or shortened meal period exceptions, which will be illustrated as time worked and considered for overtime purposes.

_____          _____
Employee's Signature                                      Date

_____          _____
Human Resources Representative                Date

Or

_____          _____
Supervisor's Signature                                    Date

# TIME CARD EXCEPTIONS
# FOR MISSED AND/OR SHORTENED
# MEAL PERIODS

I understand that I am entitled to a 30 minute unpaid meal period whenever I work more than six consecutive hours in a workday. I hereby certify that on the date(s) below I missed a meal period or my meal period was shortened to less than 30 minutes due to work-related issues.

| Date of Missed or Shortened Meal Period | Employee's Signature | Date Reported | Reason for Missed or Shortened Meal Period |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

_____    _____
Supervisor's Signature                                Date


| For Administrative Purposes Only: |
|---|
| Date Forwarded to Payroll:_____ Supervisor's Initials_____ |

O:\Forms\form44-time card exceptions for missed or shortened meal periods.doc          HR FORM 44