## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**DONNA OHSANN,**

**PLAINTIFF,**

**V.**                          **CIVIL ACTION NO.: 2:07-cv-00875-WKW**

**L. V. STABLER HOSPITAL and**
**COMMUNITY HEALTH SYSTEMS**
**PROFESSIONAL SERVICES CORPORATION,**

**DEFENDANTS.**

### PLAINTIFFS' SUPPLEMENTAL EVIDENTIARY SUBMISSIONS
### TO THEIR BRIEF IN SUPPORT OF
### MOTION FOR CONDITIONAL CLASS CERTIFICATION AND
### TO FACILITATE COURT-APPROVED NOTICE UNDER 29 U.S.C. §216(b)

Plaintiffs file the following supplemental evidentiary submissions to their

Brief in support of their Motion for Conditional Class Certification.

| No. | Description |
| --- | --- |
| 9 | Amended Declaration of Donna Ohsann, dated April 3, 2008 |
| 10 | Amended Declaration of Jessica Bennett, dated April 1, 2008 |
| 11 | Amended Declaration of Vickie Crase, dated April 1, 2008 |
| 12 | Amended Declaration of Rose M. Phillips-Williams, dated April 1, 2008 |

1

13      Declaration of Katie Thomas

14      Additional excerpts from Employee Handbook


                                    Respectfully submitted,


                                    /s/ David R. Arendall
                                    _____
                                    David R. Arendall
                                    Counsel for Plaintiff

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

David Walston, Esq.


                                    /s/ David R. Arendall
                                    _____
                                    Of Counsel


2

# EXHIBIT 9

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

## AMENDED DECLARATION OF DONNA OHSANN

1.    My name is Donna Ohsann. I am over the age of 19 years. I reside in Greenville, Alabama.

2.    I was employed with L. V. Stabler from July of 1997 until May 18, 2007.

3.    I was employed as a Registered Nurse.

4.    My rate of pay with L. V. Stabler was $22 per hour.

5.    At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6.    I worked 12 hour shifts at L. V. Stabler, and worked extra shifts as needed. The work week begins on Sunday and ends on the following Saturday. I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7.    L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8.    For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9.    Further, there were many times when I would work extra shifts for L. V. Stabler. I was paid for some of this overtime at the rate of 1.5 times my regular hourly rate for hours worked in excess of 40 in work week, but not for all the hours worked. The Defendant was aware of the overtime I worked for which I was not paid.

10.    During the course of my employment, I regularly worked over 40 hours in a work week. The practices of Defendant have resulted in a loss of my overtime pay.

11.     To the extent I performed work for the benefit of Defendant, pre shift, during lunch, and/or post shift, I worked off of the clock.  To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay.

12.     I was not paid for all hours worked in excess of 40 in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations.

I declare under penalty of perjury that the above is true and correct.

Executed this 4-3-08 (date).

Donna Ohsann

# EXHIBIT 10

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

## AMENDED DECLARATION OF JESSICA BENNETT

1.     My name is Jessica Bennett. I am over the age of 19 years. I reside in Greenville, Alabama.

2.     I was employed with L. V. Stabler from August of 2005 until May of 2007.

3.     I was employed as a Registration Clerk and a Pharmacy Technician as needed.

4.     My rate of pay with L. V. Stabler was $7.35 per hour. I worked a 12 hour shift at L. V. Stabler from 7 p.m. to 7 a.m.

5.     At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6.     I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7.     L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8.     For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9.     During the course of my employment, I regularly worked over 40 hours in a work week. L. V. Stabler was aware of the overtime I worked for which I was not paid. The practices of Defendant have resulted in a loss of my overtime pay.

10.     To the extent I performed work for the benefit of Defendant, pre shift, during lunch, and/or post shift, I worked off of the clock. To the extent I worked over 40 hours in a

work week when I worked off the clock, I was not paid overtime pay with the knowledge of L. V. Stabler.

11.     I was not paid for all hours worked in excess of 40 in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations.

Executed this ___April 1 2008___ (date).

_Jessica Bennett_
Jessica Bennett

# EXHIBIT 11

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

## AMENDED DECLARATION OF VICKIE CRASE

1.      My name is Vickie Crase. I am over the age of 19 years. I reside in Pensacola, Florida.

2.      I was employed with L. V. Stabler from July 6, 2006, until September 15, 2007.

3.      I was employed as a Emergency Room Staff RN.

4.      My rate of pay with L. V. Stabler was $21.73 per hour. I worked 12 hour shifts from 7 p.m. until 7 a.m., and at times, from 7 a.m. until 7 p.m.

5.      At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6.      I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7.      L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8.      For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9.      Further, there were many times when I would begin my work for L. V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. L. V. Stabler was aware of this time worked for which I was not paid. I was not paid overtime for this time worked.

10.      During the course of my employment, I regularly worked over 40 hours in

a work week. The practices of Defendant have resulted in a loss of my overtime pay.

11.    To the extent I performed work for the benefit of Defendant, pre shift, during lunch, and/or post shift, I worked off of the clock. To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay.

12.    I was not paid for all hours worked in excess of 40 in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ *April 1, 2008* (date).

_____ *Vickie Chase* _____
Vickie Crase

# EXHIBIT 12

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

## <u>AMENDED DECLARATION OF ROSE M. PHILLIPS-WILLIAMS</u>

1.    My name is Rose M. Phillips-Williams.  I am over the age of 19 years.  I reside in Greenville, Alabama.

2.    I was employed with L. V. Stabler from January of 2006 until July of 2006.

3.    I was employed as a Admission Technician in the Emergency Room.

4.    My rate of pay with L. V. Stabler was $7.20 per hour.

5.    At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6.    We worked 12 hour shifts at L. V. Stabler.  I was rarely allowed to take my full 30 minutes per day for lunch due to my job duties.

7.    L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch.  Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my station.

8.    For all the time I worked for L. V. Stabler during lunch, I was not paid by L. V. Stabler.

9.    Further, there were many times when I would begin my work for L. V. Stabler before my shift actually began.  I also continued to work after my shift

ended because of the work load and because of short staffing. I was not paid overtime for this time worked. This was due to the fact that people would call in sick, would be late arriving at work to relieve us or we would be short-handed and the work load was so great.

10.    During the course of my employment, I regularly worked over 40 hours in a work week. L. V. Stabler was aware of the overtime that I worked for which I was not paid. The practices of Defendant have resulted in a loss of my overtime pay.

11.    To the extent I performed work for the benefit of Defendant, pre shift, during lunch, and/or post shift, I worked off of the clock. To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay.

12.    I was not paid for all hours worked in excess of 40 in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations.

I declare under penalty of perjury that the above is true and correct.

Executed this _____1 day of April 2008_____ (date).


_____
Rose M. Phillips-Williams

# EXHIBIT 13

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

## AMENDED DECLARATION OF KATIE THOMAS

1.　　My name is Katie Thomas. I am over the age of 19 years. I reside in Greenville, Alabama.

2.　　I am employed with L. V. Stabler. I was hired in July of 2004.

3.　　I am currently employed as an LPN with Home Health for L. V. Stabler. I began with L. V. Stabler working in Admitting on the switchboard. I worked from 7 p.m. until 7 a.m. until August of 2006 at which time I was moved to the day shift. I worked from 7 a.m. until 7 p.m. at that time. I worked days until November of 2006. On January 2, 2007, I began working for L.V. Stabler as an LPN in Home Health. My last rate of pay while working on the switchboard was $7.18 per hour.

4.　　My current rate of pay with L. V. Stabler is $12.88 per hour.

5.　　At all times while employed with L. V. Stabler I was classified as a non-exempt, hourly paid employee.

6.　　When I worked the night shift (7 p.m. until 7 a.m.) I was not allowed to leave the switchboard to take my 30 minutes per day for lunch due to my job duties, and no one was there to relieve me.

7.　　L. V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I took only a portion of the time for my lunch. I did not take a full lunch or even lunch at all while I worked the switchboard during the night shift because no one was there to relieve me, and I was unable to leave the switchboard.

8.　　For all the time I worked for L. V. Stabler on the switchboard at night during lunch, I was not paid by L. V. Stabler.

9.　　During the course of my employment, I regularly worked over 40 hours in a work week. The Defendant was aware of the overtime hours I worked. The practices of Defendant have resulted in a loss of my overtime pay.

10.    To the extent I performed work for the benefit of Defendant, pre shift, during lunch, and/or post shift, I worked off of the clock. To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay.

11.    I was not paid for all hours worked in excess of 40 in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations.

I declare under penalty of perjury that the above is true and correct.

Executed this _____(date).

Katie Thomas

# EXHIBIT 14

# TO PLAINTIFFS'

# SUPPLEMENTAL EVIDENTIARY

# SUBMISSION TO THEIR BRIEF

# IN SUPPORT OF THEIR

# MOTION FOR CONDITIONAL

# CLASS CERTIFICATION

# Human Resources

## Policies and Procedures

Managers Manual

# CHS

## 6.0    PERFORMANCE IMPROVEMENT PLAN

To assist with identifying tangible goals and objectives for employees needing performance improvement, the supervisor should develop a Performance Improvement Plan (Form 34) addressing key areas of improvement needed. The employee must sign this form once all objectives and associated outcomes are understood. A copy of this signed plan should be forwarded to the Human Resources Department for inclusion in the employee's personnel file.

## 7.0    CONDUCT WHICH MAY LEAD TO DISCIPLINARY ACTION

It is not possible to list all acts or misconduct that may result in disciplinary action. The following list is merely a guideline of some of the more obvious types of actions or misconduct which may result in immediate termination or disciplinary action:

Behavior that will result in immediate termination:
- Possession of illegal drugs, weapons, firearms or incendiary devices on facility premises.
- Theft or attempted theft of facility property or patient property.
- Patient abuse or neglect.
- Falsification of documents including employment application forms or medical records, including omitting pertinent information.
- Intentional "No Call, No Show" absence.
- Deliberate destruction of any facility property.
- Deliberate misuse of any facility property.
- Violation of patient confidentiality or disclosure of confidential employee records
- Refusal to submit to drug or alcohol screening or searches at the facility's request.
- Unauthorized consumption of, or possession of, alcohol on hospital or facility premises.
- Sleeping while on duty.
- Conviction of a felony.

Other behavior that will result in disciplinary action, up to and including termination:

- Unsatisfactory work performance.
- Disorderly conduct that may endanger the well-being of any employee, patient or visitor on facility premises.
- Unauthorized consumption of, or possession of, alcohol on hospital or facility premises.
- Use of illegal drugs or abuse of any drugs on or off facility premises.
- Violation of Policy B.4 (Substance Abuse Testing/Fitness for Duty).
- Abuse of property of patients, guests or fellow employees.
- Threatening, intimidating, coercing, using abusive language, or otherwise interfering with the job performance of fellow employees or visitors.
- Insubordination or refusal to comply with instructions or failure to perform assigned tasks.
- Use of hospital or facility material, time or equipment for personal use or for the manufacture or production of any article for unauthorized purposes or for personal use.
- Harassment of employees, patients or facility visitors.
- Immoral or indecent conduct in the judgment of the hospital.

- Excessive Absenteeism or Tardiness (see Policy B.2).
- Gambling or playing games of chance on facility property.
- Failure to maintain a required license, certification, or registration or working without a mandatory license, certification or registration.
- Failure to attend a required orientation session during the Introductory Period or refusal to attend mandatory re-orientation sessions.
- Violation of the Company's Compliance Program, including the Code of Conduct.
- Unauthorized absence from the facility during working hours without authorization
- Refusal to comply with OSHA standards (i.e., not wearing personal protective equipment in all high-risk areas).
- Serious breach of e-mail confidentiality.

## 8.0    ARREST OR INDICTMENT OF EMPLOYEE

When an employee is arrested or indicted, management shall immediately consider all available facts and determine whether the employee should be allowed to continue employment, terminated, or placed on investigative suspension without pay until more information is obtained. The arrest or indictment of an employee shall not delay his/her termination if the process was underway at the time of arrest or indictment.

While an arrest or indictment is only an accusation of wrongdoing, the decision to terminate an arrested or indicted employee may be made when there is a clear and pressing need because:

- The employee is incarcerated.
- The employee's presence at work would cause substantial disruption to the workforce.
- The crime for which the employee is accused is of such a grave nature that it adversely affects the legitimate business interests of the facility.
- The nature of the crime is such that allowing the accused employee to work presents a "good faith" probability of harm to other employees, patients or visitors.

## RELATED FORMS

Form 33    Disciplinary Action Form
Form 34    Performance Improvement Plan (with sample plan)

option, an employee must be paid overtime for all time worked in excess of 8 hours each day and all hours worked in excess of 80 hours in each 2-week pay period. Each 40-hour week may not be considered independently. Where state law requires that a more liberal Overtime formula be utilized, the facility must also comply with the applicable state law.

## 7.0     SPECIAL CONSIDERATIONS

The facility may, at its option, schedule all employees or groups of employees for regular workweeks of less than 40 hours (e.g., 37.5 hours each week). At these facilities, employees who work more than the 37.5 scheduled hours, *but less than 40 hours* in one week, are paid at their regular rate of pay. Any hours worked beyond 40 per week will be paid at the Overtime rate.

## 8.0     PROCEDURES

- All Overtime hours must be approved in advance by the department manager/supervisor. Employees who work Overtime without supervisory approval will be paid for the Overtime but may be subject to disciplinary action.

- Any Overtime must be reported in six-minute increments (tenths of an hour). For employees who work at more than one CHS facility in a non-exempt capacity, hours worked at all entities must be aggregated for computation of Overtime. Payment of Overtime compensation shall be issued from the employee's home facility.

- Overtime hours must be processed during the pay period in which they were worked. Hours that bridge two pay periods or weeks must be allocated in the actual pay period worked and may not be pushed forward or backward into prior or subsequent pay periods.

## 9.0     REGULAR RATE DETERMINATIONS

The chart below lists payments that generally must be included in an employee's Regular Rate and payments that can be excluded from the Regular Rate.

### Included in Regular Rate

- Hourly wage payments
- Piece-rate payments
- Commission payments
- Payments for all meals, lodging, facilities
- Shift differentials
- Hazardous, arduous, or dirty work premiums
- Bonuses dependent on hours worked
- Prizes for quality, quantity, or efficiency
- Tip credit used by employer to fulfill minimum wage requirements
- Bonuses and incentive payments based on quality, quantity, or efficiency
- On-call pay

| | |
|---|---|
| Page 4 of 5 | |
| Effective 3/01/06 (rev.) | |
| Approval_____ | |

## 1.0    PURPOSE

To establish a policy relating to breaks and meal periods in accordance with state and federal laws.

## 2.0    DEFINITION

*Workday*  |  The normal workday for most employees will be eight hours, excluding an unpaid meal period. For some employee classifications, the workday may vary (i.e., 10-, 12- or 24-hours) depending on the work assignment.

## 3.0    POLICY

All break and meal periods must be in strict compliance with applicable state and federal laws.

## 4.0    BREAKS/REST PERIODS

Non-exempt employees may arrange with their supervisor for a break(s) or rest period(s) during the workday. Such breaks count as work time, shall be approved in advance with the supervisor, and must not result in an interruption of necessary services. Breaks may not be accumulated or taken at the beginning or end of a shift.

## 5.0    MEAL PERIODS

Employees who work six or more continuous hours are eligible to receive an unpaid meal period of 30 minutes. The meal period will be unpaid only when the employee is completely off duty. Employees who remain on duty at their workstations during their 30-minute meal period must be paid for the time worked. Meal periods should not be scheduled at the start or end of a shift unless approved in advance by the supervisor. Time worked in lieu of meal periods will be considered for overtime purposes.

### 5.1    EMPLOYEE'S RESPONSIBILITIES

- Employees must clock out for meal periods of more than 30 minutes.
- Employees must clock out for any meal period taken off-site, regardless of duration.
- Employees should complete a Time Card Exception (Form 44) when they miss or encounter a shortened meal period (less than 30 minutes) due to work issues.
- Employees will be required to review and approve a Kronos and/or other payroll detail report that illustrates each meal period deduction and each missed meal period.

### 5.2    SUPERVISOR'S RESPONSIBILITIES

- The supervisor/department head will forward the departmental meal period report to the payroll department on a weekly basis.
- The supervisor will ensure that each employee reviews and approves the Kronos or other payroll report for accuracy.
- During departmental orientation, the supervisor will provide all employees with the location and department specific process, if any, related to the meal period log.

| |
|---|
| Page 1 of 2 |
| Effective 06/01/04 (rev./corrected) |
| Approval_____ |