IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNA OHSANN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.** |
| vs. | * | |
| | * | **2:07-cv-00875-WKW** |
| **L. V. STABLER HOSPITAL, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

_____

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO TOLL THE STATUTE OF LIMITATIONS**
_____

Defendants, Greenville Hospital Corporation d/b/a L.V. Stabler Hospital and Community Health System Professional Services Corporation, in accordance with this Court's Order of April 4, 2008, show cause why Plaintiff's Motion to Toll the Statute of Limitations should be denied.

1.   The Plaintiff seeks to have the Court toll the statute of limitations provided in the Fair Labor Standards Act for individuals who may seek to opt-in to any collective action certified by the Court from the date of the filing of her motion to toll.

2. The Plaintiff cites no statutory or legal authority to support her motion for the simple reason that there is none.

3. Under the FLSA, a cause of action accrues each time an employer fails to include required overtime compensation in an employee's pay. The statute of limitations begins to run anew with respect to each such violation. *Knight v. Columbus, Georgia*, 19 F.3d 579, 581 (11th Cir. 1994) (citing *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.") (internal quotation marks and citations omitted).

4. Thus, under the statute of limitations of the FLSA, a plaintiff may seek unpaid minimum wages or overtime or liquidated damages for a period of two years (three years if a plaintiff is able to prove a willful violation) for the period immediately preceding the commencement of an action. See 29 U.S. C. § 255(a).[1]

---

[1] FLSA, 29 U.S.C. § 255(a) states:

> (a) if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful

5.    The Fair Labor Standards Act specifically provides when a action for individuals seeking to opt-in pursuant to 29 U.S. C. § 216(b) commences:

> ... in the case of a collective or class action instituted under the [FLSA], . . . it shall be considered to be commenced in the case of any individual claimant–
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S. C. § 256. The FLSA expressly provides a statute of limitations for opt-in plaintiffs. It does not run from the date a motion for class certification is filed as the Plaintiff would have this court allow. The FLSA states that any plaintiff who wishes to opt- in to a FLSA lawsuit **must** file a **written consent** with the court within the time prescribed by statute before they are deemed to be a party to the action.

6.    This conclusion is supported by Eleventh Circuit precedent. In *Grayson v. K Mart Corp.,* 79F.3d 1086 (11th Cir. 1996), several plaintiffs filed a complaint on

---

violation may be commenced within three years after the cause of action accrued;.

October 29, 1992, alleging violations of the Age Discrimination in Employment Act[2]

On October 18, 1994, the plaintiffs filed an amended complaint alleging a collective class action. The plaintiffs sought to commence the running of the statute of limitations for subsequent opt-in plaintiffs as of the date the initial complaint was filed. *Id.* The Eleventh Circuit rejected this argument:

> Although we agree that the October 18, 1994 class action amendment which Judge Shoob granted should relate back to the October 29, 1992 complaint, we disagree with the plaintiffs' contention that the statutes of limitations are tolled for opt-in plaintiffs when the class complaint is filed. The issue of when an opt-in plaintiff is deemed to commence his civil class action (and thus toll the statute of limitations on his claim) is a question of law over which we exercise *de novo* review. We are persuaded by K Mart's argument that opt-in plaintiffs commence an ADEA civil action, not when the complaint is filed, but when the putative plaintiff files a written consent to opt into the class action.
>
> It is undisputed that named plaintiffs commence their civil action upon the filing of their complaint. However, we have not as yet addressed, and the circuits are split on, the issue of when a civil action is deemed to be commenced by an *opt-in plaintiff* in an ADEA class action. At the root of this controversy is whether ADEA opt-in actions should be governed by the tolling principle of the Fair Labor Standards **\*1106** Act or that of Title VII. The Eighth Circuit

---

[2] "[t]he legislative history of both §216(b) [of the FLSA] and the ADEA show that Congress meant for ADEA actions to be governed by the tolling principle of § 256 of the FLSA." *Grayson,* 79 F.3d at 1106.

> has held that because the ADEA provides for opt-in joinder by incorporating § 216(b) of the FLSA, that ADEA opt-in plaintiffs should, under 29 U.S.C. § 256(a) of the FLSA, be deemed to commence their civil action only when they file their written consent to opt into the class action. On the other hand, the Third Circuit has reasoned that because the ADEA did not specifically incorporate 29 U.S.C. § 256(a) of the FLSA, that Congress did not intend for ADEA actions to be subject to that tolling rule. That court has instead noted that because the ADEA shares many similarities with Title VII, the statute of limitations for ADEA opt-in plaintiffs should be tolled by the filing of the original class complaint.
>
> We are persuaded that the Eighth Circuit's opinion in *O'Connell* states the better view: that is, that ADEA opt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action.

*Grayson*, 79 F.3d at 1105-06 *(footnotes and citations omitted)*.

7. The doctrine of equitable tolling does not serve to alter this express statutory limitation. To invoke this doctrine, a plaintiff must show that "she was misled by defendant or its agents so that [s]he delayed suit because of (a) an affirmative statement that the statutory period to bring the action was no longer that it actually was, or (b) promises to make a better settlement of the claim if the plaintiff did not bring suit or (c) comparable representations and conduct." *Keefe*, 867 F.2d at 1323-24 (*citing Burke v. Gateway Clipper, Inc.,* 441 F.2d 946, 949 (3rd Cir. 1971)(footnotes omitted)); (additional citations omitted).

8. The Plaintiff has not alleged or made any such showing here. There is no allegation that any representative of the defendants made any representation of engaged in any conduct that caused putative collective action members from joining in the initial complaint or filing consents prior to the court's ruling of Plaintiff's Section 216(b) motion.

9. The Plaintiff has asserted no legal or equitable basis to support her motion for tolling. To grant Plaintiff's request to toll the statute of limitations for opt-in plaintiffs would exceed the parameters set forth by 29 U.S.C. §§ 255 and 256. By law, a putative plaintiff's action does not commence until a written consent to opt-in to the lawsuit is filed with the court. The Plaintiffs have not produced any evidence demonstrating that any conduct ion the part of the defendants warrants equitable tolling of the statute of limitations.

WHEREFORE, PREMISES CONSIDERED, Defendants Greenville Hospital Corporation d/b/a L.V. Stabler Hospital and Community Health System Professional Services Corporation request that this Court deny Plaintiff's Motion to Toll the Statute of Limitations.

/s/   David B. Walston

>Attorney for Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital and Community Health Systems Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Defendants' Opposition to Plaintiff's Motion to Toll the Statute of Limitations was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this April 14, 2008:

>David R. Arendall, Esq.
>Allen D. Arnold, Esq.
>Arendall & Associates
>2018 Morris Avenue
>Birmingham, AL 35203

>/s/ David B. Walston
>Of Counsel