IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNA OHSANN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.** |
| vs. | * | |
| | * | **2:07-cv-00875-WKW** |
| **L. V. STABLER HOSPITAL, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

_____

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DECLARATIONS, AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF**
_____

Defendants, Greenville Hospital Corporation, d/b/a L.V. Stabler Hospital, and Community Health System Professional Services Corporation, respectfully request this Court to strike the supplemental declarations and other evidentiary submissions filed by Plaintiff in with her reply brief. In the alternative, Defendants request leave to file a sur-reply to respond to the new evidence introduced by the Plaintiff. In support of this motion, the Defendants show the Court as follows:

1.  Plaintiff filed a Motion for Conditional Class Certification on February 22, 2008.

2. The Court's order governing the submissions the parties to file briefs and evidence in support of and in opposition to the Plaintiff's motion states in pertinent part:

> 1. Plaintiff shall file her motion for conditional class certification and court-authorized notice, supporting brief *and any evidentiary submission*, and proposed notice form on or before February 22, 2008.
>
> 2. The defendants shall file a response brief, *any evidentiary submission*, and any objection to the proposed notice form on or before March 28, 2008
>
> 3. The plaintiff may file a reply brief on or before March 28, 2008.[1]

*Order, January 11, 2008 (Document 18).*

3. The Court's Order expressly provides that any evidentiary submission of the Plaintiff is to be submitted with the Plaintiff's motion and initial brief. Absent from this Order is any provision for the Plaintiff to submit additional evidence with her Reply Brief.

4. By means of the supplemental evidentiary submission (which includes amended declarations from putative class members) accompanying her Reply Brief, the Plaintiff attempts to correct evidentiary deficiencies in her Motion

---

[1] By subsequent order, the Court extended the deadlines for the filing of response and reply briefs but did not alter its submission order in any other manner.

for a Conditional Class Certification, deficiencies revealed by the Defendants in their opposition to Plaintiff's motion.

5.  Plaintiff's attempt circumvents not only this Court's submission order to the prejudice of the Defendants, it attempts to circumvent Rule 6(d), Fed.R.Civ.P.

6.  Rule 6(d), Fed. R. Civ. Pro., provides that "[w]hen a motion is supported by affidavit, the affidavit **shall** be served with the motion." (emphasis added).   The Eleventh Circuit has noted that, "absent an affirmative showing by the non-moving party of excusable neglect according to Fed. R. Civ. P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time affidavits." *Clinkscales v. Chevron U.S.A., Inc.,* 831 F.2d 1565 (11th Cir. 1987); see also, *Gary v. Georgia Dept. of Human Resources,* 2006 WL 2946842 (11th Cir. (Ga.) 2006)(court affirmed the district court's decision to strike an untimely affidavit, in part, because their was no evidence of excusable neglect).

7.  In this case, Plaintiff seeks to circumvent Rule 6(d) by filing supplemental sworn declarations with her reply brief.[2]  In her motion for leave to file the declarations, Plaintiff cites no reason, and certainly no excusable reason, as

---

[2] The Plaintiff filed a Motion for Leave to file Supplemental Affidavits, but the Plaintiff filed the Supplemental affidavits prior to receiving permission from the Court.

to why the original affidavits could not have included the additional facts. Rather, Plaintiff merely argues that the supplemental affidavits are needed to correct deficiencies – *legal deficiencies identified in Defendants' response* – in the original declarations.

8.   This is not a situation where the Plaintiff discovered new information after she filed her initial motion. The Plaintiff and the putative class members who executed the declarations had the same information prior to filing the motion for condition class certification as they did when they executed and filed supplemental declarations.

9.   This is not a situation in which a plaintiff seeks to introduce new testimony from entirely new witnesses. The supplemental declarations are from the same individuals who executed the initial declarations.

10.   This is not a situation in which a plaintiff seeks to provide information or testimony that was not sought in a deposition. Under the court's submission order, the Plaintiff had an affirmative duty to submit any evidence she wished to submit in support of her motion at the time she filed her motion.

11.   The Plaintiff had the full opportunity to allege the facts she now attempts to put before the Court in the initial declarations, and the Plaintiff's

argument that a "second chance" is needed to "clean up" the evidentiary record, does constitute "excusable neglect."

12. Allowing the Plaintiff the opportunity to supplement the evidence would have the effect of allowing the Plaintiff to have a second bite at the apple after the defendants have proven her first bite to be insufficient as a matter of law.

13. Allowing the Plaintiff to supplement her evidence would prejudice the Defendants, as it would deprive the Defendants with the chance to respond to the new evidence. See, *Boustead v. Barancik*, 151 F.R.D. 102 (E.D. Wis. 1993)(district court struck the supplemental affidavit, noting that by introducing new factual assertions, the filing party left the opposing side with no opportunity to respond).

WHEREFORE, premises considered, Defendants, Greenville Hospital Corporation, d/b/a L.V. Stabler Hospital, and Community Health System Professional Services Corporation, respectfully request this Court to strike the supplemental affidavits and other evidentiary submissions filed by Plaintiff with her Reply Brief. In the alternative, Defendants request leave to file a sur-reply with the Court to respond to the new evidence introduced by the Plaintiff.

/s/   David B. Walston

Attorney for Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital and Community Health Systems Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:  (205) 795-6588
Facsimile:   (205) 328-7234

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Defendants' Motion to Strike was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this April 16, 2008:

David R. Arendall, Esq.
Allen D. Arnold, Esq.
Arendall & Associates
2018 Morris Avenue
Birmingham, AL 35203

/s/ David B. Walston
Of Counsel