IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

    PLAINTIFF,

V.                    CIVIL ACTION NO.:  2:07-cv-00875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,

    DEFENDANTS.

**REPLY TO DEFENDANT'S OPPOSITION
TO TOLL STATUTE OF LIMITATIONS**

COMES NOW the Plaintiff and respond to Defendant's Opposition as follows:

1.    Plaintiff filed a Motion to Toll Statute of Limitations while this Court is allowing the parties to brief Plaintiff's Motion for Conditional Class Certification, consider the briefs and rule on this matter.  That is an extremely reasonable request, and it is surprising that Defendant would oppose such a request.  More surprising is that Defendant would write an eight page brief in response to a two page motion.

2.    The undersigned filed a virtually identical motion before Judge Bowdre in the case of *Gavin v. The Healthcare Authority for Medical West, an affiliate of UAB Health System*, Case No. CV-07-BE-1902-S.  That Court granted Plaintiff's

1

Motion to Toll for the same reasons (Document Numbers 15 and 16).

  3. The FLSA case law cited by Defendant deals with tolling the statute of limitations for opt-in plaintiffs back to the date of the original filing of the complaint. That is completely different than the request made of this Court to simply toll the statute from the point that Plaintiff filed her Motion for Conditional Class Certification until potential members of the class are provided notice of this action and have an opportunity to join. For one thing, Plaintiff has asked for a tolling for a relative short period of time. Secondly, Plaintiff's request is completely logical.

  4. Defendant concludes its motion by citing a number of non-binding district court decisions wherein a request for equitable tolling was denied. There is no question that this Court has the authority to equitably toll the statute of limitations for the several week period requested by Plaintiff. It is unlikely that any claim of a opt-in class member would be waived by the tolling of such statute. The only effect would be in regards to damages for Defendant's willful violations of the FLSA.

  5. "The FLSA, 29 U.S.C. § 201, *et seq* was enacted to ensure that employees receive a 'fair day's pay for a fair day's work'" (*Overnight Motor Transportation Company v. Missel*, 316 U.S. 572, 578, 62 S.Ct. 1216, 86 L.Ed. 1282; *Dybach v. Florida Dept of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1999))... We

join the Second Circuit in concluding that the "broad remedial purpose of the act" (*Braunstein*, 600 F.2d 336) is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to "opt-in" if they so desire and by the district court's exercise of that power under appropriate conditions."

For the above reasons, Plaintiff renews its Motion to Toll Statute of Limitations.

Respectfully submitted,

/s/ David R. Arendall

_____
David R. Arendall, Plaintiff Counsel

OF COUNSEL:
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office; 205.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:   David Walston, Esq.

/s/ David R. Arendall

_____
Of Counsel

3