# IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

DONNA OHSANN,                    *
                                 *
      Plaintiff,             *
                                 *          CIVIL ACTION NO.
vs.                              *
                                 *          2:07-cv-00875-WKW
L.  V.  STABLER HOSPITAL, et al., *
                                 *
      Defendants.            *

_____

## DEFENDANTS' SUPPLEMENTAL SUBMISSION IN RESPONSE TO PLAINTIFF'S SUBMISSION OF AMENDED DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, ETC.

_____

Richard E. Smith
David B. Walston
Joi C. Scott

Attorneys for Greenville Hospital
Corporation and Community Health System
Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:   (205) 795-6588
Facsimile:    (205) 328-7234

Pursuant to leave of Court, Defendants Greenville Hospital Corporation d/b/s L.V. Stabler Memorial Hospital ("L.V. Stabler") and Community Health System Professional Services Corporation ("CHSPSC") submit this Supplemental Brief in response to the Amended Declarations submitted by Plaintiff in support of the motion seeking conditional collective class certification pursuant to 29 U.S.C. § 216(b).

## A.    INTRODUCTION

In Defendants' submission in opposition to Plaintiff's motion or conditional certification pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), we demonstrated  to the Court that the Declarations submitted by Plaintiff and several other putative collective class members utterly failed to satisfy their initial burden under the "lenient" standard of review suggested in *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001).  Specifically, the Declarations contained no testimony that the challenged payroll practice, an automatic meal period deduction that is overridden if an employee submits a one page form, resulted in any of them working more than forty hours in any one work week for which they did not receive overtime pay.  In reply to our demonstration, Plaintiff and the putative class members submitted "Amended Declarations," we assumed in an effort to correct the deficiencies in their original Declarations.  A

close examination of these Amended Declarations reveals that they fail in their assumed mission. The Amended Declarations provide no substantive averment that L.V. Stabler's meal period deduction results in a pattern of FLSA violations. Accordingly, Plaintiff's Motion for Conditional Certification, etc., is due to be denied.

**B.  Argument**

    **1.  CHSPSC**

As was the case with the initial Declarations submitted by Plaintiff, the Amended Declarations fail to even mention Defendant CHSPSC. There is no averment that Plaintiff or the putative class members were employed by CHSPSC. There is no averment that any payroll practice of CHSPSC resulted in an overtime violation with respect to their employment. There is no evidence whatsoever before the Court from which it can even inferred that CHSPSC is a proper party in the collective class action sought by Plaintiff and others. Plaintiff and putative class members have failed to satisfy their burden of establishing that a collective class action under the 29 U.S.C. § 216(b) that includes CHSPSC is appropriate.

2.     **L.V. Stabler**

a.     **The Amended Declarations impermissibly seek to amend the Complaint.**

The Plaintiff's Complaint is quite specific regarding the payroll practice

challenged in this action:

> 14. Defendant automatically deducts 30 minutes per day from each hourly paid employee of Defendant for a meal. This is in spite of the fact that Plaintiff and other similarly situated employees of Defendant rarely are allowed uninterrupted meal time of 30 minutes for each work day.

> 16.[1]    Regulations require that an unpaid bona fide meal period be one where an employee is completely relieved from duty for the purpose of eating regular meals (29 C.F.R. § 795.19).

> 17.    Plaintiff and other similarly situated employees are required to remain in their department during their lunch period to attend to their duties.

> 18.    Plaintiff and other similarly situated employees are not provided an opportunity to take their meal time away from their work station each day, yet this time of 30 minutes per day is deducted from their pay for meal time, as if they were provided 30 minutes of uninterrupted time away from their work station.

> 19.    Defendant has willfully failed and refused to pay Plaintiffs for all hours worked in excess of 40 in a

---

[1]    Paragraph misnumbered in the original.

-3-

work week at the rate of 1.5 times their regular hourly
rate of pay in violation of the FLSA.

*Complaint, pp. 3-4, ¶¶ 14-19.* The *only* payroll practice mentioned in the

Complaint is L.V. Stabler's automatic meal period deduction. There is absolutely

no mention of pre-shift or post-shift off-the-clock work in excess of forty in a

workweek without overtime compensation. Yet two of the initial Declarations

and inject this entirely new allegation into this case. Despite its total absence from

any pleading filed with the Court, Plaintiff and the putative class members now

aver that they performed pre-shift and post-shift work without compensation.[2]

These averments set forth in evidentiary submissions and the attempt to include

this issue in the proposed notice presented for approval by the Court should a

conditional collective action be certified, in essence, amend the Complaint through

a Motion for Conditional Collective Class Certification.[3] Rule 15, Fed.R.Civ.P.,

prescribes the proper procedure for amending pleadings. A motion filed pursuant

to 29 U.S.C. § 216(b) is not a prescribed method. Plaintiff and the putative class

members should not be allowed to circumvent the Federal Rules of Civil

---

[2]     As will be shown below, the Amended Declaration do not establish that the
putative class members actually worked over forty hours in any work week during which they
allegedly performed pre-shift and post-shift work and were not paid overtime.

[3]     This is also another attempt to circumvent the statute of limitations expressly
established by Congress in the FLSA

Procedure and inject new claims by means of declarations. Furthermore, they should not be allowed to circumvent the substantive bar of the statute of limitations by such means.

### b. The Amended Declarations do not correct the deficiencies of the initial Declarations.

Despite adding three or four paragraphs of statements to each initial Declaration the Amended Declarations do not correct the deficiencies. The Amended Declaration continue the confusing and misleading syntax of the initial Declarations. But on close examination, the new statements in the Amended Declarations provide no substantive material testimony. This examination demonstrates that these Amended Declarations are devoid of any affirmative or definitive testimony that L.V. Stabler's automatic 30-minute deduction resulted in violations of the FLSA overtime provisions as is required for even conditional collective class certification.

The following tables present the differences between the initial Declarations and the Amended Declarations of the putative class members:

**Jessica Bennett**

| Initial Declaration | Amended Declaration |
|---|---|
| "7. L.V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I only took a portion of the time for my lunch.  Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my workstation." | No amendment |
| "8. For all the time I worked for L.V. Stabler during lunch, I was not paid by L.V. Stabler." | No amendment |
|  | "9.  During the course of my employment, I regularly worked over 40 hours in a work week.  The practices of the Defendant have resulted in a loss of my overtime pay." |
|  | "10.  To the extent I performed work for the benefit of Defendant, pre-shift, during lunch, and/or post shift, I worked off the clock.  To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay with the knowledge of L.V. Stabler." |
|  | "11.  I was not paid for all hours worked in excess of 40 hours in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations." |

**Vicki Crase**

| Initial Declaration | Amended Declaration |
|---|---|
| "7. L.V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I only took a portion of the time for my lunch. Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my workstation." | No amendment |
| "8. For all the time I worked for L.V. Stabler during lunch, I was not paid by L.V. Stabler." | No amendment |
| "9. Further, there were many times when I would begin my work for L.V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. I was not paid overtime for this time worked. | "9. Further, there were many times when I would begin my work for L.V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing. *L.V. Stabler was aware of this time worked for which I was not paid.* I was not paid overtime for this time worked." (amendment in italics). |
| | "10. During the course of my employment, I regularly worked over 40 hours in a work week. The practices of the Defendant have resulted in a loss of my overtime pay." |
| | "11. To the extent I performed work for the benefit of Defendant, pre-shift, during lunch, and/or post shift, I worked off the clock. To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay." |
| | "12. I was not paid for all hours worked in excess of 40 hours in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations." |

-7-

**Rose Phillips-Williams**

| Initial Declaration | Amended Declaration |
|---|---|
| "7. L.V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I only took a portion of the time for my lunch.  Seldom did I take a full lunch or even lunch at all because we are short-handed or because of my heavy workload, and I was unable to leave my workstation." | No amendment |
| "8. For all the time I worked for L.V. Stabler during lunch, I was not paid by L.V. Stabler." | No amendment |
| "9.  Further, there were many times when I would begin my work for L.V. Stabler before my shift actually began. I also continued to work after my shift ended because of the work load and because of short staffing.  I was not paid overtime for this time worked. This was due to the fact that people would call in sick, would be late arriving at work to relieve us or we would be short-handed and the work load was so great. | No amendment |
| | "10.  During the course of my employment, I regularly worked over 40 hours in a work week.  L.V. Stabler was aware of the overtime that I worked for which I was not paid.  The practices of the Defendant have resulted in a loss of my overtime pay." |
| | "11.  To the extent I performed work for the benefit of Defendant, pre-shift, during lunch, and/or post shift, I worked off the clock.  To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay." |

|  | "12.  I was not paid for all hours worked in excess of 40 hours in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations." |
| --- | --- |

## Katie Thomas

| Initial Declaration | Amended Declaration |
| --- | --- |
| "7. L.V. Stabler deducted from my pay 30 minutes per day for my lunch regardless of whether I actually took the full time or if I only took a portion of the time for my lunch.  I did not take a full lunch or even lunch at all while I worked he switchboard during the night shift because no one was there to relieve me, and I was unable to leave the switchboard." | No amendment |
| "8. For all the time I worked for L.V. Stabler on the switchboard at night during lunch, I was not paid by L.V. Stabler." | No amendment |
|  | "9.  During the course of my employment, I regularly worked over 40 hours in a work week.  The Defendant was aware of the overtime hours I worked.  The practices of the Defendant have resulted in a loss of my overtime pay." |
|  | "10.  To the extent I performed work for the benefit of Defendant, pre-shift, during lunch, and/or post shift, I worked off the clock.  To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid overtime pay." |
|  | "11.  I was not paid for all hours worked in excess of 40 hours in a work week at 1.5 times my regular hourly rate as a result of these FLSA violations." |

-9-

A close examination of the Amended Declarations reveals that the testimony of the putative class members **does not** state that the automatic / correctable 30-minute deduction results in overtime violations of the FLSA[4] Paragraphs 7 and 8 are unchanged in each Amended Declaration. These paragraphs do not state that missing all or portions of a meal period resulted in any of the putative class members working more than forty hours in a workweek for which she was not paid overtime. Thus, these paragraphs still do not satisfy the putative class members' initial evidentiary burden for the certification of a collective class under the FLSA. Similarly, although one of the paragraphs added by Amended Declaration does state that the putative class members "regularly worked over forty hours in a work week," the syntax games remain evident:

> During the course of my employment, I regularly worked over 40 hours in a work week. The Defendant was aware of the overtime hours I worked. The practices of the Defendant have resulted in a loss of my overtime pay.[5]

---

[4]    The putative class members also fail to aver their purported work before and after scheduled work shifts resulted in them working more than forty hours in a work week for which they did not receive overtime compensation.

[5]    Bennet Amended Declaration, ¶ 9.
Crase Amended Declaration, ¶ 10.
Phillips-Williams Amended Declaration, ¶10.
Thomas Amended Declaration, ¶ 9.

L.V. Stabler concedes that on occasion the putative class members did work over forty hours in a work week and that LV. Stabler was aware of this work. What is missing from the paragraph is any averment that L.V. Stabler failed to pay overtime compensation for the overtime work of which it was aware. The semantics of the final sentence are odd and the sentence vague and misleading. "Practices" must refer to the payroll practice described in the preceding paragraphs. However, there is not statement in the preceding paragraphs that the work they state they performed in excess of forty hours in a work week was the result of the meal period deduction. There is absolutely no statement that ties the meal deduction practice to the claim of a "loss of overtime pay."[6]

The flaws concealed by the syntax of the Amended Declarations is glaringly revealed by a single paragraph in each Amended Declaration:

> **To the extent** I performed work for the benefit of Defendant, pre-shift, during lunch, and/or post shift, I worked off the clock. **To the extent** I worked over 40

---

[6]    The misleading syntax is all the more apparent when one considers how easy it would be for Plaintiff and the putative class members to succinctly state in one single paragraph the testimony necessary to satisfy the threshold burden they face to proceed to the *Hipp* or *Ledbetter* analysis: "L.V. Stabler's practice of automatically deducting 30-minutes from my pay even when I was unable to take a full, uninterrupted thirty minute meal break resulted in my actually working over 40 hours in a work week for which I was not paid overtime in violation of the FLSA." If the putative class members could truthfully provide such affirmative, unambiguous testimony, why did they not?

hours in a work week when I worked off the clock, I was
not paid overtime pay. (emphasis added).[7]

This paragraph demonstrates that the putative class members cannot testify

unconditionally that the payroll practices of L.V. Stabler described in the

Amended Declarations resulted in overtime violations with respect to their

compensation.  This paragraph is illusory and entirely devoid of any substance or

evidentiary value.  "To the extent" could easily equate to no extent at all.[8]  The

statement provides no evidence of any substantive or definitive fact.  "To the

extent" indicates that the putative class members cannot give sworn testimony that

the alleged missing of all or portions of meal periods, or working pre-shift or post-

shift, resulted in their working over forty hours in a work week for which they

were not paid overtime.  The condition on which the statement is predicated

_____

[7]      Bennet Amended Declaration, ¶ 10.
         Crase Amended Declaration, ¶ 11.
         Phillips-Williams Amended Declaration, ¶11.
         Thomas Amended Declaration, ¶ 10.

[8]      This author can sign a sworn declaration stating:  "To the extent I performed work
for the benefit of L.V. Stabler pre-shift, during lunch, and/or post shift, I worked off the clock.
To the extent I worked over 40 hours in a work week when I worked off the clock, I was not paid
overtime pay."  My declaration is not false.  However, it does not *affirmatively* prove anything of
substance.  From the statement, it could be inferred that I am an employee of L.V. Stabler.  I am
not.  It could be inferred that I performed pre-shift and post-shift work off the clock.  I did not.
From the statement "to the extent I worked in excess of forty hours in work week for L.V.
Stabler, I was not paid overtime" it could be inferred that I was entitled to overtime and was not
paid.  I am not so entitled.  However, I have not lied because my statement is conditional.  Thus, I
may not have lied, but I have not provided any substantive testimony or affirmative evidence that
a FLSA violation occurred.

-12-

destroys any substantive value the statement had the potential of providing. Missing full meals periods either resulted in the putative class members "regularly" working over forty hours in a work week without proper overtime compensation or it did not.[9]  The putative class members obviously cannot make such a definitive, unconditional statement to the Court.

Conclusory statements and statements creating only inferences of FLSA violations cannot support  the conditional certification of a collective class. *Ledbetter,* 2007 WL 2007 WL 496451 at 4 ("Simply claiming a violation of the FLSA will not suffice to meet the "similarly situated requirement.").  Statements of this nature are not affirmative evidence and do not serve to satisfy the threshold burden of Plaintiff and the putative class members to provide evidence that L.V. Stabler's policy of deducting for meal periods resulted in violations of the overtime requirements of the FLSA.  All the Amended Declarations affirmatively establish is that L.V. Stabler has a policy of automatically deducting thirty minutes of time for meal periods it provides to employees and expects employees to take. *Ledbetter* correctly holds that such a policy is not a *per se* violation of the FLSA and that absent affirmative evidence establishing that such a policy in application

---

[9]    Although going to the merits of the overtime claim, L.V. Stabler time records demonstrates that Plaintiff and other putative class members did not "regularly work over forty in a work week" without receiving overtime compensation.

results in FLSA violations, it is insufficient to satisfy a plaintiff's threshold burden.

>        **c.    The Amended Declarations do not Establish that the alleged violations were "willful."**

The Amended Declarations each contain a statement that L.V. Stabler was aware of the overtime work performed by the putative class members.  We assume these statements are included to support the argument that any violations of the overtime provisions of the FLSA were willful, thereby giving effect to the three-year statute of limitations.[10]  L.V. Stabler's admonition that employees are not to work unauthorized overtime and its Payroll Correction form policy and practices preclude a finding of a willful violation under Eleventh Circuit precedent.

In *Reich v. Department of Conservation and Natural Resources, State of Ala.,* 28 F.3d 1076 (11th Cir. 1994), the Secretary of State brought an action against the Department of Conversation and Natural Resources ("DCNR") for violation of the overtime and record-keeping provisions of the FLSA.  At the bench trial, the Secretary of State presented evidence that the officers who worked for the Law Enforcement Section of the Game and Fish Division were required to answer citizen complaints at any time of day or night.  *Reich,* 28 F.3d at 1078.

---

[10]These statements are conclusory and unsupported by any averment of fact demonstrating L.V. Stabler's knowledge of the uncompensated overtime work.

The work hours for these officers (who work out of their homes) increased during hunting season.  *Id.* at 1079.  These officers kept their own time and arrest reports and the department compensated the officers based upon these time reports.  *Id.* Each week the officers forwarded their reports to the district captain who reviewed the reports and sent them to the Department Chief for examination.  *Id.*

In 1975, the Department implemented a policy stating that employees in the classified service would not be assigned to more than forty hours a week.  *Reich,* 28 F.3d at 1079.  However, in 1982, the Department became aware that officers were working more than forty hours a week, particularly during hunting season , and instituted a new policy prohibiting classified employees from being scheduled to work over forty hours in a work week. *Id.*  In many weekly reports the Department advised officers that they could not work more than forty hours a week unless approved by the Commissioner and that they would have to certify an accounting of their activities and vehicle use. *Id.*  In 1985, after the federal wage and hour provisions were extended to state employees, the  Department issued another policy stating that officers could not work more than forty hours a week and the supervisors were instructed to monitor the officers' hours.  *Reich,* 28 F.3d at 1079-80.  Nevertheless, many officers continued to work more than forty hours. *Id.* at 1080.  In 1987, the State commissioned a study of government operations in

-15-

an effort to reduce costs. *Id.* The results of the study showed that officers

continued to work more than forty hours per week during hunting season. *Id.*

The Secretary of State filed a FLSA action in federal district court. After

reviewing the above-described evidence and hearing the testimony of eleven

officers that they could perform their duties in forty hours, the district court found

in favor of the Department. *Reich,* 28 F.3d at 1081. The district court stated that

the Department had no constructive knowledge of the pattern of overtime

employed by officers during that time. *Id*. The Secretary of State appealed. One

of the issues on appeal was whether the claims are subject to a two-year or three-

year state of limitations. The Eleventh Circuit affirmed the trial court's decision

that the two-year statute of limitations governed the claims:

> We cannot say on the basis of the record before us that
> [the Department] showed reckless disregard for the
> matter of whether its conduct was prohibited. Its failure
> to rectify this troublesome situation can better be
> described as resulting from negligence rather than from
> willfulness. See McLaughlin, 486 U.S. at 133, 108 S.Ct.
> at 1681, 100 L.Ed.2d at 123 (the ter "willful" is generally
> understood to refer to conduct that is not merely
> negligent.") We, therefore, affirm as not clearly
> erroneous the district court's determination that the two-
> year statute of limitations governs these claims.

*Id*. at 1084.

Since *Reich*, district courts sitting in the Eleventh Circuit have followed its holding and strictly construed the "willful" standard of the FLSA.  A recent example is found in *Saxton v. Young*, 479 F.Supp. 2d 1243 (N.D. Ala. 2007).  There, Title Max assistant managers filed an action alleging that they were denied overtime in violation of § 216(b) of the FLSA.  After denying class certification, the district court dismissed the claims of some named plaintiffs and granted Title Max's motions for summary judgment directed to the claims of the remaining plaintiffs. One of the holdings of the district court was directed to the question of what statute of limitations applied to the claims.

The *Saxton* court began by noting that "[t]he Eleventh Circuit is hesitant to find "willful" behavior on the part of employers, even when presented with strong evidence of an employer's violation of the FLSA."  (citing *Reich*, 28 F.3d 1076 (11th Cir. 1994).  Based upon the following policies of Title Max, the district court held that any violations that may have occurred were not willful:

- •  Required that work be scheduled such that non-exempt employees would not be required to work in excess of forty hours a week

- •  Notice to store managers repeatedly admonished that assistant managers were not to work more than forty hours weekly.

- •  Implemented stringent time requirements and work hour regulations

- •  Implemented a strong method of time keeping and reporting

-17-

*Saxton*, 479 F.Supp.2d at 1248-49.  The district court openly applauded Title

Max's attempts to ensure FLSA compliance:

> Here, it appears that Defendants were far from
> indifferent, but actually sought to effectively enforce
> FLSA requirements and its own overtime policies.
> Defendants' policy regarding assistant managers
> prohibited them from working in excess of forty hours a
> week.  Specifically, Defendants instructed its Store
> Managers to arrange work schedules so that their non-
> exempt subordinates would not be required to work in
> excess of forty hours in a work week and advised
> managers of the potential for disciplinary action if they
> did not comply.  The record reveals that the prohibition
> against overtime work did not go unmonitored, nor was
> the prohibition merely a pretext.  In fact, the records
> show that Defendants took affirmative steps to comply
> with the FLSA's overtime requirements.  Accordingly,
> the two year statute of limitations period applies.

*Saxton*, 479. F.Supp.2d at 1254.

The policies and practices of L.V. Stabler relating to overtime go farther to

ensure FLSA compliance than those of Title Max.  L.V. Stabler implemented and

followed.  For example:

- the regular work schedule of nurses in the Emergency Department is three, twelve hours shift per work week, i.e., thirty-six hours per week[11] (see affidavits of Monica Stringer,

---

[11]     Thus, missing every meal period in a regular work week would not result in work in excess of forty hours in a work week.

- a stringent policy regarding FLSA compliance, including a section directed solely to meal periods that states that missed or interrupted meal periods are to be counted as time actually worked for purposes of overtime compensation.[12]

- a policy and procedure under which employees can report missed or interrupted meal periods and have the 30-minute automatic deduction reversed *(see fn 12)*

- a procedure for reporting time worked "off-the-clock," i.e., time not recorded through L.V. Stabler's time card system *(see Payroll Correction form)*

- a policy that unauthorized overtime will be paid but may be subject to disciplinary action[13]

---

[12]1.0    PURPOSE    To establish a policy relating to breaks and meal periods in accordance with state and federal laws.

3.0    POLICY    All break and meal periods must be in strict compliance with applicable state and federal laws.

5.0    MEAL PERIODS    Employees who work six or more continuous hours are eligible to receive an unpaid meal period of 30 minutes. **The meal period will be unpaid only when the employee is completely off duty. Employees who remain on duty at their workstations during their 30-minute meal period must be paid for the time worked.** Meal periods should not be scheduled at the start of end of a shift unless approved in advance by the supervisor. **Time worked in lieu of meal periods will be considered for overtime purposes.**

Policy D-13, *DFs' Evid. App., Exh. 1, Exh. A*  (emphasis added).

[13]    "All Overtime hours must be approved in advance by the department manager/supervisor.  Employees who work Overtime without supervisory approval will be paid for the Overtime but may be subject to disciplinary action."  *Document 33-7, Policy D.5.*

These policies and procedure were not empty pretexts to appear FLSA-compliant. L.V. Stabler actually reversed the automatic deductions and paid for time not recorded by the time clock system when employees reported such work on Payroll Correction forms, and paid for pre-shift and post-shift work.  L.V. Stabler implemented strong, affirmative policies designed to ensure compliance with the FLSA.  Any violations that may have occurred were not willful within the meaning of the FLSA.

## C.    CONCLUSION

With the submission of Amended Declarations, Plaintiff and the putative class members attempt by subterfuge to amend the Complaint and circumvent the statute of limitations.  There was no allegation of off-the-clock work in the Complaint and such a claim cannot be added by means of declarations submitted in support of a motion for conditional collective class certification.  The Amended Declarations purport to correct the obvious deficiencies in the initial Declarations submitted to the Court but through all the confusing and misleading syntax the Amended Declarations fail to do so.  The actual substance of both the initial Declarations and the Amended Declaration fail to satisfy the threshold burden - the presentation of affirmative evidence demonstrating that the policy in question resulted in an overtime violation.  The attempt to paint L.V. Stabler as the

perpetrator of knowing and intentional FLSA overtime violations also fails.  Even

a cursory review of L.V. Stabler's payroll policies reveals its dedication to

compliance.  The Amended Declarations do not alter our earlier analysis or the

conclusion to be reached by this Court.  Plaintiff and the putative class members

have failed to submit affirmative proof that any payroll practice of L.V. Stabler

resulted in a pattern of FLSA violations.  Absent such evidence, certification of a

conditional collective action is improper.

Respectfully submitted,

/s/   David B. Walston

One of the Attorneys for Greenville
Hospital Corporation and Community
Health System Professional Services
Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203-2696
Telephone:  (205) 795-6588
Facsimile:   (205) 328-7234

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Submission was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this April 24, 2008:

David R. Arendall, Esq.
Allen D. Arnold, Esq.
Arendall & Associates
2018 Morris Avenue
Birmingham, AL 35203

/s/ David B. Walston
Of Counsel

-22-