IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA OHSANN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:07-cv-0875-WKW |
| | ) |
| L. V. STABLER HOSPITAL, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **ORDER**

This cause is before the court on the Plaintiff's Motion to Toll the Statute of Limitations (Doc. # 28) filed on April 2, 2008. The defendants have responded in opposition (Doc. # 34) and the plaintiff has replied (Doc. # 37). For the reasons set forth below, the motion is due to be denied.

The plaintiff alleges violations of the Fair Labor Standards Act against her employer and filed a motion for conditional class certification (Doc. # 19) on February 22, 2008. The motion is fully briefed and it is now under submission. The plaintiff now seeks to toll the statute of limitations for other, potential opt-in plaintiffs from the time the motion to toll was filed, assuming the class is certified. (Doc. # 28 ¶ 4.) As the defendants point out (Doc. # 34 ¶ 2), the plaintiff cites no authority for this proposition, although the court will assume the plaintiff seeks to toll the statute of limitations on equitable grounds. (*See* Doc. # 37 ¶ 4.)

The motion to toll the statute of limitations is premature at this stage of the litigation for a number of reasons. First, the need for tolling the statute of limitations now is

speculative because the action has yet to be certified as a class action; therefore, it may ultimately be unnecessary to toll the statute of limitations because there may be no other plaintiffs. Even if it is certified, there still may not be any plaintiffs who are adversely affected by the passage of time while the class certification motion is pending. It is impossible to weigh the equities for and against as-yet-unknown opt-in plaintiffs. Second, as the statute of limitations is an affirmative defense, it is possible – even if unlikely – that the defense could be waived by the defendants, thereby eliminating any reason to toll the statute of limitations.

In short, it is entirely too soon to rule on this issue. Future opt-in plaintiffs may argue equitable tolling at the motion to dismiss or summary judgment stage as the need arises. *See, e.g.*, *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521, 2008 WL 700174, at *3-4 (S.D. Fla. Mar. 13, 2008) (arguing for equitable tolling in response to the defendant's summary judgment motion based on the amount time class certification and notice motions were pending). Therefore, for the reasons set forth above, it is ORDERED that the Plaintiff's Motion to Toll the Statute of Limitations (Doc. # 28) is DENIED.

DONE this 14th day of May, 2008.

                              /s/  W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE