IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA OHSANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-0875-WKW |
| ) | |
| L. V. STABLER HOSPITAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the plaintiff's Motion for Conditional Class Certification and to Facilitate Court-Approved Notice (Doc. # 19) pursuant to 29 U.S.C. § 216(b). The defendants have responded (Doc. # 25) in opposition, the plaintiff has replied (Doc. # 31), and the court allowed the defendants to file a sur-reply (Doc. # 38). For the reasons set forth below, the plaintiff's motion for conditional class certification is due to be granted.

**I. LEGAL STANDARD**

District courts should use the following two-tiered procedure when a plaintiff seeks to bring a collective action on behalf of similarly situated persons under 29 U.S.C. § 216(b):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a

fairly lenient standard,[1] and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims.

*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

## II. DISCUSSION

*A.   Introduction*

On October 1, 2007, Plaintiff Donna Ohsann ("Ohsann") filed a five-count complaint (Doc. # 1) against Defendants L.V. Stabler Hospital ("Stabler") and Community Health Systems Professional Services Corporation ("Community Health")[2] seeking injunctive relief

---

[1] The defendants argue for the court to apply "a more searching standard of review" such as the one used in the *Ledbetter* case. *See Ledbetter v. Pruitt Corp.*, No. 5:05-cv-329, 2007 WL 496451, *2 (M.D. Ga. Feb. 12, 2007). This standard has been used in some district court cases, but only where the plaintiffs have had an opportunity to conduct discovery. *Id.*; *Davis v. Charoen Pokphand (USA) Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004). Ohsann has not had such an opportunity and therefore the court will employ the "fairly lenient" standard of *Hipp*.

[2] The defendants also argue there is no evidence supporting a collective action against Community Health. It is clear that the proposed class is limited to employees at the L.V. Stabler Hospital in Greenville, Alabama. While the record fails to provide any information on

and damages for alleged violations of the Fair Labor Standards Act ("FLSA"). The policy that forms the causal basis of the alleged FLSA violations is Stabler's automatic deduction of a thirty minute unpaid meal break. Ohsann argues that despite having the thirty minutes automatically deducted, she and other similarly situated employees are "rarely allowed uninterrupted meal time of 30 minutes for each work day." (Compl. ¶ 15.) Therefore, during weeks in which she worked over forty hours per week, she did not receive proper overtime pay for any portion of the day when she had to work through her automatically deducted, unpaid meal break. (Ohsann Decl. ¶ 9.)

Attached to Ohsann's motion for conditional class certification are four consent forms from other persons employed by Stabler who seek to become plaintiffs as well. (Doc. # 19-4.) Jessica Bennett ("Bennett") was employed as a Registration Clerk and a Pharmacy Technician. (Bennett Decl. ¶ 3.) Vickie Crase ("Crase") was employed as a Registered Nurse ("RN") in the Emergency Room. (Crase Decl. ¶ 3.) Rose M. Phillips-Williams ("Phillips-Williams") was employed as an Admission Technician in the Emergency Room. (Phillips-Williams Decl. ¶ 3.) Katie Thomas ("Thomas") is employed as a Licensed Practical Nurse ("LPN") in the Emergency Room but began working at Stabler on the switchboard in Admitting. (Thomas Decl. ¶ 3.)

---

Community Health's involvement in this litigation and its relationship to Stabler, at this juncture it is irrelevant. The court is only determining the issue of conditional class certification and the proper scope of the proposed class and notice. Community Health's liability, if any, can be taken up in a separate motion to dismiss or motion for summary judgment.

3

### B. *Notice Stage Requirements*

During the notice stage, when the court must make a determination of conditional class certification, "the district court should satisfy itself that there are other employees of the [employer (1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The court finds that the first prong has been satisfied based on the four consent forms of other Stabler employees, and the defendants do not contest otherwise.

The defendants do argue that Ohsann has failed to show that she is similarly situated to the proposed class members. Ohsann worked for Stabler as a Registered Nurse ("RN") and was classified as a non-exempt, hourly paid employee. (Ohsann Decl. ¶¶ 3, 5.) Each of the four proposed plaintiffs who have given their consent to join this putative collective action were also non-exempt, hourly paid employees. Although the other proposed plaintiffs are not RNs, in order for Ohsann to satisfy the "similarly situated" requirement, she "need show only that [her] position[ is] similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 1217. "A unified policy, plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated' requirements of § 216(b)." *Id.* at 1219 (internal quotation marks omitted).

It is undisputed that the proposed plaintiffs – indeed, all non-exempt hourly employees – were subject to the same "unified policy, plan, or scheme," *i.e.*, the automatic meal period

deduction that forms the basis of the alleged FLSA violation, and it is undisputed that all of the proposed plaintiffs were employed at the same facility as Ohsann. Furthermore, Ohsann and the proposed plaintiffs claim similar – if not exact – reasons for having to work through their meal breaks: a heavy workload for an understaffed employer in the context of a facility that operates around the clock and sometimes in situations that require urgent care. For the purposes of conditional certification so that notice may be provided to potential class members, the court finds the putative class members are similarly situated to Ohsann. Once opt-in plaintiffs are identified and discovery has taken place, the defendants may raise the issue of similarity again at the second and more rigorous stage of the proceedings through a motion for decertification or summary judgment.

### C.     *Notice Time Period*

Under the Fair Labor Standards Act, the statute of limitations is two years unless the violation was willful, in which case it is three years. 29 U.S.C. § 255(a). The plaintiff seeks to issue notice based on the three year period while the defendants argue the two year period is appropriate based on Stabler's written compensation policy. (Defs.' Resp. Br. 29-30.) While Stabler's policy states an intention to pay employees for any time worked during meal periods, whether they actually did so or not is a contested issue. The plaintiff has alleged willful violations in her complaint (Compl. ¶ 19) and at this early stage it is too soon to determine otherwise. *See White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 n.9 (M.D. Ala. 2002) ("The court finds that this argument [over the temporal scope of the conditional class]

is better taken up on a motion for decertification of the class or a motion for summary judgment, as there is not enough evidence before the court to make this determination."). Therefore, for the purposes of providing notice to potential class members, the court finds the notice period shall be three years.

### D.     *Form of Notice*

Ohsann has proposed a notice form (Doc. # 19-2) to send potential class members and to which the defendants have made three primary objections: (1) that it should be restricted to the precise payroll practice challenged in the complaint; (2) that it should describe only the potential FLSA violation implicated by the challenged payroll practice; and (3) that it be limited to the appropriate period of potential liability. (Defs.' Resp. Br. 31.)  Upon consideration of the defendants' objections to the proposed notice form, the court finds they are to be sustained and that the notice shall incorporate the requested changes accordingly.

The defendants correctly point out that although the declarations of the four proposed class members and the amended declaration of Ohsann[3] contain an allegation of working "off the clock" at the beginning or end of a work day, this allegation is not contained in the complaint or in Ohsann's original declaration.  Therefore, there is no cause of action for working "off the clock," and the notice shall be limited to the constraints of the complaint, *i.e.*, FLSA violations related to the automatic meal break deduction.

The defendants argue that the time period covered by the notice is too extended.  To

---

[3] Even Ohsann's amended declaration is notably limited through her use of the phrase "to the extent" she worked off the clock. (Ohsann Am. Decl. ¶ 11.)

the extent the defendants argue the three year period is inappropriate, the court has already rejected that argument. However, to the extent that the defendants argue that the notice period should end as of the date the complaint was filed, the court agrees and will revise the notice to that effect.[4] Accordingly, the court has revised the plaintiff's proposed notice after incorporating the defendants' objections and has attached it to this order as Exhibit A.[5]

### III. CONCLUSION

Therefore, for the reasons set forth above, it is ORDERED that:

1. The plaintiff's Motion for Conditional Class Certification and to Facilitate Court-Approved Notice (Doc. # 19) is GRANTED;

2. This case is CONDITIONALLY CERTIFIED as a collective action under 29 U.S.C. § 216(b);

3. **On or before July 1, 2008**, the defendants shall produce to the plaintiff's counsel a computer-readable data file or paper list containing the names and current and/or last known addresses of all former and current non-exempt hourly wage employees who were employed at L.V. Stabler Hospital any time from October 1, 2004, to October 1, 2007;

---

[4] This conclusion is supported by the plaintiff's acknowledgment that Stabler revised its meal break policy and/or meal break forms after the complaint was filed. (Pl.'s Mot. Br. 6.)

[5] Either party may request a copy of the approved notice in WordPerfect format by sending an email to the court's proposed order email address (propord_watkins@almd.uscourts.gov).

4. The Notice attached to this Order as Exhibit A is APPROVED;

5. The Consent to Become a Party Plaintiff and the Attorney Fee Agreement (Doc. # 19-3) are APPROVED;

6. Plaintiff's counsel shall file all signed consent forms of any opt-in plaintiffs **on or before October 8, 2008**;

7. A status conference shall be held in the chambers of the undersigned on **October 15, 2008, at 10:00 a.m.**

DONE this 17th day of June, 2008.

                                      /s/  W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**TO**

**COURT'S ORDER GRANTING PLAINTIFF'S
CONDITIONAL CLASS CERTIFICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA OHSANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-0875-WKW |
| ) | |
| L. V. STABLER HOSPITAL and ) | |
| COMMUNITY HEALTH SYSTEMS ) | |
| PROFESSIONAL SERVICES ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **NOTICE**

TO: ALL PERSONS EMPLOYED AT L.V. STABLER HOSPITAL IN GREENVILLE, ALABAMA, WHO WORKED OVER FORTY (40) HOURS IN ONE OR MORE WEEKS FROM OCTOBER 1, 2004, TO OCTOBER 1, 2007, AND WHO WERE NOT PAID 1.5 TIMES THEIR REGULAR HOURLY RATE FOR ALL HOURS WORKED OVER FORTY (40) HOURS IN A WORK WEEK BY NOT COUNTING AS HOURS WORKED THE TIME WHEN THEY WERE NOT RELIEVED FROM WORK DUTIES OR THEIR WORK STATION FOR ALL OR PART OF THEIR THIRTY (30) MINUTE MEAL BREAK.

RE: FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST L.V. STABLER HOSPITAL AND COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION.

### I.   INTRODUCTION

The purposes of this Notice are to inform you about a collective action lawsuit in which you may make a claim for damages, to advise you of how your rights may be affected by this suit, and to inform you how to make a claim, if you so desire.

### II.   DESCRIPTION OF LAWSUIT

On October 1, 2007, Donna Ohsann ("Plaintiff") filed a lawsuit in the United States District Court for the Middle District of Alabama against L.V. Stabler Hospital ("Stabler") and Community

Health Systems Professional Services Corporation (collectively, "Defendants") on behalf of herself and all other past and present hourly-paid employees, alleging that they are owed unpaid wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Since filing this lawsuit, four (4) other similarly-situated former and current employees ("Plaintiffs") have filed their consent to join the lawsuit.

Plaintiffs allege that, during one or more weeks of their employment with Stabler, they were not paid for all hours worked. Specifically, Plaintiffs allege that Stabler violated the FLSA by failing to pay its employees for all hours worked over forty hours in a work week at 1.5 times their regular hourly rate by not counting as hours worked the time when they were not relieved from work duties or their work station for all or part of their thirty minute meal break.

Defendants deny liability in this case.

### III.   YOUR RIGHT TO JOIN THIS LAWSUIT

If you are or have been employed by Stabler in an hourly-paid position during any period of time between October 1, 2004, and October 1, 2007,[6] and you were not paid for all hours worked in excess of forty (40) in one or more work weeks at 1.5 times your regular hourly rate because you were not provided an unpaid meal break that was in a location away from your work station, and that was uninterrupted from your work duties for the entire meal period, you may make a claim to recover unpaid wages, unpaid overtime compensation, liquidated damages, costs, and attorneys' fees in this lawsuit. It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire.

---

[6] If it is later determined there were FLSA violations, the compensable time period may be a year shorter unless such violations were willful.

2

## IV. LEGAL EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment of the court, whether it is favorable or unfavorable to you, or any settlement of this action that may later be approved by the court as fair and reasonable. That means that, if the employees win, you may be eligible to share in the monetary award; if the employees lose, no money will be awarded, and you will not be able to file another lawsuit regarding the disputed hours of work. While the lawsuit is proceeding, you may be required to provide information, appear for a deposition, and/or testify in court.

## V. LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. That means that, if the employees win, you will not be eligible to share in the monetary award; if the employees lose, you will not be bound by that judgment. If you choose not to join this lawsuit, you retain any rights, if any, that you may have under the Fair Labor Standards Act, and you are free to file your own lawsuit. Be aware that the time limit for acting on any wage claims you may have under the Fair Labor Standards Act may continue to run and may cause your claim to be barred.

## VI. LEGAL REPRESENTATION IF YOU JOIN THIS LAWSUIT

The attorneys for the Plaintiff and the proposed opt-in class are David R. Arendall, Esq., and Allen D. Arnold, Esq., of the firm Arendall & Associates. Their address, telephone number, fax number, and web address are as follows:

> 2018 Morris Avenue, Third Floor
> Birmingham, Alabama 35203
> Phone: (205) 252-1550
> Fax: (205) 252-1556
> Web address: www.arendalllaw.com

If you choose to join this lawsuit, Arendall & Associates will represent you. You will not

have to pay these lawyers for their services, and the attorney fee agreement is contained on the back of the Consent to Become a Party Plaintiff form attached hereto.

### VII. HOW TO JOIN THIS LAWSUIT

If you wish to join this lawsuit, you must complete, sign, and mail the enclosed Consent to Become Party Plaintiff form in the enclosed envelope to the following address:

>Arendall & Associates
>2018 Morris Avenue, Third Floor
>Birmingham, Alabama 35203

Your signed consent form must be <u>received</u> by Arendall & Associates **on or before October 1, 2008**, to be able to participate in this case. If you wish to join this lawsuit, return the signed consent form as soon as possible to attempt to preserve any present legal right you may have to participate in this lawsuit. Stabler contends that a statute of limitations is continuing to run on any claim that you may wish to assert, and your rights to any recovery may be affected by any delay on your part in returning the enclosed form.

### VIII. NO OPINION EXPRESSED AS TO MERITS OF THIS LAWSUIT

This Notice is for the sole purpose of providing current and former Stabler employees with information concerning their right to join this lawsuit. Although this Notice and its contents have been authorized by the court, the court takes no position regarding the merits of Plaintiff's claims or Defendants' defenses.

### IX. NO RETALIATION OR DISCRIMINATION PERMITTED

The FLSA prohibits employers from discriminating or retaliating against any person who files a lawsuit or complaint for overtime compensation, testifies in a lawsuit under the FLSA, or otherwise participates in a proceeding to recover overtime compensation under the FLSA.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).