IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-CV-00875-WKW |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |

_____

**MOTION FOR LEAVE TO FILE MOTION TO AMEND OR MODIFY COURT-APPROVED NOTICE**
_____

Defendants, Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital ("L.V. Stabler") and Community Health Systems Professional Services Corporation ("CHSPSC"), respectfully move the Court to allow it to file the attached Motion to Amend or Modify Court-Approved Notice. Defendants believe the amendment to the Notice is necessary to clarify the actual legal rights of persons receiving the notice and prevent misapprehension on the part of those persons as to their entitlement to overtime compensation. *Lamon v .City of Shawnee*, 972 F.2d

-1-

1145, 1158 (10th Cir. 1992) (cited with approval of rationale in *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994)).

Respectfully submitted,

s/   Richard E. Smith

s/   David B. Walston

Attorney for Defendants Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital and Community Health Systems Professional Services Corporation

OF COUNSEL:

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Motion was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this June 27, 2008:

David R. Arendall, Esq.
ARENDALL & ASSOCIATES
2018 Morris Avenue
Birmingham, AL 35203

/s/ David B. Walston
Of Counsel

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNA OHSANN,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-CV-00875-WKW |
| **L. V. STABLER HOSPITAL and** | * | |
| **COMMUNITY HEALTH SYSTEM** | * | |
| **PROFESSIONAL SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |
| Defendants. | * | |

_____

**DEFENDANTS' MOTION TO AMEND OR MODIFY
COURT-APPROVED NOTICE**
_____

Defendants, Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital ("L.V. Stabler") and Community Health Systems Professional Services Corporation ("CHSPSC"), respectfully move the Court to amend or modify the notice approved by this Court. Specifically, L.V. Stabler and CHSPSC request the following amendments or modifications:

> TO: ALL PERSONS EMPLOYED AT L.V. STABLER HOSPITAL IN GREENVILLE, ALABAMA, WHO **MAY HAVE** WORKED OVER FORTY (40) HOURS IN ONE OR MORE **WORK**WEEKS

> FROM OCTOBER 1, 2004, TO OCTOBER 1, 2007, AND WHO WERE NOT PAID 1.5 TIMES THEIR REGULAR HOURLY RATE FOR ALL HOURS WORKED OVER FORTY (40) IN A WORKWEEK BY NOT COUNTING AS HOURS WORKED THE TIME ~~WHEN THEY WERE NOT RELIEVED FROM WORK DUTIES OR THEIR WORK STATION FOR ALL OR PART OF THEIR~~ **SPENT PERFORMING WORK DUTIES PREDOMINANTLY FOR THE BENEFIT OF L.V. STABLER DURING AN UNPAID** THIRTY (30) MINUTE MEAL BREAK.

\* \* \*

> II.     DESCRIPTION OF LAWSUIT

\* \* \*

> Plaintiffs allege that, during one or more weeks of employment with Stabler, they were not paid for all hours worked. Specifically, Plaintiffs allege that Stabler violated the FLSA by failing to pay its employees for all hours in a work week at 1.5 times their regular hourly rate by not counting as hours worked the time ~~when they were not relieved from work duties or their work station for all or part of their~~ **spent performing work duties predominantly for the benefit of L.V. Stabler during an unpaid** thirty minute meal break.
>
> **Defendants deny** ~~liability in this case~~ **that the pay practices of L.V. Stabler resulted in the non-payment of overtime pay in violation the FLSA.**

Without adding "may have" to the addressee portion of the Notice, any person who receives the Notice will believe that he or she has received the Notice because they

have been deemed to be appropriate participants in the action.  Furthermore, without amending or modifying the "work station" language in the Caption and Section II of the Notice, former and current employees will be led to believe that merely eating their work station or area, even though under L.V. Stabler policies employees are not required to and are discouraged from eating at their work stations, automatically makes a meal break compensable.  Separately, former and current employees also will be led to believe that any interruption of a meal period, no matter what the reason or duration, makes the meal period compensable.   The amendments and modifications requested by Defendants correctly reflect the law applicable to this case and will prevent misapprehensions on the part of persons receiving the Notice as to the actual circumstances under they may be entitled to overtime compensation.

**The "not relieved from work duties" language.**

While the current language in the Notice regarding work duties is derived from 29 C.F.R. § 785.19(a) almost *verbatim*, it does not state the applicable construction of the regulation applied by federal courts to this phrase and will mislead prospective opt-in parties regarding their entitlement to overtime compensation should they elect to opt-in to this cause.   Under this language, the proper standard for determining if a meal break interrupted by the performance of work duties is compensable work time

is whether the work duties were preformed "predominantly for the benefit of the employer." As explained by the Fourth Circuit:

> In 1956 the Secretary of Labor promulgated regulations addressing the mealtime exclusion. See 29 C.F.R. § 785.3(d) (1956), which remain unchanged today. The regulations provide that:
>
>> [b]ona fide meals periods are not work time.... the employee must be completely relieved from duty for purposes of eating regular meals.... the employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.
>
> 29 C.F.R. § 785.19(a)(1997). In issuing this regulation, the Secretary cited the Sixth Circuit's decision in *Stock [& Sons, Inc. v. Thompson,* 194 F.2d 493 (6th Cir. 1952)] with its "predominantly for the employer's benefit" standard as illustrative of the regulatory "completely relieved from duty" requirement. Thus, although § 785.19(a) can be read to require that an employer may only exclude meal periods from compensation if it permits an employee to cease all duties of any kind during such periods, the Secretary did not seemingly intend such a broad construction.

*Roy v. County of Lexington, S.C.*, 141 F.3d 533, 544 (4th Cir. 1998). In reliance on opinions from the Seventh and Tenth Circuits, the Eleventh Circuit likewise has adopted this standard of regulatory construction.

The starting point is *Lamon v .City of Shawnee*, 972 F.2d 145 (10th Cir. 1992) in which the court addressed an appeal challenging a jury instruction regarding the standard to apply in determining if meal periods provided to law enforcement

personnel were bona fide and non-compensable within the meaning of FLSA regulations. The court first compared Department of Labor regulations directed to the bona fide meal period question, a regulation of general application, § 785.19(a), and one of specific application to law enforcement personnel working under an atypical workweek schedule countenanced by the Department of Labor for "first responders." After contrasting the non-similar language of each regulation in *dicta*, the court held that § 553.223 controlled and its "completely relieved of duty" language required not the complete relief from the performance of all work duties, but rather the relief work duties during the break period for the "predominant benefit of the employer." The court noted that these two regulatory provisions each utilize the phrase "completely relieved from duty" as a requirement for an employee's unpaid meal period to be bona fide and non-compensable and then noted "our contrasting of the two sections, § 553.223(b) and § 785.19(a), does not mean that the 'completely relieved from duty' standard as used in the latter section should necessarily take on a different meaning than that of the former section." *Lamon,* 972 F.2d at 158, n.18. The court reversed a jury verdict in favor of the plaintiff officers because the instruction utilized the precise language of the regulation and "countenanced the misapprehension that the performance of *any* official duty, no matter how insignificant, during meal periods rendered the time compensable." *Lamon*, 972 F.2d at 1158.

The Eleventh Circuit in *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994), expressly adopted the holding and rationale of *Lamon* and likewise held that the "completely relieved from duty" language of § 553.223(b) required the application of the "predominantly for the benefit of the employer" standard. *Avery*, 24 F.3d at 1346 and n. 7.

Recently, the Tenth Circuit addressed the issue of whether the "completely relieved of duty" language of 29 C.F.R. § 785.19(a), the regulation of general application, required the complete relief from duty or relief from duties performed "predominantly for the benefit of the employer." *Beasley v. Hillcrest Medical Center*, 78 Fed.Appx. 67 (10th Cir. 2003) involved a challenge by nurses and technicians to a hospital's practice of automatically deducting 30 minutes from compensable work time for meal periods, with an employee having the right to report a missed or interrupted meal period and obtain full payment of the time deducted. Citing *Lamon* and noting the identical language of § 553.223(b) and § 785.19(a), the court held that there was no persuasive rationale for distinguishing between the identical language of § 785.19(a) and § 553.223(b) and adopted the "predominantly for the benefit of the employer" standard for § 785.19(a).

Interpreting the holding and rationale of *Avery*, federal district courts sitting in the Eleventh Circuit have determined that the "predominantly for the benefit of the

employer" standard is applicable under § 785.19(a).  *See Bridges v. Amoco Polymers, Inc.*, 19 F.Supp.2d 1375, 1379 (S.D. Ga. 1997) (stating, in addressing the appropriate standard for § 785.19(a), "[r]ecent Eleventh Circuit FLSA case law emphasizes that for the time to be compensable it must be conducted predominantly for the benefit of the employer.") (quoting *Dade County, Florida v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997)).

Here, the court-approved notice, derived largely from the notice proposed by Plaintiffs' counsel, countenances "the misapprehension that the performance of *any* official duty, no matter how insignificant, during meal periods render[s] the time compensable." *Lamon*, 972 F.2d at 1158.  "Any duty" is not the the law or the applicable standard and the Notice should be amended to better advise prospective opt-in parties of the standards under which their participation and claims will be governed.

**"Or not relieved from ... their work station" language**

This provision of the notice has the potential to create a significant misapprehension regarding a recipient's legal rights under the FLSA.  Under direct Eleventh Circuit precedent the failure of an employer to provide an employee relief from the employee's workstation or work area is not dispositive of whether a meal

break is "bona fide" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*:

> We agree that the geographic location of the break is not dispositive; what matters in meal period cases is whether the employees are subject to real limitations on their personal freedom which inure to the benefit of their employer.

*Kohlheim v. Glynn County, Georgia,* 915 F.2d 1473, 1477, n. 19 (11th Cir. 1990). The logical import of this phrase is that an employee who elected to eat at the department work station or work area, irregardless of whether company policy discourages such a practice, or whether he or she performed any work duties during the break, is entitled to have the meal break counted toward time actually worked. Thus, the "work station" language in the Notice also does not accurately state the law under which claims will be adjudicated and could mislead recipients of the Notice regarding the circumstances under which they may be found entitled to overtime compensation.

The amendments and modifications requested by Defendants do not alter the persons who will receive the Notice. In accordance with the Court's order, L.V. Stabler is providing Plaintiff's counsel with a list of all former and current hourly-rate employees subject to its unpaid meal break policy from October 1, 2004 through October 1, 2007. What the requested amendments a modifications do accomplish is

a correct and more thorough explanation to the recipients of the Notice of the facts under which they may or may not be eligible for overtime compensation. The requested amendments and modifications represent a careful effort to balance "the competing considerations of the economy of scale envisioned by the FLSA collective action procedure," and the responsibility "that courts, as well as practicing attorneys," have to avoid the "'stirring up' of litigation through unwarranted solicitation." *Horne v. United States Automobile Association*, 279 F.Supp.2d 1231, 1237 (M.D. Ala. 2003) (J. Albritton).

Respectfully submitted,

s/ Richard E. Smith

s/ David B. Walston

Attorney for Defendants Greenville Hospital Corporation d/b/a L.V. Stabler Memorial Hospital and Community Health Systems Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of this Motion was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this June 27, 2008:

  David R. Arendall, Esq.
  Allen D. Arnold, Esq.
  ARENDALL & ASSOCIATES
  2018 Morris Avenue
  Birmingham, AL 35203

            /s/ David B. Walston
            Of Counsel