IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

    PLAINTIFF,

V.                                    CIVIL ACTION NO. 2:07-cv-00875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,

    DEFENDANTS.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND OR MODIFY THE COURT APPROVED NOTICE

COME NOW, the Plaintiffs by and through undersigned counsel, and oppose Defendant's Opposition to the Court approved Notice and show in support thereof as follows:

1. Defendant has moved for leave to file a Motion to Amend or Modify the Court approved Notice, and then what amounts to a brief in support thereof. Plaintiff's counsel was not contacted about this motion prior to filing. In its motion, Defendant concedes that its motion will not "alter the persons who receive the notice," (D. Mot, p. 8).

2. In essence, Defendant argues in its motion for this Court to adopt a

1

standard that runs contrary to Eleventh Circuit law (*Kohlheim v. Goynn County, Georgia*, 915 F.2d 1477 (11th Cir. 1990)), as well as the opinion of another district court in Alabama (*Chao v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 29950 (N.D. Ala. January 22, 2008)). As Judge Hopkins noted in her extensive decision on 29 U.S.C. §785.19, among other federal regulations at issue in that case, she stated: "However, the Court also explained that, to satisfy 29 C.F.R. § 553.221(a), the 'completely relieve from duty' standard [*11] in §785.19 must first be met. *Id.* Therefore, while *Kohlheim*, on its face, applies to firefighters under § 553.221(a), the Court is confident that the Eleventh Circuit would also apply the analysis therein to claims asserted under §785.19 *Id at *10 n.3*. Judge Hopkins went on to state in footnote 4: "Both Plaintiff and Defendant aver that the predominant benefit test applies to § 785.19 meal period claims, rather than the completely relieved from duty standard. As explained infra, these arguments are incorrect" (*Id *11 n.4)*. Judge Hopkins analyzes the *Kohlheim* decision to explain why her reasoning is sound.

3. Defendant's suggested changes do not correctly state Eleventh Circuit law. Regardless, that is an argument for another day. There is no disagreement regarding who will receive the Notice. The Notice is correct both based on the regulations, Judge Hopkins' analysis, as well as this author believes, Judge Bowdre. Attached hereto as Exhibit "A" is a similar Notice issued by Judge Bowdre in the

2

*Cowan v. Talladega Healthcare Center, Inc.*, CV-06-BE-0910-E. That case also involved violations of 29 U.S.C. §785.19. Judge Fuller's approved Notice in the case of *Brown v. Maximum Efficiency Squared, LLC*, 07-CV-00889-MEF is attached hereto as Exhibit "B", likewise showing virtually identical language to that of Judge Bowdre, as well as the Notice Defendant made the subject of Motion.

4.   Defendant's proposed modification of the language of the Notice would incorrectly state the law and, likely, be even more confusing to prospective opt-in, non-lawyer Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs oppose Defendant's Motion and ask the Court to deny both Defendant's leave request, as well as the Motion itself.                    Respectfully submitted,


/s/ David R. Arendall

David R. Arendall
Counsel for Plaintiff

OF COUNSEL:

**ARENDALL & ASSOCIATES**
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   David Walston, Esq.

/s/ David R. Arendall

_____

Of Counsel

4

# EXHIBIT A

# TO

# PLAINTIFF'S OPPOSITION TO

# DEFENDANT'S MOTION TO

# AMEND OR MODIFY THE

# COURT-APPROVED NOTICE

FILED
2006 Nov-17 PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

DILMPA COWAN, ET AL

    PLAINTIFFS,

V.

                          CIVIL ACTION NO. CV-06-BE-0910-E

TALLADEGA HEALTHCARE CENTER, INC.

    DEFENDANT.

## NOTICE

To:     Present and former hourly employees of Talladega Healthcare Center, Inc. who performed work in excess of 40 hours in any work week from May 12, 2003, to May 12, 2006, and who were not paid 1.5 times their regular hourly rate for all hours worked in excess of 40 hours in a work week by not counting as hours worked the time when they were not relieved from work duties or their work station for all or part of their 30 minute lunch

Re:     Fair Labor Standards Act Lawsuit Filed Against Talladega Healthcare Center, Inc.

I.     INTRODUCTION:     The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you potentially are a class member, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in this suit, should you decide that you wish to do so.

II.     DESCRIPTION OF THE LAWSUIT: On May 12, 2006, a lawsuit was filed in the United States District Court for the Northern District of Alabama against Talladega Healthcare Center, Inc. (Talladega Healthcare) by Dilmpa Cowan, Talaynda Pointer and Shereka Miller Cowan (Plaintiffs), on behalf of themselves and other past and present hourly paid employees of Talladega Healthcare. This lawsuit alleges that Talladega Healthcare violated the Fair Labor Standards Act ("FLSA") by:

- failing to pay hourly employees one and one-half times their hourly rate for hours worked in excess of 40 hours in a work week by not counting as hours worked the time when they were not relieved from work duties or their work station for all or part of their 30 minute lunch break.

Plaintiffs also seek an additional equal amount as liquidated damages and/or prejudgment interest, attorneys' fees, and costs.

Talladega Healthcare expressly denies that it engaged in unlawful conduct with respect to the named plaintiffs and the class members. Talladega Healthcare also contends that certain claims of Plaintiffs and potential class members are time barred. The Court has not ruled on the merits of Plaintiffs' claims or on the denials and other defenses raised by Talladega Healthcare.

III.     COMPOSITION OF THE CLASS: Plaintiffs seek to recover back pay and liquidated damages against Talladega Healthcare on behalf of themselves and also on behalf of the other employees of Talladega Healthcare. The Court has ruled that the lawsuit shall be conditionally maintained as a collective action brought by the named plaintiffs, individually and on behalf of the class members. The Court's ruling rests on its preliminary determination that there may be other employees of Talladega Healthcare who are similarly situated and who desire to join or opt into the lawsuit. Specifically, the Court has conditionally certified a class consisting of the following:

> All Talladega Healthcare hourly paid employees who performed work in excess of 40 hours in any work week from May 12, 2003, to May 12, 2006, and who were not paid 1.5 times their regular hourly rate for all hours worked in excess of 40 hours in a work week by not counting as hours worked the time when they were not relieved from work duties or their work station for all or part of their 30 minute lunch break.

The Court has indicated that you can file an opt-in form if you are, or were, an hourly employee at Talladega Healthcare at any time from May 12, 2003, to May 12, 2006, and worked in excess of 40 hours in any work week for which you were not paid at 1.5 times your regular rate.

IV.   YOUR RIGHT TO PARTICIPATE IN THIS SUIT: If you fit the definition of the class described above, you may join this suit or "opt in" by returning in the enclosed envelope or by mailing by First Class mail, postage prepaid, a completed and signed "Consent to Become Party Plaintiff" form postmarked on or before March 1, 2007, to Plaintiffs' counsel at the following address:

PLAINTIFFS' COUNSEL:

David R. Arendall, Esq.
Allen D. Arnold, Esq.
Arendall & Associates
2018 Morris Avenue
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

Information may be obtained at Arendalllaw.com link: Talladega Healthcare litigation.

Talladega Healthcare is represented by Terry Price, Esq., and Susan W. Bullock, Esq., Ford & Harrison, LLP, 2100 Third Avenue North, Suite, 400, Birmingham, AL 35203.

Should you want to join by sending back a signed consent form, you should not be concerned about retaliation by anyone because of your participation in this lawsuit. The law prohibits any form of retaliation.

As a participant you may be required to answer written discovery and/or give sworn testimony during a deposition or at trial. If you fail to return the signed consent form, you will not be a part of this case, nor will you share in any recovery.

Failure to timely return or to properly complete and sign the Consent to Become Party Plaintiff form by the above date will result in your not being able to participate in this lawsuit. Just as is true in any lawsuit, participation does not mean that the named Plaintiffs or any of the class members is, by participation alone, entitled to recover against Talladega Healthcare.

Even if you file a "Consent to Become a Party Plaintiff" form, your continued right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

V.   FURTHER INFORMATION: Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit, may be obtained by telephoning or writing Plaintiffs' counsel at the number and address stated above. Additional information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit, may be obtained by visiting the website of Arendalllaw.com, faxing, writing or phoning Plaintiffs' counsel at the number and address stated above for Arendall & Associates.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOLELY FOR THE PURPOSE OF NOTIFYING POTENTIAL CLASS MEMBERS OF THE LAWSUIT. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR DEFENSES OF TALLADEGA HEALTHCARE.

Please be advised that you have the right to seek the advice and guidance of your own counsel if you desire. The pleadings and other documents of record in this lawsuit may be examined and copied at any time during regular business hours at the office of the Clerk of the United States District Court for the Northern District of Alabama located at the Hugo Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL BROWN,
    PLAINTIFF,
V.                                          CIVIL ACTION NO.:
                                                07-CV-00889-MEF

MAXIMUM EFFICIENCY SQUARED, LLC
d/b/a Bullock County Hospital,
    DEFENDANT.

## NOTICE OF RIGHT TO OPT-IN TO LAWSUIT

TO:    ALL HOURLY-PAID PERSONS WHO WORKED OVER FORTY HOURS IN ONE OR MORE WORK WEEK FROM ANYTIME FROM OCTOBER 4, 2004 TO THE PRESENT, WHILE EMPLOYED WITH BULLOCK COUNTY

RE:    FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST MAXIMUM EFFICIENCY SQUARED, LLC, d/b/a Bullock County Hospital

### I. INTRODUCTION

The purpose of this Notice is to inform you about a collective action lawsuit in which you may make a claim for damages, to advise you of how your rights maybe affected by this suit, and to inform you how to make a claim, if you so desire.

### II. DESCRIPTION OF LAWSUIT

On October 4, 2007, Michael Brown ("Plaintiff") filed a lawsuit in the United States District Court for the Middle District of Alabama against Maximum Efficiency Squared, LLC, d/b/a Bullock County Hospital ("Bullock County Hospital") on behalf of himself and all other past and present hourly-paid employees, alleging that they are owed unpaid wages and overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. Since filing the lawsuit four (4) other similarly-situated former employees (Plaintiffs) have joined.

9717161                                                1

Plaintiffs allege that, during one or more weeks of their employment with Bullock County Hospital, they were not paid for all overtime hours worked. Specifically, Plaintiffs allege that Bullock County Hospital failed to pay them and other hourly employees, overtime for all hours worked over forty in a work week at 1.5 times their regular hourly rate by not providing an opportunity to take a lunch break at a location away from the employees' work station, uninterrupted from work duties. The law provides that if a lunch period for an hourly paid employee is unpaid, the employee should not be interrupted during that lunch break to perform job duties on behalf of their employer, and they should be allowed to take lunch away from their work station. In this lawsuit, Plaintiffs have also claimed that Bullock County Hospital has not paid them and other hourly employees for hours they performed prior to the start of their regular work shift, and/or for all hours worked after they clocked out at the end of their shift. Plaintiffs allege they would arrive early and begin job duties after they clocked in, but before the start of their scheduled shift, such as checking on patient needs. Plaintiffs also allege that at the end of the shifts they might stay to complete job assignments and that Bullock County Hospital did not pay for these "out of shift" hours. Plaintiffs claim that Bullock County Hospital's failure to pay employees for these interrupted and/or missed meal periods and for these "out of shift" hours violated the Fair Labor Standards Act, entitling them to overtime pay for those weeks in which they worked at least forty hours.

Bullock County Hospital denies liability in this case and contends that all hourly employees have been fully compensated for all hours worked.

### III. YOUR RIGHT TO JOIN THIS LAWSUIT

If you are or have been employed by Bullock County Hospital in an hourly-paid position during any period of time between October 4, 2004, and the present and you were not paid for

missed and/or interrupted meal periods or for meal periods where you were not allowed to leave your work station, and/or for work you performed for the benefit of Bullock County Hospital before the start of your regular shift or after the end of your regular shift and you were not paid at 1.5 times your regular hourly rate on weeks in which you worked over forty hours for all these hours, then you are eligible to join. You may make a claim to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs in this lawsuit. It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire.

## IV. LEGAL EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment of the Court, whether it is favorable or unfavorable to you, or any settlement of this action that may later be approved by the Court as fair and reasonable. That means that, if the employees win, you may be eligible to share in the monetary award; if the employees lose, no money will be awarded, and you will not be able to file another lawsuit regarding the disputed hours of work. You also will be bound by the strategic decisions of the class.

While the lawsuit is proceeding, you may be required to provide information, appear for a deposition, and/or testify in Court.

## V. LEGAL EFFECT OF NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. That means that, if the employees win, you will not be eligible to share in the monetary award; if the employees lose, you will not be bound by that judgment. If you choose not to join this lawsuit, you retain any rights, if any, that you may have under the Fair Labor Standards Act, and you are free to file your own lawsuit.

Be aware that the time limit for acting on any wage claims you may have under the Fair Labor Standards Act may continue to run and may cause your claim to be barred.

## VI. LEGAL REPRESENTATION IF YOU JOIN THIS LAWSUIT

The attorneys for the Plaintiff and the proposed opt-in class are David R. Arendall, Esq., and Allen D. Arnold, Esq. of the firm of Arendall & Associates. Their address, telephone number, fax number, and web address are: 2018 Morris Avenue, Third Floor, Birmingham, AL 35203; Phone: (205) 252-1550; Fax: (205) 252-1556; and web address: www.arendalllaw.com.

If you choose to join this lawsuit, Arendall & Associates will represent you. You will not have to pay these lawyers for their services, and the attorney fee agreement is contained on the back of the Consent to Join form.

Bullock County Hospital's counsel of record is M. Jefferson Starling III, Balch & Bingham LLP, 1701 Sixth Avenue North, Birmingham, AL 35203.

## VII. HOW TO JOIN THIS LAWSUIT

If you wish to join this lawsuit, you must complete, sign, and mail the enclosed Consent to Become Party Plaintiff form in the enclosed envelope to the following address:

Arendall & Associates
2018 Morris Avenue, Third Floor
Birmingham, AL 35203

Your signed Consent form must be received by Arendall & Associates by August 15, 2008, to be eligible to participate in this case. If you wish to join this lawsuit, return the signed Consent form as soon as possible to attempt to preserve any present legal right you may have to participate in this lawsuit.

## VIII. NO RETALIATION OR DISCRIMINATION PERMITTED

The Fair Labor Standards Act prohibits employers from discriminating or retaliating against any person who files a lawsuit or complaint for overtime compensation, testifies in a

lawsuit under the Fair Labor Standards Act, or otherwise participates in a proceeding to recover overtime compensation under the Fair Labor Standards Act.

### IX. NO OPINION EXPRESSED AS TO THE MERITS OF THIS LAWSUIT

THIS NOTICE IS FOR THE SOLE PURPOSE OF PROVIDING CURRENT AND FORMER BULLOCK COUNTY HOSPITAL EMPLOYEES WITH INFORMATION CONCERNING THEIR RIGHT TO JOIN THIS LAWSUIT. ALTHOUGH THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE COURT, THE COURT TAKES NO POSITION REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR BULLOCK COUNTY HOSPITAL'S DEFENSES.

BY ORDER OF THE COURT.

Dated: 13 May 2008

_____
United States District Court Judge