IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:07-cv-0875-WKW |
| | ) | |
| L. V. STABLER HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This cause is before the court on the defendants' Motion for Leave to File Motion to Amend or Modify Court-Approved Notice (Doc. # 43), the defendants' Motion to Amend or Modify Court-Approved Notice (Doc. # 43-2), and the plaintiff's response (Doc. # 44). For the reasons set forth below, the motion for leave to file is due to be granted, but the motion to amend the notice is due to be denied.

In their motion, the defendants request that the court make three revisions to the notice previously approved by the court: (1) include the phrase "may have" to the addressee portion of the notice; (2) in the addressee and description portions of the notice, replace the phrase "when they were not relieved from work duties or their work station" with the phrase "spent performing work duties predominantly for the benefit of L.V. Stabler;" and (3) instead of simply stating that the defendants deny liability, state their denial with more specificity. (*See* Doc. # 43-2, at 1-2.)

The defendants' first and third requests are denied as untimely. Either of these requests could have been raised by the defendants in their response in opposition to the plaintiff's motion for class certification and in response to the plaintiff's proposed notice. The defendants made other objections (Doc. # 25, at 30-31) to the notice but failed to raise these two issues before the court finalized the notice. While the court recognizes that it adopted a different addressee portion of the notice than that proposed by the plaintiffs, it was done so at the urging of the defendants and any further qualifying language such as the "may have" phrase should have been raised earlier.

The second modification request concerns the court's decision to use language that tracks the federal regulation instead the defendants' proposed "applicable construction of the regulation applied by federal courts." (Doc. # 43-2, at 3.) While the defendants provide a lengthy explanation of how courts have interpreted the relevant FLSA regulation, the defendants have not provided the court with any binding Eleventh Circuit case law demonstrating that the court's approved language – based largely on the regulation – is in error. The defendants rely heavily on *Lamon* from the Tenth Circuit, and favorable citations to it from the Eleventh Circuit, but its context of a jury instruction challenge distinguishes it from the issue at hand, which is providing notice to possible opt-in plaintiffs. *See Lamon v. City of Shawnee*, 972 F.2d 1145 (10th Cir. 1992). Any "misapprehension" based on the use of the regulatory language as contemplated by *Lamon* and its progeny may be cured well before trial through motions for summary judgment or decertification.

2

Similarly, while defendants are correct in "that the geographic location of the break is not dispositive," *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1477 n.19 (11th Cir. 1990), the "work station" language is not misleading and serves as a useful description to notify potential plaintiffs that they may have a claim, especially in light of the regulatory language. *See* 29 C.F.R. § 785.19(a) ("[A]n office employee who is required to eat at his desk . . . is working while eating."). Furthermore, the defendants' suggested "logical import" of the "work station" phrase is overstated. (Doc. # 43-2, at 8.) Defendants worry that employees who elected to eat at their work station – regardless of whether any job duties were performed during the break – will erroneously presume they have a claim based solely on this reason. (*Id.*) However, the notice language describes employees who "were not *relieved* from work duties or their work station." (Doc. # 42, at 10.) Use of the term "relieved" indicates this describes employees who did not elect to eat at their work station but were required to do so at the behest of their employer.

Therefore, for the reasons set forth above, it is ORDERED that the defendants' Motion for Leave to File Motion to Amend or Modify Court-Approved Notice (Doc. # 43) is GRANTED, but that their Motion to Amend or Modify Court-Approved Notice (Doc. # 43-2) is DENIED.

DONE this 3rd day of July, 2008.

      /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE