# IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **DONNA OHSANN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.** |
| **vs.** | * | |
| | * | **2:07-cv-00875-WKW** |
| **L. V. STABLER HOSPITAL and** | * | |
| **COMMUNITY HEALTH SYSTEM** | * | |
| **PROFESSIONAL SERVICES** | * | |
| **CORPORATION,** | * | |
| | * | |
| **Defendants.** | * | |

## FIRST NOTICE OF SERVICE OF SUBPOENAS PURSUANT TO RULES 34 AND 45, FED.R.CIV.P.

Defendants, Greenville Hospital Corporation d/b/a L. V. Stabler Memorial

Hospital and Community Health System Professional Services Corporation,

pursuant to Rule 45, Fed.R.Civ.P., hereby give notice of the service of the

subpoenas attached as Exhibit A.

s/ David B. Walston

Attorney for Defendants Greenville Hospital
Corporation d/b/a L.V. Stabler Memorial
Hospital and Community Health Systems
Professional Services Corporation

Page 1 of 2

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this July 30, 2008:

> David R. Arendall, Esq.
> Allen D. Arnold, Esq.
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, AL 35203

/s/ David B. Walston
Of Counsel

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.** |
| **vs.** | * | |
| | * | **2:07-cv-00875-WKW** |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| **Defendants.** | * | |

---

**EXHIBIT A TO FIRST NOTICE OF SERVICE OF SUBPOENAS
PURSUANT TO RULES 34 AND 45, FED.R.CIV.P.**

---

s/  David B. Walston

Attorney for Defendants Greenville Hospital
Corporation d/b/a L.V. Stabler Memorial
Hospital and Community Health Systems
Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234

Page 1 of 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Powertel, Inc
         CSC-Lawyers Incorporationg Service
         150 S. Perry Street
         Montgomery, AL 36104

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 498-0157 issued to Pamela Delisa Jones, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20ᵗʰ Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

      (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

            (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

      (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

            (i)    fails to allow reasonable time for compliance.

            (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
            (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
            (iv)  subjects a person to undue burden.

            (B)    If a subpoena
            (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

    (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

        (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

        (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

            (1) No objections were filed; or

            (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.      We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.      The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.      As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                              )
                                          )
                    PLAINTIFF,             )
                                          )        Case No.CV 07-00875
vs.                                       )
                                          )
L.V. STABLER HOSPITAL, et al.,            )
                                          )
                    DEFENDANT             )

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    New Cingular Wireless
       CSC Lawyers Incorporating Service
       150 South Perry St.
       Montgomery, AL 36104

        You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

        The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 328-6355 issued to Illya D. Bogan, and dating from October 7, 2004 to October 7, 2007.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

        **Protection of Persons Subject to Subpoenas:**

        (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

      (1) No objections were filed; or

      (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **Case No.CV 07-00875** |
| **vs.** ) | |
| ) | |
| **L.V. STABLER HOSPITAL, et al.,** ) | |
| ) | |
| **DEFENDANT** ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    New Cingular Wireless
        CSC Lawyers Incorporating Service
        150 South Perry St.
        Montgomery, AL 36104

        You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

        The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 290-2400 issued to Katie Thomas, and dating from October 7, 2004 to October 7, 2007.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

        **Protection of Persons Subject to Subpoenas:**

        (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Verizon Wireless of the East LP
        CSC Lawyers Incorporation Service Inc.
        150 S. Perry St.
        Montgomery, AL 36104

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 207-8970 issued to Veronica Boyge, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3. As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** )<br>)<br>**PLAINTIFF,** )<br>)<br>**vs.** )<br>)<br>**L.V. STABLER HOSPITAL, et al.,** )<br>)<br>**DEFENDANT** ) | **Case No.CV 07-00875** |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Sprint Spectrum L.P.
      Prentice Hall Corporation System Inc.
      150 South Perry St.
      Montgomery, AL 36104

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (901) 628-4302 issued to Alicia Huguler, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____
PROCESS SERVER


cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alltel Mobile Communications of Alabama, Inc.
        c/o The Corporation Company
        60 Commerce Street
        Montgomery, AL 36103

       You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 437-6738 issued to Jacqueline Bargainer, and dating from October 7, 2004 to October 7, 2007.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20ᵗʰ Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

           (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

           (i)    fails to allow reasonable time for compliance.

           (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

           (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

           (iv)  subjects a person to undue burden.

           (B)    If a subpoena

           (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

       (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

       (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

       (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

       (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

           (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

           (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

           (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

               (1) No objections were filed; or

               (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alltel Mobile Communications of Alabama, Inc.
       c/o The Corporation Company
       60 Commerce Street
       Montgomery, AL 36103

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (251) 362-9731 issued to Samerica Leonard, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

    (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

        (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

        (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
(1) No objections were filed; or
(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3. As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____
David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
              PLAINTIFF,               )
                                       )        Case No.CV 07-00875
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
              DEFENDANT                )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alltel Mobile Communications of Alabama, Inc.
       c/o The Corporation Company
       60 Commerce Street
       Montgomery, AL 36103

       You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 437-0711 issued to Barry L. Grace, and dating from October 7, 2004 to October 7, 2007.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)     If a subpoena
(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alltel Mobile Communications of Alabama, Inc.
c/o The Corporation Company
60 Commerce Street
Montgomery, AL 36103

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 437-3420 issued to Annie Thompson, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

      (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

          (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

      (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

          (i)    fails to allow reasonable time for compliance.

          (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

          (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

          (iv)  subjects a person to undue burden.

          (B)    If a subpoena

          (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

      (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

      (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

      (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

      (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

          (1) No objections were filed; or

          (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_David B. Walston_

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alltel Mobile Communications of Alabama, Inc.
       c/o The Corporation Company
       60 Commerce Street
       Montgomery, AL 36103

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 437-2820 issued to Theresa Allen, and dating from October 7, 2004 to October 7, 2007.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
        (1) No objections were filed; or
        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )     **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Southern Communication Services, Inc.
            CSC-Lawyers Incorporating Service
            150 South Perry St.
            Montgomery, AL 36104

       You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 525-1383 issued to Mellan D. Johnson, and dating from October 7, 2004 to October 7, 2007.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and

impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


PROCESS SERVER


cc:   David R. Arendall, Esq.
      Arendall & Associates
      2018 Morris Avenue
      Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                           )
                                        )
          **PLAINTIFF,**            )
                                        )    **Case No.CV 07-00875**
**vs.**                                 )
                                        )
L.V. STABLER HOSPITAL, et al.,          )
                                        )
          **DEFENDANT**            )

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Southern Communication Services, Inc.
        CSC-Lawyers Incorporating Service
        150 South Perry St.
        Montgomery, AL 36104

       You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The complete telephone records, including, but not limited to, records and/or invoices identifying telephone calls and/or text messages made and received to and/or from the **telephone no: (334) 525-1149 issued to Kathy Schofield, and dating from October 7, 2004 to October 7, 2007.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $150.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may

include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

  (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

      (1) No objections were filed; or

      (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5