IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-cv-00875-WKW |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| **Defendants.** | * | |

## SECOND NOTICE OF SERVICE OF SUBPOENAS PURSUANT TO RULES 34 AND 45, FED.R.CIV.P.

Defendants, Greenville Hospital Corporation d/b/a L. V. Stabler Memorial

Hospital and Community Health System Professional Services Corporation,

pursuant to Rule 45, Fed.R.Civ.P., hereby give notice of the service of the

subpoenas attached as Exhibit A.

s/ David B. Walston

Attorney for Defendants Greenville Hospital
Corporation d/b/a L.V. Stabler Memorial
Hospital and Community Health Systems
Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Notice was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this July 30, 2008:

> David R. Arendall, Esq.
> Allen D. Arnold, Esq.
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, AL 35203

> /s/ David B. Walston
> Of Counsel

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-cv-00875-WKW |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |

## EXHIBIT A TO SECOND NOTICE OF SERVICE OF SUBPOENAS PURSUANT TO RULES 34 AND 45, FED.R.CIV.P.

s/  David B. Walston

Attorney for Defendants Greenville Hospital
Corporation d/b/a L.V. Stabler Memorial
Hospital and Community Health Systems
Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street
1800 Financial Center
Birmingham, Alabama 35203-2696
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:   Baptist Healthcare d/b/a LifeFlight
       Attn: Custodian of Records
       P.O. Box 17500
       1000 West Moreno Street
       Pensacola, FL 35201

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       Any and all documents related to **Donna Lynn Ohsann's** employment **(aka Donna Lynn Smith; Donna Lynn Bennett; SSN:418-04-xxxx)**, whether included in her personnel file or otherwise, including, but not limited to,

       Applications for employment
       Resumes
       References
       Recommendations
       Employment verifications
       Background checks
       Credit checks
       Criminal background checks
       Compensation
       Benefits
       Counseling, corrective or disciplinary action
       Documents pertaining to relationships with other employees
       Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20ᵗʰ Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____

Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                              )
                                           )
            PLAINTIFF,                      )
                                           )     Case No.CV 07-00875
vs.                                        )
                                           )
L.V. STABLER HOSPITAL, et al.,             )
                                           )
            DEFENDANT                       )

CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(c) and 45

TO:   LifePoint Hospitals, Inc.
      Attn: Custodian of Records
      103 Powell Court, Suite 200
      Brentwood, TN 37027

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within
fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to
inspect and copy each of the following documents:

       Any and all documents related to **Donna Lynn Ohsann's** employment **(aka Donna Lynn
Smith; Donna Lynn Bennett;SSN: 418-04-xxxx)**, whether included in her personnel file or
otherwise, including, but not limited to,

       Applications for employment
       Resumes
       References
       Recommendations
       Employment verifications
       Background checks
       Credit checks
       Criminal background checks
       Compensation
       Benefits
       Counseling, corrective or disciplinary action
       Documents pertaining to relationships with other employees
       Separation from employment, whether voluntary or involuntary

       Such production and inspection is to take place where the documents are regularly kept or

at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is

2

employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.


(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

      (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

      (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
        Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Andalusia Regional Hospital
       Attn: Custodian of Records
       P.O. Box 760
       849 South Three Notch Street
       Andalusia, AL 36420

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

Any and all documents related to **Donna Lynn Ohsann's** employment **(aka Donna Lynn Smith; Donna Lynn Bennett;SSN: 418-04-xxxx)**, whether included in her personnel file or otherwise, including, but not limited to,

Applications for employment
Resumes
References
Recommendations
Employment verifications
Background checks
Credit checks
Criminal background checks
Compensation
Benefits
Counseling, corrective or disciplinary action
Documents pertaining to relationships with other employees
Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

    (1) No objections were filed; or

    (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

    1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

    2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

    3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

      **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

      For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants


OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

 

_____

Clerk of this Court

By  _____
      Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ____ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.


_____

PROCESS SERVER

cc:    David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(c) and 45

TO:   Gilliard Health Services, Inc.
      Attn: Custodian of Records
      P.O. Box 11809
      3091 Carter Hill Road
      Montgomery, AL 36111

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

Any and all documents related to **Donna Lynn Ohsann's** employment **(aka Donna Lynn Smith; Donna Lynn Bennett;SSN:418-04-xxxx)**, whether included in her personnel file or otherwise, including, but not limited to,

> Applications for employment
> Resumes
> References
> Recommendations
> Employment verifications
> Background checks
> Credit checks
> Criminal background checks
> Compensation
> Benefits
> Counseling, corrective or disciplinary action
> Documents pertaining to relationships with other employees
> Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        (A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)     For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)     The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____
          Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )     **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Evergreen Medical Center
        Attn: Custodian of Records
        P.O. Box 706
        101 Crestview Ave.
        Evergreen, AL 36401

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

Any and all documents related to **Donna Lynn Ohsann's** employment **(aka Donna Lynn Smith; Donna Lynn Bennett;418-04-xxxx)**, whether included in her personnel file or otherwise, including, but not limited to,

    Applications for employment
    Resumes
    References
    Recommendations
    Employment verifications
    Background checks
    Credit checks
    Criminal background checks
    Compensation
    Benefits
    Counseling, corrective or disciplinary action
    Documents pertaining to relationships with other employees
    Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)    If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the ____ day of _____, 2008.

PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Jeff Davis Community College
       Attn: Custodian of Records
       P.O. Box 958
       Brewton, AL 36427

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Donna Ohsann (aka Donna Lynn Smith; Donna Lynn Bennett); SSN 418-04-xxxx.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_____

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____
      Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____

PROCESS SERVER

cc:    David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **Case No.CV 07-00875** |
| **vs.** ) | |
| ) | |
| **L.V. STABLER HOSPITAL, et al.,** ) | |
| ) | |
| **DEFENDANT** ) | |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Sparta Academy
       Attn: Custodian of Records
       300 Pierce Street
       Evergreen, AL 36401

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Donna Ohsann (aka Donna Lynn Smith; Donna Lynn Bennett); SSN  418-04-xxxx.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

        (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

        (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

            (1) No objections were filed; or

            (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_[signature]_

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN,                        )
                                    )
            PLAINTIFF,              )
                                    )      **Case No.CV 07-00875**
vs.                                 )
                                    )
L.V. STABLER HOSPITAL, et al.,      )
                                    )
            DEFENDANT              )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alabama Board of Nursing
       Attn: Custodian of Records
       RSA Plaza, Suite 250
       770 Washington Ave.
       Montgomery, AL 36104

       You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Donna Lynn Ohsann (aka Donna Lynn Smith; Donna Lynn Bennett); License No: 1-074377.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

2

(iv) subjects a person to undue burden.

(B)   If a subpoena
(i)      requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
       (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
       (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...
(iii)   For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:
       (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;
       (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
(1) No objections were filed; or
(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3. As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party**

4

**causing the issuance of this subpoena of the reasonable costs of the making of such copies.**
The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time
and place or upon receipt of said documents.

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    E911 Butler County
       Attn: Custodian of Records
       1000 S. Conecuh Street
       Greenville, AL 36037

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

**That you produce and permit said Defendant to inspect and copy each of the following documents:**

Any and all documents related to **Rose Marie Phillips-Williams'** employment **(aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462)**, whether included in her personnel file or otherwise, including, but not limited to,

Applications for employment
Resumes
References
Recommendations
Employment verifications
Background checks
Credit checks
Criminal background checks
Compensation
Benefits
Counseling, corrective or disciplinary action
Documents pertaining to relationships with other employees
Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)      (A)      A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)      (A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance.

(ii)      requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)   If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)   The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)   The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:     St. Jude Children's Research Hospital
        Attn: Custodian of Records
        322 North Lauderdale
        Memphis, TN 38105

        You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

        **That you produce and permit said Defendant to inspect and copy each of the following documents:**

        Any and all documents related to **Rose Marie Phillips-Williams'** employment **(aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462)**, whether included in her personnel file or otherwise, including, but not limited to,

        Applications for employment
        Resumes
        References
        Recommendations
        Employment verifications
        Background checks
        Credit checks
        Criminal background checks
        Compensation
        Benefits
        Counseling, corrective or disciplinary action
        Documents pertaining to relationships with other employees
        Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.      We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.      The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.      As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.


By: David B. Walston
Attorney for Defendants


OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


_____
Clerk of this Court

By  _____
Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.


_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Case Western Reserve University
       Attn: Custodian of Records
       10900 Euclid Ave.
       Cleveland, OH 44106

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

**That you produce and permit said Defendant to inspect and copy each of the following documents:**

Any and all documents related to **Rose Marie Phillips-Williams'** employment **(aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462)**, whether included in her personnel file or otherwise, including, but not limited to,

    Applications for employment
    Resumes
    References
    Recommendations
    Employment verifications
    Background checks
    Credit checks
    Criminal background checks
    Compensation
    Benefits
    Counseling, corrective or disciplinary action
    Documents pertaining to relationships with other employees
    Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA  PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        (A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

    (iii)     For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)     The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.     We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                              )
                                           )
              PLAINTIFF,                    )
                                           )    Case No.CV 07-00875
vs.                                        )
                                           )
L.V. STABLER HOSPITAL, et al.,             )
                                           )
              DEFENDANT                     )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Cleveland Restoration Society
       Attn: Human Resources
       3751 Prospect Ave.
       Cleveland, OH 44115

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within
fifteen (15) days after service of this subpoena:

       **That you produce and permit said Defendant to inspect and copy each of the following
       documents:**

       Any and all documents related to **Rose Marie Phillips-Williams'** employment **(aka Rose
Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462)**, whether included
in her personnel file or otherwise, including, but not limited to,

       Applications for employment
       Resumes
       References
       Recommendations
       Employment verifications
       Background checks
       Credit checks
       Criminal background checks
       Compensation
       Benefits
       Counseling, corrective or disciplinary action
       Documents pertaining to relationships with other employees
       Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)    The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
(1) No objections were filed; or
(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
    Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                        )
                                     )
        PLAINTIFF,                 )
                                     )        **Case No.CV 07-00875**
vs.                                  )
                                     )
L.V. STABLER HOSPITAL, et al.,       )
                                     )
        DEFENDANT                  )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Community College of the Air Force
       Attn: Custodian of Records
       130 West Maxwell Blvd.
       Maxwell AFB, AL 36112-6613

      You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

      The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Rose Marie Phillips-Williams (aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462).**

      Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

      **Protection of Persons Subject to Subpoenas:**

      (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

      (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

           (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

      (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

           (i)    fails to allow reasonable time for compliance.

           (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

           (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

           (iv) subjects a person to undue burden.

           (B)    If a subpoena

           (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_____

David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
              **PLAINTIFF,**                          )
                                       )      **Case No.CV 07-00875**
**vs.**                                    )
                                       )
**L.V. STABLER HOSPITAL, et al.,**         )
                                       )
              **DEFENDANT**                           )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:     University of Maryland
           Office of Registrar
           First Floor Mitchell Building
           College Park, MD 20742

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Rose Marie Phillips-Williams (aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_David B. Walston_
_(signature)_

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| DONNA OHSANN; | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| L.V. STABLER HOSPITAL, et al., | ) |
| | ) |
| **DEFENDANT** | ) |

**CIVIL SUBPOENA FOR PRODUCTION
OF DOCUMENTS UNDER RULES 34(c) and 45**

TO:   Southwest Tennessee Community College
      Attn: Custodian of Records
      P.O. Box 780
      Memphis, TN 38101

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Rose Marie Phillips-Williams (aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA  PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    University of Phoenix - Memphis
        Attn: Custodian of Records
        65 Germantown Court, Suite 100
        Cordova, TN 38018

        You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

        The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Rose Marie Phillips-Williams (aka Rose Marie Brewer, Rose Marie Merritt, Rose Marie Philips;SSN: xxx-xx-6462).**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

        **Protection of Persons Subject to Subpoenas:**

        (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

     (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

             (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

     (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

             (i)    fails to allow reasonable time for compliance.

             (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

             (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

             (iv)  subjects a person to undue burden.

             (B)    If a subpoena

             (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)   For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

4

_(signature)_

David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Sacred Heart Hospital
       Attn: Custodian of Records
       Sacred Heart Health System
       9th and Bayou Blvd.
       Pensacola, FL32526

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

Any and all documents related to **Vicki Lynn Crase's** employment **(aka Vicki Lynn Harris, SSN: 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)**, whether included in her personnel file or otherwise, including, but not limited to,

Applications for employment
Resumes
References
Recommendations
Employment verifications
Background checks
Credit checks
Criminal background checks
Compensation
Benefits
Counseling, corrective or disciplinary action
Documents pertaining to relationships with other employees
Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service,

2

more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)     The party requesting such information has made a good faith attempt to

3

provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.     We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
      Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )     **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Crenshaw Baptist Hospital
        Attn: Custodian of Records
        101 Baptist Lane
        Luverne, AL 36049

      You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

      Any and all documents related to **Vicki Lynn Crase's** employment **(aka Vicki Lynn Harris, SSN: 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)**, whether included in her personnel file or otherwise, including, but not limited to,

        Applications for employment
        Resumes
        References
        Recommendations
        Employment verifications
        Background checks
        Credit checks
        Criminal background checks
        Compensation
        Benefits
        Counseling, corrective or disciplinary action
        Documents pertaining to relationships with other employees
        Separation from employment, whether voluntary or involuntary

      Such production and inspection is to take place where the documents are regularly kept or

at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is

2

employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

3

      (B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

      (C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

           (1) No objections were filed; or

           (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.     We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____

Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the ____ day of _____, 2008.

_____

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:     George Wallace College
        Attn: Custodian of Records
        1141 Wallace Drive
        Dothan, AL 36303

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Vicki Lynn Crase (aka Vicki Lynn Harris, SSN: 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).**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...
(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:
    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;
    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
        (1) No objections were filed; or
        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1. We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2. The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3. As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_____

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By  _____
       Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
           PLAINTIFF,                  )
                                       )      **Case No.CV 07-00875**
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
           DEFENDANT                   )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Reid State Technical College
       Attn: Custodian of Records
       165 and Highway 83
       Evergreen, AL 36401

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Vicki Lynn Crase (aka Vicki Lynn Harris, SSN: 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).**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2) (A) A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

     (i) fails to allow reasonable time for compliance.

     (ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
     (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
     (iv) subjects a person to undue burden.

     (B) If a subpoena
     (i) requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
     (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.     We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.     The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.     As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_____
By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By  _____
      Deputy Clerk

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )     **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alabama Board of Nursing
       Attn: Custodian of Records
       RSA Plaza, Suite 250
       770 Washington Ave.
       Montgomery, AL 36104

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

**That you produce and permit said Defendant to inspect and copy each of the following documents:**

The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Vicki Lynn Crase (aka Vicki Lynn Harris); License No: 1-066402.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research,

2

development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)     The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____
      Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                              )
                                          )
              PLAINTIFF,                   )
                                          )    **Case No.CV 07-00875**
VS.                                        )
                                          )
L.V. STABLER HOSPITAL, et al.,             )
                                          )
              DEFENDANT                    )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Florida Dept. Of Health
       Division of Medical Quality Assurance
       Central Records Unit, Bin C01
       4052 Bald Cypress Way
       Tallahassee, FL 32399-3251

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

       **That you produce and permit said Defendant to inspect and copy each of the following documents:**

       The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Vicki Lynn Crase (aka Vicki Lynn Harris); License No: 3350792.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research,

2

development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*
(1)     *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)     For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)     The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_____

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____
        Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ____ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER


cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DONNA OHSANN;** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.CV 07-00875** |
| **vs.** | ) | |
| | ) | |
| **L.V. STABLER HOSPITAL, et al.,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    CATO Fashions
       Attn: Custodian of Records
       212 Interchange Drive
       Fulton, MS 388843

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       Any and all documents related to **Katie Ann Thomas'** employment **(aka Katie Ann Osbirn, SSN: 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)**, whether included in her personnel file or otherwise, including, but not limited to,

       Applications for employment
       Resumes
       References
       Recommendations
       Employment verifications
       Background checks
       Credit checks
       Criminal background checks
       Compensation
       Benefits
       Counseling, corrective or disciplinary action
       Documents pertaining to relationships with other employees
       Separation from employment, whether voluntary or involuntary

       Such production and inspection is to take place where the documents are regularly kept or

at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is

2

employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

3

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

4

    **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

    For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____

Clerk of this Court

By _____
    Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
            PLAINTIFF,                 )
                                       )        Case No.CV 07-00875
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
            DEFENDANT                  )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Itawamba Community College
       Attn: Custodian of Records
       602 West Hill Street
       Fulton MS 38843

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Katie Ann Thomas (aka Katie Ann Osbirn, SSN: 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).**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

    (iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

        (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

        (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

        (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

            (1) No objections were filed; or

            (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
    Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DONNA OHSANN; | ) |
| | ) |
| PLAINTIFF, | ) |
| | )    **Case No.CV 07-00875** |
| vs. | ) |
| | ) |
| L.V. STABLER HOSPITAL, et al., | ) |
| | ) |
| DEFENDANT | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Itawamba Agricultural High School
       Attn: Custodian of Records
       11900 Highway 25 South
       Fulton MS 38843

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Katie Ann Thomas (aka Katie Ann Osbirn, SSN: 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).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

      (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

          (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

      (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

          (i)    fails to allow reasonable time for compliance.

          (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
          (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
          (iv)  subjects a person to undue burden.

          (B)    If a subpoena
          (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
          (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_Wlst_

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
    Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
                    PLAINTIFF,         )
                                       )     Case No.CV 07-00875
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
                    DEFENDANT          )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:     Alabama Board of Nursing
        Attn: Custodian of Records
        RSA Plaza, Suite 250
        770 Washington Ave.
        Montgomery, AL 36104

        You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena that you produce and permit said Defendant to inspect and copy each of the following documents:

        The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Katie Ann Thomas (aka Katie Ann Osbirn); License No: 2-057402.**

        Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

        **Protection of Persons Subject to Subpoenas:**

        (1)     A party or an attorney responsible for the issuance and service of a subpoena shall

take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

        (2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

              (B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

        (3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

              (i)     fails to allow reasonable time for compliance.

              (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

              (iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

              (iv) subjects a person to undue burden.

              (B)     If a subpoena

              (i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)   *Standard disclosures for judicial and administrative proceedings.*
(1)   *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
       (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)   The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

    (iii)   For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)   The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

      (B)   The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

      (C)   The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance

Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_(signature)_

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
     Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )     **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alabama Board of Nursing
        Attn: Custodian of Records
        RSA Plaza, Suite 250
        770 Washington Ave.
        Montgomery, AL 36104

You are hereby commanded at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Theresa Carter; License No: 1-080925.**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall

take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

       (2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

                (B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

       (3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

                (i)     fails to allow reasonable time for compliance.

                (ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

                (iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

                (iv) subjects a person to undue burden.

                (B)     If a subpoena

                (i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance

3

Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.   We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.   The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.   As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By  _____
      Deputy Clerk

RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:     David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

**Case No.CV 07-00875**

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Baptist Medical Center South
       Attn: Custodian of Records
       2105 East South Boulevard
       Montgomery, AL 36116

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

Any and all documents related to **Jessica Bennett's** employment **(aka Jessica Pouncy, SSN: 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)**, whether included in her personnel file or otherwise, including, but not limited to,

Applications for employment
Resumes
References
Recommendations
Employment verifications
Background checks
Credit checks
Criminal background checks
Compensation
Benefits
Counseling, corrective or disciplinary action
Documents pertaining to relationships with other employees
Separation from employment, whether voluntary or involuntary

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible**

copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena the reasonable costs of the making of such copies. The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the

2

provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)    If a subpoena

(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

      (B)    The notice included sufficient information about the litigation or proceeding

3

in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.      We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.      The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.      As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at**

4

**Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DONNA OHSANN; | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    University of Alabama
        Attn: Office of Registrar
        206 Student Services Center
        P.O. Box 870134
        Tuscaloosa, AL 35487-0134

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy, SSN: 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).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information

2

not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*
(1)    *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

      (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

      (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

      (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

      (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

           (1) No objections were filed; or

           (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the

following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **DONNA OHSANN;** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| **L.V. STABLER HOSPITAL, et al.,** | ) |
| | ) |
| **DEFENDANT** | ) |

### CIVIL SUBPOENA FOR PRODUCTION
### OF DOCUMENTS UNDER RULES 34(c) and 45

TO:   Reid State Technical College
      Attn: Custodian of Records
      165 and Highway 83
      Evergreen, AL 36401

      You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

      The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy, SSN: 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).**

      Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

      **Protection of Persons Subject to Subpoenas:**

      (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance.

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)    subjects a person to undue burden.

(B)    If a subpoena
(i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)     *Standard disclosures for judicial and administrative proceedings.*

(1)     *Permitted disclosures.*  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)     The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(iii)     For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)     The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)     The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)     The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.  We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.  The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.  As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
    Deputy Clerk


RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.

_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203


5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| DONNA OHSANN; | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | )    **Case No.CV 07-00875** |
| **vs.** | ) |
| | ) |
| L.V. STABLER HOSPITAL, et al., | ) |
| | ) |
| **DEFENDANT** | ) |

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Lurleen B. Wallace Community College
        Attn: Office of Admissions and Records
        P.O. Box 1418
        Andalusia, AL 36420

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy, SSN: 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).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

**Protection of Persons Subject to Subpoenas:**

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)      *Standard disclosures for judicial and administrative proceedings.*
(1)      *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)      The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)      For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)      The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)      The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)      The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

**Duties in Responding to Subpoena:**

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

_(signature)_

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

_____
Clerk of this Court

By _____
    Deputy Clerk


RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
                    PLAINTIFF,         )
                                       )    Case No.CV 07-00875
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
                    DEFENDANT          )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Sparta Academy
       Attn: Custodian of Records
       300 Pierce Street
       Evergreen, AL 36401

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

       The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy, SSN: 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).**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

       (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

        (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

                (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

        (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

                (i)    fails to allow reasonable time for compliance.

                (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

                (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

                (iv) subjects a person to undue burden.

                (B)    If a subpoena

                (i)    requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

                (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20ᵗʰ Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

_____

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


_____

Clerk of this Court

By  _____
        Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and served it on the within named _____ on the _____ day of _____, 2008.


_____

PROCESS SERVER


cc:    David R. Arendall, Esq.
        Arendall & Associates
        2018 Morris Avenue
        Birmingham, AL 35203

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                        )
                                     )
                    PLAINTIFF,       )
                                     )    Case No.CV 07-00875
vs.                                  )
                                     )
L.V. STABLER HOSPITAL, et al.,       )
                                     )
                    DEFENDANT        )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Jeff Davis Community College
       Attn: Custodian of Records
       P.O. Box 958
       Brewton, AL 36427

You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena, that you produce and permit said Defendant to inspect and copy each of the following documents:

The full and complete academic records, including, but not limited to, applications, transcripts, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy, SSN: 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).**

Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

### Protection of Persons Subject to Subpoenas:

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)     (A)     A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying of at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)     (A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)     If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the

2

expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

    (A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

    (A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

    (B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

    (C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

        (1) No objections were filed; or

        (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

3

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

By: David B. Walston
Attorney for Defendants

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL 35203-2696
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

Clerk of this Court

By _____
      Deputy Clerk

RETURN ON SERVICE: Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.

PROCESS SERVER

cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

DONNA OHSANN;                          )
                                       )
            PLAINTIFF,                 )
                                       )    Case No.CV 07-00875
vs.                                    )
                                       )
L.V. STABLER HOSPITAL, et al.,         )
                                       )
            DEFENDANT                  )

## CIVIL SUBPOENA FOR PRODUCTION
## OF DOCUMENTS UNDER RULES 34(c) and 45

TO:    Alabama Board of Pharmacy
       Attn: Custodian of Records
       10 Inverness Center, Suite 110
       Birmingham, AL 35242-4811

       You are hereby commanded, at the instance of the Defendant, L.V. Stabler Hospital, within fifteen (15) days after service of this subpoena:

       **That you produce and permit said Defendant to inspect and copy each of the following documents:**

       The full and complete licensing file, including, but not limited to, licensing applications, continuing education transcripts, examinations, reported violations by employers or consumers in any form, disciplinary or reprimand reports and records, attendance records, correspondence, memoranda, notes, computer data or compilations or reports and all other forms of documents pertaining to **Jessica Bennett (aka Jessica Pouncy); License No: T19714.**

       Such production and inspection is to take place where the documents are regularly kept or at some other reasonable place designated by you. **You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents. Please inform us if the reasonable copying cost will be over $100.00.

       **Protection of Persons Subject to Subpoenas:**

     (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

     (2)    (A)    A person commanded to produce and inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

           (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection of and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein, means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

     (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

           (i)    fails to allow reasonable time for compliance.

           (ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a non-resident of this state who is not a party or an officer of a party to travel to a place within the state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of Clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

           (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

           (iv) subjects a person to undue burden.

           (B)    If a subpoena

           (i)    requires a disclosure of a trade secret or other confidential research,

development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than one hundred (100) miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued, shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## HIPAA PRIVACY RULES' ASSURANCES

45 C.F.R. § 164.512 provides as follows:

(e)    *Standard disclosures for judicial and administrative proceedings.*

(1)    *Permitted disclosures.* A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A)    The covered entity received satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or...

(iii)    For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documents demonstrating that:

(A)    The party requesting such information has made a good faith attempt to provide written notice to the individual ...;

(B)    The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C)    The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

3

In accordance with the Federal Privacy Rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.    We have made a good faith attempt to provide the patient, either through his/her counsel or directly, with a copy of this Civil Subpoena, by depositing same in the United States mail, properly addressed and postage prepaid.

2.    The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the patient, either through his/her counsel or directly, to raise an objection.

3.    As the Court has issued this subpoena, the time for the patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the patient have been resolved.

Accordingly, following service of the Civil Subpoena you may disclose the requested information in compliance with the HIPAA Privacy Rules.

### Duties in Responding to Subpoena:

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**You have the option to deliver or mail legible copies of documents to David Walston at Christian & Small LLP, 505 20th Street North, Suite 1800, Birmingham, AL 35203, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.** The said party agrees to pay all reasonable expenses incurred by you at the aforementioned time and place or upon receipt of said documents.

For your information, Alabama law restricts the charges for medical records as follows: Retrieval fee, $5.00; 1st 25 pages, $1.00 per page; pages 26 and over, $.50 per page; x-rays and other radiographic images are limited to the actual cost of reproduction.

4

By: David B. Walston
Attorney for Defendants


OF COUNSEL:

CHRISTIAN & SMALL LLP
505 20TH STREET NORTH
SUITE 1800 FINANCIAL CENTER
BIRMINGHAM AL  35203-2696
Telephone:  (205) 795-6588
Facsimile: (205) 328-7234


_____
Clerk of this Court

By _____
     Deputy Clerk


RETURN ON SERVICE:  Received this subpoena on the ___ day of _____, 2008, and
served it on the within named _____ on the _____ day
of _____, 2008.


_____
PROCESS SERVER


cc:    David R. Arendall, Esq.
       Arendall & Associates
       2018 Morris Avenue
       Birmingham, AL 35203

5