IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DONNA OHSANN,

    PLAINTIFF,

V.                    CIVIL ACTION NO. 2:07-cv-00875-WKW

L. V. STABLER HOSPITAL and
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,    OPPOSED

    DEFENDANTS.

## MOTION TO QUASH SUBPOENAS AND/OR ENTER A PROTECTIVE ORDER

Come now the Plaintiffs in the above styled matter and moves this Honorable Court for a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure and presents in support herein:

1.    Plaintiff commenced this action to recover lost wages under the FLSA on behalf of herself and others similarly situated on October 1, 2007. (Doc. 1).

2.    Plaintiff moved for Conditional Class Certification and to facilitate Court Approved Notice on February 22, 2008. (Doc. 19).

3.    The Court granted Plaintiff's motion on June 17, 2008. (Doc. 42). The Court approved a Notice period for "Opt-in" plaintiffs to continue through October 8, 2008. (Doc. 42).

4. The Eleventh Circuit stated that district courts, after granting initial certification of a class, are to treat a collective action "as a representative action throughout discovery." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1214, 1218 (11th Cir. 2001).

5. Following the Court's Order, Plaintiff has filed several notices of persons wishing to "opt-in" to the current litigation for unpaid FLSA overtime wages. (See Docs. 46, 47, 48 and 52).

6. Following the Second, Third, and Fourth Notices of "Opt-In" plaintiffs, Defendant filed Notices of Subpoenas for all cellular phone records for *every* plaintiff opting into the suit. (See Docs. 49, 49-2). Defendant's discovery tactics are at least premature and not those in compliance with the Eleventh Circuit. Every plaintiff's phone records are not representative, but rather overly broad and unnecessary.

7. Plaintiff anticipates Defendant will use these records to argue that the employees were "on the phone" and/or that Defendant is subject to "a credit" for all time paid that cross references a phone call.

8. The records that are subject to these cellular telephone record subpoenas are not relevant to Plaintiffs' claims or Defendant's defenses to this case. 29 C.F.R. § 785.15 is authoritative regarding on-duty time. The regulation states that's "a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity." *Id.* Cellular phones, being far more

prevalent in the present day than when the regulation was rendered, are analogous to the regulation's example: an employee talking a phone call, whether it be cellular on a personal phone or through a phone owned by defendant, is still working even if the employee accepts a phone call to deal with a personal or family issue while on the clock. "The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. ***It belongs to and is controlled by the employer***." 29 C.F.R. § 785.15 (2007) (emphasis added). Defendant is seeking financial records that are not relevant for the defense of this case.

9. Defendant also filed Notices of Subpoenas for a hoge-poge of irrelevant discovery material. (See Doc. 50, 50-2). These subpoenas seeks irrelevant licensing information from the Alabama Board of Nursing, irrelevant personnel files from previous places of employment, and academic transcripts from former academic institutions for each of the plaintiffs opting into this action. Rule 26(b)(1) of the Federal Rules of Civil Procedure allows that "[p]arties may obtain discovery regarding any non-privileged matter that is **relevant** to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." The plaintiffs' licensing records, employment records, and academic transcripts have no relevance to claims for unpaid overtime compensation

and therefore, the subpoenas in Doc. 50-2 are due to be quashed. Furthermore, the subpoenas have no conceivable relevance to the twenty defenses enumerated in Defendant's Answer to Plaintiff's Complaint. Defendant's irrelevant subpoenas serve no purpose to further the litigation between the parties.

10. Plaintiff requests this Honorable Court quash the current subpoenas and to direct Defendant not to issue similar subpoenas for others who opt-in to this case. (Docs. 49, 49-2, 50, 50-2).

11. In the alternative, Plaintiff requests the Court enter a protective order requiring Defendant to not issue subpoenas of personal phone records until the "opt-in notice" period expires. If the class size of opt-ins is large enough, and should this Court deem such confidential phone records of some relevance to a representative action, Plaintiff suggests that the Court allow Defendant to reissue the subpoenas only *after* the Court's Status Conference of October 15, 2008. The Notice period lasts for another two months from the date of this filing. Defendant's subpoenas of personnel records are a "scare tactic" initiated to inform those who have not opted-in to the lawsuit that should they so, that they will be subject to discovery into private and irrelevant matters.

12. The undersigned has conferred with Defendant's counsel. Prior to filing this motion, the parties agreed this matter could not be resolved without Court intervention.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves this Honorable Court to quash Defendant's subpoenas as the records sought do not seek relevant information or tend to lead to the discovery of relevant information.

Respectfully submitted,

/s/ David R. Arendall

David R. Arendall
Counsel for Plaintiff

OF COUNSEL:

**ARENDALL & ASSOCIATES**
2018 Morris Avenue, Third Floor
Birmingham, AL   35203
205.252.1550 – Office
205.252.1556 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Walston, Esq.

/s/ David R. Arendall

Of Counsel