IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA OHSANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| vs. | * | |
| | * | 2:07-CV-00875-WKW |
| L. V. STABLER HOSPITAL and | * | |
| COMMUNITY HEALTH SYSTEM | * | |
| PROFESSIONAL SERVICES | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**OPPOSITION TO MOTION TO QUASH SUBPOENAS AND/OR
ENTER A PROTECTIVE ORDER**

Greenville Hospital Corporation, d/b/a L.V. Stabler Hospital, and Community Health Systems Professional Health Services Corporation (collectively "the Defendants") file their response to Donna Ohsann's Motion to Quash Subpoenas and/or Enter a Protective Order and respectfully show the Court the following:

**INTRODUCTION AND SUMMARY**

The Defendants have served subpoenas duces tecum pursuant to Fed. R. Civ. P. 45 seeking information concerning Plaintiff, Donna Ohsann ("Ohsann") and the individuals who to date have filed Consent Forms or Declarations ("Opt-Ins")

exercising their opt-in rights. The records are sought from cellular and residential telephone service providers, educational institutions, regulatory and licensing agencies and past and current employers. The Defendants have advised Ohsann's counsel that they intend to issue and serve similar subpoenas relating to each individual who files a Consent Form or Declaration in this cause. Ohsann filed a Motion to Quash Subpoenas and/or Enter a Protective Order directed to the subpoenas already issued and served in this cause and to prevent the issuance and service of similar subpoenas relating to future Opt-Ins. The parties have reached an agreement as to most of the categories of records sought via Rule 45 subpoenas. The sole issue now pending before the Court is whether the Defendants may issue subpoenas to employers which employed Ohsann or Opt-Ins subsequent to their employment with L.V. Stabler ("Subsequent Employers"), and, if so, whether the Defendants may do so before the close of the Opt-In Period, October 19, 2008.

## ARGUMENT

Ohsann alternatively seeks an order quashing subpoenas issued by the Defendants to Subsequent Employers and a protective order preventing the Defendants from issuing and serving any further subpoenas on Subsequent Employers. Because the scope of discovery is the same under Rules 45 and Rule 26, the Defendants respond to Ms. Ohsann's alternative motions under the analytical

framework set forth in Rule 26. *See Chamberlain v. Farmington Savings Bank*, No. 3:06-cv-01437, 2007 WL 2786421 (D. Conn. 2007); Fed.R.Civ. P., Rule 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Rule 26, Fed.R.Civ.P., provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P., Rule 26(b)(1). And, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P., Rule 26(b)(1). Accordingly, "[t]he law's basic presumption is that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth*, 758 F.2d at 1547. Indeed, federal district courts "are bound to adhere 'to *the liberal spirit* of the [Federal] Rules." *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) quoting *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973) (emphasis added). Punctuating the point, one federal district court described the threshold of relevance within the context of discovery as "Lilliputian". *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D.C. Conn. 2007).

To that end, the Federal Rules of Civil Procedure provide that a court may enter a protective order only upon a showing of "good cause". Fed.R.Civ.P., Rule 26(c); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). The Eleventh Circuit has superimposed a "more demanding" balancing of interests approach to evaluating "good cause" under Rule 26(c). *Farnsworth*, 758 F.2d at 1547. Under the Eleventh Circuit's standard, the district court has a duty to balance the requesting party's "important interest" in trial preparation and defense against the objecting party's interest in keeping the requested information confidential. *Id.* In striking this balance, federal district courts must take "great care" to avoid the "unnecessary infringement" of the requesting party's interest in trial preparation and defense. *Id.* Accordingly, the party requesting a protective order shoulders the burden of showing why such an order is necessary. *Garrett*, 571 F.2d at 1326 n.3. To do so, the requesting party must offer a "specific demonstration of fact," not merely present "stereotyped and conclusory statements." *Id*; see also *Washington*, 230 F.R.D. at 21 ("[A] party seeking a protective order prohibiting...document production must establish good cause and a specific need for protection, as opposed to simply making conclusory or speculative statements.").

Ohsann's motion offers nothing more than insufficient speculative and conclusory statements which wholly fail to amount to "good cause" under Rule 26(c).

Ohsann baldly asserts that employment records of subsequent employers "have no relevance to claims for unpaid overtime compensation." Document 56 at 3. She also baselessly speculates that the disputed subpoenas "are a scare tactic" designed to discourage other Notice Class Members who have not opted-in from executing Consent Forms and joining this litigation. Neither of Ohsann's objections make the "specific demonstration of fact" necessary to show good cause. *Garrett*, 571 F.2d at 1326 n.3. Moreover, neither of Ms. Ohsann's offerings outweigh the Defendants's "important interest" in trial preparation and defense. *Farnsworth*, 758 F.2d at 1547.

### A. The Documents Sought Provide Relevant Information or Information Reasonably Calculated to Lead to the Discovery of Admissible Evidence.

Ohsann's primary objection to subpoenas being issued to subsequent employers is that the records sought "have no relevance to claims for unpaid overtime compensation." Document 56 at 3. Contrary to this argument, the information to be gained from these records is certainly relevant to the Defendants' defense of this matter. The records sought from employers subsequent to L.V. Stabler are:

>Applications for employment
>Resumes
>References
>Recommendations
>Employment verifications

      Background checks
      Credit checks
      Criminal background checks
      Compensation
      Benefits
      Payroll policies and practices
      Counseling, corrective or disciplinary actions
      Incidents impacting the employment relationships of other employees
      Separation from employment, whether voluntary or involuntary

This information will reveal post-employment changes in background and credit information which may bear on credibility. *See Badr v. Liberty Mut. Group, Inc.*, No. 3:06-cv-1208, 2007 WL 2904210 at *2 (D. Conn. Sept. 28, 2007) (holding that information from employment records of employers other than the employer-defendant may be relevant to attack the plaintiff's credibility). The personnel records of subsequent employers also will reveal periods of unemployment and credit issues which may indicate financial motives for opting-in to this litigation. Disciplinary records and reasons for separation from Subsequent Employers also may bear on credibility of Ohsann and the Opt-Ins as well as any propensity they may have to deviate from or ignore established personnel policies and practices for personal benefit. Compensation records may demonstrate the Opt-Ins' knowledge and use of the overtime reporting mechanisms of Subsequent Employers. The failure to adhere to a subsequent employer's payroll policies and practices may serve as evidence that

Ohsann and the Opt-Ins were able to understand yet did not follow the prescribed payroll policies and practices of L.V. Stabler. *See, Washington*, 230 F.R.D. at 24 (holding that portions of plaintiff's employment file from the plaintiff's subsequent employers were relevant to show the plaintiff's understanding of the job responsibilities with the defendant employer.) The information sought is relevant for all of these reasons.

There is no overriding confidentiality interest to weigh against te Defendants' interest to discover relevant information or information that may lead to the discovery of relevant evidence. The subpoenas do not seek confidential records relating to Ohsann or Opt-Ins. The Defendants do not seek tax election forms and other confidential payroll records. Nor have the Defendants moved for a HIPAA Order or sought to obtain medical records from Subsequent Employers. Federal law protects Ohsann and the Opt-Ins from the disclosure of any confidential or identity information contained in these documents and ensure that identity information will be redacted before any record is filed into Court. Confidentiality is not a legitimate concern in this case.

**B.    The Issuance of Subpoenas in Accordance with the Federal Rules of Civil Procedure is not a "Scare Tactic" and is a Legitimate Prerogative of the Defendants in Responding to and Defending this Cause.**

There is no merit whatsoever to Ohsann's contention that these subpoenas are a "scare tactic" the Court should ban because Notice Class Members will be hesitant to opt-in. In the first place, Ohsann has presented absolutely no evidence to support that Notice Class Members are being chilled by the subpoenas already issued and served. In the second place, this argument is purely illusory. Again, confidentiality is not a concern. The Law protects confidential information obtained through discovery. The Defendants further have difficulty understanding why the use of discovery mechanisms authorized by the Federal Rules of Civil Procedure, **solely limited to individuals who have already elected to opt-in to this litigation**, could serve to "chill" Notice Class Members who have not opted-in. How do Notice Class Members who have not opted-in know that subpoenas have been issued concerning Opt-Ins? More importantly, how can Notice Class Members expect not to be the subject of discovery efforts? The Notice sent to Notice Class Members advised them that they if they opt-in they will be involved in litigation in federal district court. An individual cannot reasonably expect to join federal court litigation and not be the subject to discovery conducted in accordance with the Federal Rules of Civil

Procedure. Is Ohsann contending that Notice Class Members should not be aware of or are not the processes, obligations and inherent inconveniences of the litigation process before making the significant decision of whether to join or decline to participate in federal court litigation?

Finally, orders of this court has already recognized the Defendants' right to conduct discovery related to the certification issue. After the filing of Ohsann's motion for conditional certification, this Court authorized the Defendants to conduct discovery, including depositions, relating to the certification issue. If one were to accept Ohsann's "chilling" argument, depositions of Opt-Ins, taken under oath, with questions asked by opposing legal counsel and with the testimony recorded by a court reporter, carry a greater potential for "chilling" Notice Class Members. Yet Judge Watkins authorized this very type of discovery. And, Judge Watkins' order did not restrict discovery to Ohsann and the current Opt-In at that time. The Defendants were free to solicit and present testimony from potential Notice Class Members, and utilization proper procedures, did so.

Ohsann's "scare tactic" argument further does not warrant the stay of discovery during the remaining portion of the Notice Period. As demonstrated above, there is no legitimacy to Ohsann's "scare tactic" argument. Further, to accept Ohsann's argument places an undue burden on the Defendants and interferes with their right to

defend this litigation with the proper means they choose to utilize. The Notice Class is comprised of 368 individuals. Neither party can foretell with any accuracy how many Notice Class Members will ultimately file Consent Forms. Causing the Defendants to delay discovery allowed by the Federal Rules of Civil Procedure will unduly delay the Defendants' efforts to efficiently and expeditiously collect and present evidence that the class sought by Ohsann is not properly certified.

Ohsann can be anticipated to argue that the subpoenas to Subsequent Employers are premature and the documents may prove unnecessary for the defense of this litigation. It is not Ohsann's prerogative to dictate when the Defendants conduct discovery in this cause. Defense strategy and efforts are the prerogative of the Defendants in the absence of a compelling interest that warrants court-intervention. No compelling interest of the plaintiff exists here. Ill-advised or expensive, the cost or ultimate futility of discovery efforts is not Ohsann's concern.

## CONCLUSION

Whether the materials sought by the Defendants ultimately will be admissible at trial is not the issue. The subpoenas fall within the broad scope of discovery allowed by the Federal Rules of Civil Procedure as interpreted by the Eleventh Circuit. The personnel records of subsequent employers may provide relevant,

admissible evidence. Or, the personnel records may lead to the discovery of admissible evidence. There is no overriding confidentiality concern to weigh. Ohsann's argument that the subpoenas are a "scare tactic" and will chill Notice Class Members from joining the conditionally-certified class is pure conjecture and is unsupported by any evidence. Ohsann has failed to explain how subpoenas related only to current Opt-Ins would come to the attention of non-opt-in Notice Class Members. Ohsann has not explained why individuals presented with the opportunity to opt-in to this litigation should not be fully aware of the scope of discovery that is part of the litigation process. Finally, Ohsann has not offered a valid reason why the Defendants should not have the right to conduct their defense as they elect to do so consistent with the Federal Rules of Civil Procedure and other governing laws and rules. Absent a compelling reason recognized by the Court, the utilization and timing of the discovery mechanisms afforded under the Federal Rules of Civil Procedure are defense prerogatives. There is no good cause to support Ohsann's Motion to Quash and/or Enter a Protective Order and this motion should be denied.

Respectfully submitted,

s/ David B. Walston
Attorney for Community Health Systems Professional Services Corporation

**OF COUNSEL:**

CHRISTIAN & SMALL, LLP
505 North 20th Street, Ste 1800
Birmingham, Alabama 35203-2696
Telephone: (205) 795-8655
Facsimile: (205) 328-7234
E-Mail: dbw@csattorneys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this Opposition was served on the following in accordance with the electronic filing procedures established the United States District Court for the Middle District of Alabama, on this August 20, 2008:

> David R. Arendall, Esq.
> Allen D. Arnold, Esq.
> ARENDALL & ASSOCIATES
> 2018 Morris Avenue
> Birmingham, AL 35203

/s/ David B. Walston
Of Counsel