IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA OHSANN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACT. NO.  2:07CV875-WKW |
| | ) |
| L.V.STABLER HOSPITAL, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

ORDER

Now pending before the court is the August 5, 2008, motion to quash (doc. # 56) filed by the plaintiff.  Oral argument was held on August 22, 2008.  During the proceeding, counsel represented that, with the exception of one issue, the parties had reached an agreement concerning these discovery disputes. Thus, the sole issue currently before the Court is whether the defendants may issue subpoenas to employers of Ohsann or opt-in plaintiffs subsequent to their employment with L.V. Stabler and, if so, whether the defendants may do so before the close of the opt-in period on October 19, 2008.

After careful consideration of the question, the court concludes that permitting the full scope of individualized discovery authorized by the Federal Rules of Civil procedure at this stage of the proceedings would undermine the purpose of conditionally certifying a collective action and potentially would be unduly burdensome and wasteful of the parties' and the court's resources.  The federal courts have adopted various approaches to the scope of discovery permitted in FLSA actions, *see Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D.Oh.2006) (collecting cases), and the court finds more persuasive the approach

taken by those courts which have allowed only limited individualized discovery, especially at this early stage of the litigation.

At oral argument, the defendants unsurprisingly made clear they plan to challenge the certification of the class. The nature of this case may markedly change depending upon how many opt-in plaintiffs there are at the end of the opt-in period. At that time the court and the parties will be better able to determine how to proceed with individualized discovery, if any is required. However, fairness dictates that the defendants should be permitted to conduct sufficient discovery for continued trial preparation. Accordingly, it is

ORDERED as follows:

1. The motion to quash with respect to the issuance of subpoenas to employers who employed Ohsann or opt-in plaintiffs after their employment with L.V. Stabler be and is hereby GRANTED. With respect to responses to subpoenas already served and to which response has been made, defendants' counsel is DIRECTED to secure the information and permit no one access to it pending further order of the court.

2. The motion to quash with respect to that the remaining categories of records sought via Rule 45 subpoenas, in which counsel represent that they have reached an agreement, be and is hereby DENIED as moot.

3. The defendants are permitted to seek discovery with respect to the aforementioned categories of records sought from Ohsann and any opt-in plaintiffs.

It is further

ORDERED that a discovery scheduling conference be and is hereby set on October 15, 2008, in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama, immediately following the status conference set before the Honorable William Keith Watkins at 10:00 a.m.

Done this 27th day of August, 2008.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE